**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern ___ District of ___ New York ___
(State)

Case number (*if known*): _____ Chapter ___ 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | LATAM Airlines Group S.A. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Lan Airlines S.A. |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | 5 9 – 2 6 0 5 8 8 5 |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| Estado 10 | |
| Number   Street | Number   Street |
| Piso 11 | |
| | P.O. Box |
| Santiago   Republic of Chile | |
| City   State   ZIP Code | City   State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number   Street |
| | |
| | City   State   ZIP Code |

**5.  Debtor's website** (URL)   www.latam.com

Debtor    LATAM Airlines Group S.A.                                    Case number (if known)_____
         Name

---

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4  8  1  1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    LATAM Airlines Group S.A.
_____    Case number (if known) _____
          Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                    MM / DD / YYYY

        District _____ When _____ Case number _____
                                    MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor    See attached Schedule 1        Relationship    Affiliate
        District   Southern District of New York   When    Date hereof
                                                            MM / DD / YYYY
        Case number, if known _____

---

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

                          _____

                          _____
                          City                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

**Statistical and administrative information**

---

Debtor    LATAM Airlines Group S.A. _____    Case number (if known)_____
_____Name_____

| | | |
|---|---|---|

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☑ More than 100,000

**15. Estimated assets**

(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☑ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☑ $10,000,000,001-$50 billion
☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/26/2020
              MM / DD / YYYY

✖ _____          Ramiro Alfonsín Balza
Signature of authorized representative of debtor          Printed name

Title  Authorized Signatory _____

Debtor      LATAM Airlines Group S.A.
Name

Case number (if known)

**18. Signature of attorney**      ✗    /s/ Lisa M. Schweitzer

Signature of attorney for debtor

Date    05/26/2020

MM    / DD  / YYYY

Lisa M. Schweitzer

Printed name

Cleary Gottlieb Steen & Hamilton

Firm name

One Liberty Plaza

Number      Street

New York                                    NY      10006

City                                        State    ZIP Code

(212) 225-2641                              lschweitzer@cgsh.com

Contact phone                               Email address

2837722                                    NY

Bar number                                  State

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., | Case No.:  20-(___) |
| Debtor. | Joint Administration Pending |

**Attachment to Voluntary Petition for Non-Individuals Filing for**
**Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>CIK 0001047716</u>.

2. The following financial data is the latest available information and refers to the debtor's condition on <u>December 31, 2019</u>.

   a. Total assets                                                                                     <u>$21,087,806,000</u>

   b. Total debts (including debts listed in 2.c., below)                       <u>$17,958,629,000</u>

   c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | | |
|---|---|---|---|---|---|---|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $_____    _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $_____    _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $_____    _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $_____    _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $_____    _____ |

   d. Number of shares of preferred stock                                              _____

   e. Number of shares common stock                                                    606,407,693

   Comments, if any: _____
   _____
   _____

3. Brief description of debtor's business: <u>LATAM Airlines Group S.A. ("LATAM") is a pan-Latin American airline holding company involved in the transportation of passengers and cargo and operates as one unified business enterprise.  LATAM is the largest passenger airline group in South America.</u>

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: <u>Cueto Group (acting through Costa Verde Aeronáutica S.A., Costa Verde Aeronáutica SpA, Costa Verde Aeronáutica Tres SpA, Inversiones Nueva Costa Verde Aeronáutica Ltda., Inversiones Priesca Dos y Cía. Ltda., Inversiones Caravia Dos y Cía. Ltda., Inversiones El Fano Dos y Cía. Ltda., Inversiones La Espasa Dos S.A. e Inversiones La Espasa Dos y Cía. Ltda.) – 21.46%; Delta Air Lines, Inc. – 20%; Qatar Airways Investments (UK) Ltd. – 10%.</u>

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of LATAM Airlines Group S.A.

1. LATAM Airlines Group S.A.
2. Lan Cargo S.A.
3. Transporte Aéreo S.A.
4. Inversiones Lan S.A.
5. Lan Pax Group S.A.
6. Fast Air Almacenes de Carga  S.A.
7. LATAM Travel Chile II S.A.
8. Technical Training LATAM S.A.
9. Lan Cargo Inversiones S.A.
10. Holdco Colombia I SpA
11. Holdco Colombia II SpA
12. Línea Aérea Carguera de Colombia S.A.
13. Aerovías de Integración Regional S.A.
14. Holdco Ecuador S.A.
15. LATAM Finance Ltd.
16. Peuco Finance Ltd.
17. LATAM Airlines Perú
18. Inversiones Aéreas S.A.
19. Mas Investment Ltd.
20. Lan Cargo Overseas Ltd.
21. LATAM Airlines Ecuador S.A.
22. Professional Airline Cargo Services, LLC
23. Cargo Handling Airport Services, LLC
24. Connecta Corporation
25. Prime Airport Services Inc.
26. Maintenance Service Experts, LLC
27. Lan Cargo Repair Station LLC
28. Professional Airline Maintenance Services LLC
29. Professional Airlines Services Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., | Case No.:  20-(___) |
| Debtor. | Joint Administration Pending |

## CORPORATE OWNERSHIP STATEMENT PURSUANT
## TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Equity Interest Held |
|---|---|
| Delta Air Lines, Inc. | 19.99% |
| Qatar Airways Investments (UK) Ltd. | 10.00% |
| Costa Verde Aeronautica S.A. | 11.19% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al*., | Case No.: 20-(___) |
| Debtors.[1] | Joint Administration Pending |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING FIVE LARGEST SECURED CLAIMS

   The following is a list of those creditors holding the five largest secured claims against the Debtors, on a consolidated basis, as of April 30, 2020.  This list has been prepared from the books and records of the Debtors for filing in the Debtors' chapter 11 cases.

   The information set forth herein shall not constitute an admission of liability by, nor is binding on, the Debtors, nor shall it bind the Debtors or their estates as to the amount, nature and status of any claim.  The failure to list or designate any claim as contingent, disputed or subject to set off, recharacterization or other challenge shall not be a waiver of any of the Debtors' rights or defenses relating thereto.

---

[1]  The Debtors in these chapter 11 cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga  S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

| Creditor/Address | Claim Amount | Debt Type | General Description of Collateral |
|---|---|---|---|
| Wilmington Trust Company<br>1100 North Market Street<br>Wilmington, DE 19890-1605<br>Attn: Corporate Trust Administration<br>Telephone: (302) 636-6000<br>Fax: (302) 636-4140 | $777,509,924 | EETC, Tranche A | (11) 321s,<br>(2) 350s,<br>(4) 787s |
| Citibank, N.A., Loan Administration<br>1615 Brett Road, OPS 3<br>New Castle, DE 19720<br>(302) 894-6010<br>(212) 994-0847<br>Attn: Owen Coyle | $603,162,619 | Revolving Loan Agreement | 26 Planes and 15 Engines and Spare Parts |
| Credit Agricole Corporate & Investment Bank<br>Credit Agricole Building<br>1301 Avenue of the Americas<br>SFI Agency & Middle Office, 20th Floor | $274,365,652 | Engine Loan Facility | 41 Engines |
| Wells Fargo Bank Northwest, National Association<br>260 North Charles Lindbergh Drive<br>Salt Lake City, UT 84116<br>Attn: Corporate Trust Lease Group<br>Telephone: (801) 246-5653<br>Fax: (801) 246-5630 | $276,870,256 | EXIM Aircraft Bond | (9) 767s |
| Natixis<br>30, Avenue Pierre Mendes France - 75013 Paris<br>BP 4 75060 Paris Cedex 02<br>542 044 524 RCS Paris<br>Attn: Julie Watremez | $242,989,785 | Aircraft Loan Agreement | (9) A321s |

**Fill in this information to identify the case and this filing:**

Debtor Name    LATAM Airlines Group S.A.

United States Bankruptcy Court for the:    Southern    District of    New York
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration_____ Corporate Ownership Statement; Top 5 Secured Creditors List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/26/2020        ✗ _____
        MM / DD / YYYY            Signature of individual signing on behalf of debtor

                Ramiro Alfonsín Balza
                Printed name

                Authorized Signatory
                Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors

**Fill in this information to identify the case:**

Debtor name:  LATAM Airlines Group S.A., et al.

Bankruptcy Court for the Southern District of New York

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | LATAM 2026 Notes 240 Greenwich Street 7E New York, NY 10286 | LATAM 2026 Notes Bank of New York Mellon, as Trustee Peter Lopez PHONE: + 1 212 815 8273 FAX: EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $800,000,000.00 |
| 2 | LATAM 2024 Notes 240 Greenwich Street 7E New York, NY 10286 | LATAM 2024 Notes Bank of New York Mellon, as Trustee Peter Lopez PHONE: + 1 212 815 8273 FAX: EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $700,000,000.00 |
| 3 | Banco Santander Chile Bandera N° 140 Santiago, Metropolitana Chile | Banco Santander Chile Maria Soledad Schuster PHONE: 56 (2) 2648 3669 Anexo 83669 FAX: EMAIL: mariasoledad.schuster@santander.cl | FREQUENT FLIER MILES | Contingent | | | $549,000,000.00 |
| 4 | Local Bonds, Series E Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series E Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $179,030,673.32 |
| 5 | Banco de Credito del Perú Calle Centenario 156 Lima, Lima Peru | Banco de Credito del Perú Gianfranco Piero Ferrari de las Casas, CEO PHONE: 51.1.313.2000 FAX: 51.1.313.2121 EMAIL: consultationsbcp@bcp.com.pe; reclamamos@bcp.com.pe | FREQUENT FLIER MILES | Contingent | | | $167,000,000.00 |
| 6 | Banco Santander Madrid Av. de Cantabria s/n 28660 Boadilla del Monte Madrid, Madrid Spain | Banco Santander Madrid Luis Casero Ynfiesta PHONE: +34 91 289 72 47 FAX: EMAIL: luis.casero@gruposantander.com | UNSECURED DEBT | | | | $139,500,000.00 |
| 7 | Local Bonds, Series A Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series A Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 8 | Local Bonds, Series B Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series B Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 9 | Scotiabank Chile Casa Matriz Av Costanera Sur 2710 Torre A Santiago Chile | Scotiabank Chile Federico Alonso PHONE: 416-866-6161 FAX: EMAIL: Federico.Alonso@scotiabank.cl | UNSECURED DEBT | | | | $74,000,000.00 |

The information set forth herein represents the Debtors' best efforts to identify the relevant claims, and shall not constitute an admission of liability by, nor is it binding on, the Debtors.  Furthermore, the failure to list a claim as contingent, disputed or subject to set off shall not be a waiver of any right of the Debtors' relating thereto.

Debtor LATAM Airlines Group S.A., et al.                                                                                                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | Local Bonds, Series C<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series C<br>Banco del Estado de Chile, as Trustee<br>Francesca Gardella<br>PHONE: (562) 2970 6210 FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 11 | Local Bonds, Series D<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series D<br>Banco del Estado de Chile, as Trustee<br>Francesca Gardella<br>PHONE: (562) 2970 6210 FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 12 | Banco BTG Pactual Chile, as Agent<br>Avenida Costanera Sur 2730, 19th floor<br>Santiago, Metropolitana<br>Chile | Banco BTG Pactual Chile, as Agent<br>Rodrigo Oyarzo<br>PHONE: +56 22 587 5027<br>EMAIL: Rodrigo.Oyarzo@btgpactual.com | UNSECURED DEBT | | | | $59,438,183.54 |
| 13 | American Express Travel Related Services Company, Inc<br>200 Vesey Street<br>New York, NY 10285 | American Express Travel Related Services Company, Inc<br>Liliana Gutierrez<br>PHONE: +56 2 2783 8733<br>FAX:<br>EMAIL: liliana.w.gutierrez@aexp.com | UNSECURED DEBT | | | | $52,511,111.00 |
| 14 | Banco del Estado de Chile<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Banco del Estado de Chile<br>Francesca Gardella<br>PHONE: 56979695018<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED DEBT | | | | $40,000,000.00 |
| 15 | BP p.l.c (Air BP)<br>501 Westlake Park Boulevard<br>Houston, TX 77079<br>United States | BP p.l.c (Air BP)<br>John Platt, CEO<br>PHONE: 971 5 04536032<br>FAX: 971 4 3318628<br>EMAIL: airbpoutofhours@bp.com | TRADE DEBT | | | | $38,940,366.00 |
| 16 | World Fuel Services<br>9800 NW 41 Street, Suite 400.<br>Miami, FL 33178 | World Fuel Services<br>RICHARD HOPPE<br>PHONE: 1-305-799-3532<br>FAX:<br>EMAIL: RHoppe@wfscorp.com | TRADE DEBT | | | | $30,030,023.00 |
| 17 | Itaú CorpBanca<br>Avenida Presidente Riesco 5537, 16th Floor<br>Santiago, Metropolitana<br>Chile | Itaú CorpBanca<br>Carlos Irarrazaval<br>PHONE: 56961699692<br>FAX:<br>EMAIL: Carlos.Irarrazaval@itau.cl | UNSECURED DEBT | | | | $29,857,588.21 |
| 18 | Dirección General de Aeronáutica Civil<br>AV. Miguel Claro 1314<br>Providencia<br>Chile | Dirección General de Aeronáutica Civil<br>Victor Villalobos Collao<br>PHONE: 2-4392000<br>FAX:<br>EMAIL: victor.villalobos@dgac.gob.cl | TRADE DEBT | | | | $17,063,704.59 |
| 19 | Aerospace Turbine Services & Solutions<br>Adjacent Abu Dhabi Intl Airport Turbine Services Building<br>Gate Number 3<br>Abu Dhabi<br>United Arab Emirates | Aerospace Turbine Services & Solutions<br>Mansoor Janahi<br>PHONE: +971 (2) 5057887<br>FAX:<br>EMAIL: MJanahi@tssaero.ae | TRADE DEBT | | | | $16,632,517.20 |
| 20 | OneWorld<br>2 Park Avenue<br>Suite 1100<br>New York, NY 10016 | OneWorld<br>Rob Gurney, CEO<br>PHONE: 604-713-2660<br>FAX:<br>EMAIL: rob.gurney@oneworld.com | TRADE DEBT | | | | $14,753,378.00 |
| 21 | The Boeing Company<br>100 N Riverside Drive<br>Chicago, IL 60606 | The Boeing Company<br>Gayle K. Wilson<br>PHONE: 206-6629829<br>FAX:<br>EMAIL: gayle.k.wilson@boeing.com;<br>jessica.l.waddell@boeing.com | TRADE DEBT | | | | $16,167,786.00 |
| 22 | Etihad Airways Engineering<br>SN New Airport Road<br>P. O. BOX 35566<br>Khalifa City A<br>Abu Dhabi<br>United Arab Emirates | Etihad Airways Engineering<br>Frederic Dupont<br>PHONE: 971 56 685 0160<br>FAX:<br>EMAIL: FDUPONT@etihad.ae | TRADE DEBT | | | | $14,425,131.05 |
| 23 | Gate Gourmet US, Inc<br>1880 Campus Commons Drive<br>Suite 200<br>Reston, VA 20191 | Gate Gourmet US, Inc<br>Rodrigo Decerega<br>PHONE: 1 (786) 2572043<br>FAX:<br>EMAIL: rdecerega@gategroup.com | TRADE DEBT | | | | $13,975,615.00 |

Debtor LATAM Airlines Group S.A., et al.

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 24 | Regional One INC, Dash 24 LLC; Case: 2013-20319 CA 01 Lavalle, Brown & Ronan PA 750 South Dixey Highway Boca Raton, FL 33432 | Regional One INC, Dash 24 LLC; Case: 2013-20319 CA 01 Kenneth Ronan PHONE: 561-395-0000 FAX: EMAIL: kronan@lavallebrown.com | CONTINGENT LITIGATION | Contingent, Unliquidated, Disputed | | | $12,440,000.00 |
| 25 | HSBC Bank Chile Av. Isidora Goyenechea 2800 Floor 23 Santiago, Metropolitana Chile | HSBC Bank Chile Alexandre Falcao PHONE: 212-525-4449 FAX: EMAIL: alexandre.p.falcao@us.hsbc.com | UNSECURED DEBT | | | | $12,000,000.00 |
| 26 | Sistemas Globales Chile-Asesorias Limitada Av.Apoquindo Oficina S 3600 Las Condes Chile | Sistemas Globales Chile-Asesorias Limitada Natalia Croce PHONE: 2 - 24468423 FAX: EMAIL: natalia.croce@globant.com; Billing@globant.com | TRADE DEBT | | | | $11,906,629.20 |
| 27 | Repsol S.A. 2455 Technology Forest Blvd The Woodlands, TX 77381 | Repsol S.A. Josu Jon Imaz San Miguel, CEO PHONE: 832-442-1000 FAX: EMAIL: infous@repsol.com; ralvarezp.ir@repsol.com | TRADE DEBT | | | | $11,135,377.56 |
| 28 | Talma Servicios Aeroportuarios S.A. Av. Elmer Faucett 2879 Piso 4 Lima Quay City, Callao 7031 Peru | Talma Servicios Aeroportuarios S.A. Entrevista a Arturo Cassinelli, CEO PHONE: 51 1 513 8900 Anexo 41123 / 41148 / 41140 FAX: EMAIL: anabel.ruiz@talma.com.pe;deisy.villar@talma.com.pe;eliza beth.pizarro@talma.com.pe;graciela.guillen@talma.com.p e;patricia.aranguren@talma.com.pe;rudi.landauro@talma. com.pe | TRADE DEBT | | | | $11,071,121.78 |
| 29 | General Directorate for Competition of the European Commission Place Madou Madouplein 1 Brussels, Saint-Josse-ten-Noode 1210 Belgium | General Directorate for Competition of the European Commission Mr Olivier Guersent, Director General PHONE: +32-229-65414 FAX: EMAIL: Olivier.Guersent@ec.europa.eu | CONTINGENT LITIGATION | Contingent, Unliquidated, Disputed | | | $9,217,000.00 |
| 30 | CFM International, Inc. One Neumann Way Cincinnati, OH 45215 | CFM International, Inc. Gaël Méheust, CEO PHONE: 513-552-3272 FAX: EMAIL: aviation.fleetsupport@ge.com | TRADE DEBT | | | | $7,458,917.21 |
| 31 | AerCap 65 St. Stephen's Green AerCap House Dublin  D02 YX20 Ireland | AerCap Phil Scruggs (CCO) PHONE: 353-1-819-2010 FAX: EMAIL: akelly@aercap.com; pscruggs@aercap.com | TRADE DEBT | | | | $7,430,428.00 |
| 32 | Petróleo Brasileiro S.A 200 Westlake Park Boulevard Suite 1000 Houston, TX 77079 | Petróleo Brasileiro S.A RODRIGO MOTTA GUIMARES PHONE: 5521996474208 FAX: EMAIL: rodrigo@br-petrobras.com.br | TRADE DEBT | | | | $7,226,085.75 |
| 33 | Avolon 640 5th Ave 19th Floor New York, NY 10019 | Avolon John Higgins (CCO) PHONE: 646-609-8970 FAX: EMAIL: jhiggins@avolon.aero; fcampos@avolon.aero | TRADE DEBT | | | | $6,483,212.00 |
| 34 | BBAM Aircraft Leasing & Management 50 California Street 14th Floor San Francisco, CA 94111 | BBAM Aircraft Leasing & Management Daniel Silberman PHONE: 415-267-1600 FAX: 415-618-3337 EMAIL: daniel.silberman@bbam.com | TRADE DEBT | | | | $6,329,142.68 |
| 35 | Petróleos del Perú S.A. Av.Paseo De La Republica 3361 Sn  I Lima Peru | Petróleos del Perú S.A. ALONSO RIVERA PHONE: 996720438 FAX: EMAIL: arivera@petroperu.com.pe. | TRADE DEBT | | | | $5,499,404.73 |
| 36 | Collins Aerospace 2730 W Tyvola Road 4 Coliseum Center Charlotte, NC 28217 | Collins Aerospace Stephen Ribaudo PHONE: 1 860 503 9729 FAX: EMAIL: stephen.ribaudo@collins.com | TRADE DEBT | | | | $5,341,080.00 |
| 37 | Everis Chile SA Libertador 8 Ohiggins 1449. 1449 Santiago Chile | Everis Chile SA Juan Pablo Buiatti PHONE: 2-4215300 FAX: EMAIL: juan.pablo.buiatti.dal.pietro@everis.com; chile.finances@everis.com. | TRADE DEBT | | | | $4,815,827.57 |
| 38 | CAE, Inc. Emirates Aviation College Bldg Dubai United Arab Emirates | CAE, Inc. Michel Azar-Hmouda PHONE: 1 972 456-8070 FAX: EMAIL: michel.azarhmouda@cae.com | TRADE DEBT | | | | $4,672,327.00 |
| 39 | Organización Terpel S.A. Av Eldorado, 99. Bogota Colombia | Organización Terpel S.A. LILIANA TOVAR SILVA PHONE: 315-355-4671 FAX: EMAIL: ltovar@terpel.com. | TRADE DEBT | | | | $4,653,261.27 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 40 | Empresa Argentina de Navegación Aérea Rivadavia 578 3nd Piso Buenos Aires, AAQ C-100 2 Argentina | Empresa Argentina de Navegación Aérea Cristian Arnau PHONE: FAX: EMAIL: carnau@eana.com.ar | TRADE DEBT | | | | $4,215,496.00 |

**ACTA**

**SESIÓN EXTRAORDIARIA DE DIRECTORIO**

**ACUERDOS DE EJECUCIÓN INMEDIATA**

**LATAM AIRLINES GROUP S.A.**

En Santiago de Chile, 25 de mayo de 2020, siendo las 15:00 horas, se reunió el Directorio de **LATAM AIRLINES GROUP S.A.** (la "Compañía" o la "Sociedad"), bajo la Presidencia del señor Ignacio Cueto Plaza y con la asistencia de los directores señores Eduardo Novoa Castellón, Nicolás Eblen Hirmas, Enrique Cueto Plaza, Patrick Horn García, Henri Philippe Reichstul, Sonia J.S Villalobos, Enrique Ostalé Cambiaso y Giles Agutter.

Se deja constancia que la totalidad de los directores comparecen a través de videoconferencia, según se certificará al final de este documento por el Presidente y la Secretaria conforme lo indicado en el artículo 47 de la Ley sobre Sociedades Anónimas, la Circular N° 1530 de la Comisión para el Mercado Financiero (la "CMF") y el Oficio Circular N° 1149 de la CMF.

Participan, además, también por medio de videoconferencia, los ejecutivos de la Sociedad, Roberto Alvo Milosawlewitsch, Gerente General; Guillermo Orrillo, Director CEO Office, Ramiro Alfonsín Balza, Vicepresidente de Finanzas, Juan Carlos Menció, Vicepresidente Senior Legal y Claudia Pavez González, Gerente Legal, quien también actuó como Secretaria (la "Secretaria"); y asiste especialmente invitado el asesor legal externo de la Sociedad y el Directorio, José María Eyzaguirre Baeza, socio de Claro & Cia.

**1. FORMALIDADES**

**MINUTES**

**EXTRAORDINARY MEETING OF THE BOARD OF DIRECTORS**

**IMMEDIATE APPLICATION RESOLUTIONS**

**LATAM AIRLINES GROUP S.A.**

In Santiago, Chile, May 25th, 2020, at 15:00, the Board of Directors of **LATAM AIRLINES GROUP S.A.** (the "Company") met under the Chairmanship of Mr. Ignacio Cueto Plaza and with the attendance of the directors Mr. Eduardo Novoa Castellón, Mr. Nicolás Eblen Hirmas, Mr. Enrique Cueto Plaza, Mr. Patrick Horn García, Mr. Henri Philippe Reichstul, Ms. Sonia J.S Villalobos, Mr. Enrique Ostalé Cambiaso and Mr. Giles Agutter.

It is recorded that all of the directors are present via videoconference, as will be certified at the end of this document by the Chairman and the Secretary in accordance with Article 47 of the Corporations Act, Circular No. 1530 of the Comisión para el Mercado Financiero (Financial Market Commission) (the "CMF") and Oficio Circular No. 1149 of the CMF.

The officers of the Company Mr. Roberto Alvo Milosawlewitsch, CEO; Mr. Guillermo Orrillo, Director CEO Office, Mr. Ramiro Alfonsín Balza, CFO, Mr. Juan Carlos Menció, Senior Legal Vice President and Claudia Pavez González, Legal Manager, who also acted as Secretary (the "Secretary") also participate via videoconference; and is also present specially invited the external legal counsel for the Company and the Board of Directors, Mr. José María Eyzaguirre Baeza, partner of Claro & Cia.

**1. FORMALITIES**

1

DocuSign Envelope ID: A9490934-9519-449C-BE0E-85BD5B2710F5

Se deja constancia que esta sesión fue citada, siguiendo las formalidades establecidas en los estatutos de la Sociedad, en la sesión extraordinaria de Directorio realizada el 22 de mayo de 2020.

De acuerdo al inciso tercero del Artículo 48 de la Ley sobre Sociedades Anónimas, la unanimidad de los directores asistentes a esta sesión extraordinaria de Directorio dispuso que se lleven a efecto de inmediato los acuerdos adoptados que se transcriben, bastando para ello que esta acta se encuentre firmada por todos los directores asistentes a esta sesión extraordinaria de Directorio.

## 2. SOMETIMIENTO A PROCEDIMIENTO DE REORGANIZACIÓN EN LOS ESTADOS UNIDOS DE AMÉRICA

Toma la palabra el Presidente señor Ignacio CUETO y resume lo discutido y analizado por el Directorio en las sesiones previas de fecha 7, 14, 21, 28 y 30 de abril, y 5, 12, 19 y 22 de mayo del presente.

Expone que, atendidos los efectos que la pandemia COVID-19 ha tenido en la industria aeronáutica, la Compañía lleva casi dos meses analizando y explorando una alternativa de renegociación convencional con sus acreedores y otras partes interesadas. En forma paralela, la Compañía ha estudiado las opciones de una reorganización reglada por un procedimiento concursal.

El Presidente señor Ignacio CUETO indica que los tiempos del proceso convencional, la posibilidad que durante el mismo los acreedores decidan ejercer acciones de cobro forzado, la imposibilidad de curar incumplimientos y la necesidad de implementar una reestructuración integral de la Compañía a la que se deban sumar todos sus acreedores y otras partes interesadas, llevan a considerar como mejor alternativa un procedimiento reglado.

It is recorded that this meeting was summoned following the formalities established in the bylaws of the Company, in the extraordinary Board of Directors meeting held on May 22, 2020.

In accordance with subsection 3 of Article 48 of the Corporations Act, the unanimity of the directors attending this extraordinary Board of Directors meeting agreed that the resolutions contained herein be implemented immediately, without need that the respective minutes be approved, it being sufficient for this purpose that these minutes are signed by all directors attending this extraordinary Board of Directors meeting.

## 2. SUBMISSION TO REORGANIZATION PROCEEDINGS IN THE UNITED STATES OF AMERICA

The Chairman Mr. Ignacio CUETO makes an overview of what was discussed and analyzed by the Board of Directors on the prior meetings held on April 7, 14, 21, 28 and 30, and May 5, 12, 19 and 22.

Indicates that, taking into account the effects that the pandemic COVID-19 has had in the aeronautic industry, the Company has completed almost two months analyzing and exploring a mutually agreed renegotiation with its creditors and interest parties. In parallel, the Company has studied the options of a regulated reorganization under an insolvency procedure.

The Chairman Mr. Ignacio CUETO mentions that the timing of the mutually agreed process, the possibility that during the same creditors may commence foreclosure actions, the inability to cure non-performances and the need of implementing and integral restructuring of the Company to which all creditors and interested parties are bound, make considering a regulated process the best alternative.

Hoy en día, la Compañía necesita protección de sus acreedores y otras partes interesadas, que se refleje en una suspensión temporal de ejecución, al mismo tiempo que poder continuar operando con sus principales activos, proveedores, partes financistas, reguladores y trabajadores, mientras estructura una reorganización vinculante para ser viable financieramente en un escenario post pandemia.

Today, the Company needs relief from its creditors and interested parties, in the form of an interim stay and, at the same time, the ability to continue running the business with its key assets, suppliers, financing parties, regulators and employees, while structuring a binding reorganization to be financially viable in a scenario post pandemic.

Después de un amplio debate entre los directores, el Gerente General señor Roberto ALVO explica que:

After a comprehensive discussion among the directors, the CEO Mr. Roberto ALVO explains that:

(i) El 11 de marzo de 2020, la Organización Mundial de la Salud declaró el brote generalizado del reciente COVID-19 como pandemia mundial. Durante las semanas que siguieron a dicha declaración, los países de todo el mundo, incluyendo cada uno de aquellos en los que LATAM Airlines Group S.A. y sus personas relacionadas ("LATAM") tienen sus operaciones principales, anunciaron severas restricciones de viaje y/o cierre directo de sus fronteras. El impacto en la industria aérea fue casi instantáneo, y en abril de 2020, los vuelos de transporte de pasajeros se redujeron a aproximadamente un 4% de las rutas de LATAM previo a la crisis del COVID-19.

(i) On March 11, 2020 the World Health Organization declared the widespread outbreak of the novel COVID-19 a global pandemic. Over the intervening weeks, countries around the world, including each of those in which LATAM Airlines Group S.A. and its affiliates ("LATAM") have their primary operations, announced severe travel restrictions and/or outright closure of their borders. The impact on the airline industry was almost instantaneous, and as of April 2020, LATAM's passenger flights are limited to roughly 4% of LATAM's routes prior to the COVID-19 crisis.

(ii) A pesar de tomar medidas significativas de ahorro de costos y preservación de liquidez, la posición de caja de la Sociedad ha seguido deteriorándose a raíz de la pandemia COVID-19.

(ii) Despite undertaking meaningful cost-saving and liquidity preserving measures, the Company's liquidity position has continued to deteriorate in the wake of the COVID-19 pandemic.

(iii) El Directorio ha revisado y tuvo la oportunidad de hacer preguntas sobre los antecedentes suministrados por la administración y los asesores legales y financieros de la Sociedad y sus personas relacionadas en relación a los pasivos y la liquidez de la misma, las alternativas estratégicas disponibles para ella, y el impacto de lo anterior en su negocio.

(iii) The Board of Directors has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company and its affiliates regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business.

3

DocuSign Envelope ID: A9490093-0519-449C-BE0F-85BD5B2210F5

(iv) El Directorio ha consultado a la administración y los asesores legales y financieros de la Sociedad y sus personas relacionadas y, habiendo considerado en su totalidad cada una de las alternativas estratégicas disponibles, ha concluido que es deseable y en el mejor interés de la Sociedad, sus acreedores y otras partes interesadas, presentar una solicitud voluntaria de amparo conforme al Chapter 11 (según se define más adelante).

(v) El Procedimiento Chapter 11 (según se define más adelante) representa la mejor oportunidad de la Sociedad para asegurar la estabilidad y cumplir con sus obligaciones con sus partes interesadas. La Sociedad tiene la intención de utilizar las herramientas sustantivas y de procedimiento disponibles en el Procedimiento del Chapter 11 para maximizar la eficiencia de sus operaciones en curso y renegociar ciertas relaciones contractuales clave a la luz de las condiciones actuales del mercado.

El Directorio tiene presente lo expuesto por el señor Presidente y luego de intercambiar opiniones sobre el particular, por unanimidad de sus miembros presentes **ACUERDA**:

<u>Primero</u>: Someter a la Sociedad a un proceso de reorganización (el "<u>Procedimiento Chapter 11</u>") en los Estados Unidos de América conforme a las normas establecidas en el Chapter 11 (el "<u>Chapter 11</u>") del Título 11 del Código de los Estados Unidos de América (el "<u>Bankruptcy Code</u>"), presentando una solicitud voluntaria de amparo (voluntary petition for relief) conforme al mismo en el distrito y el momento que sea determinado por la persona que suscriba la solicitud.

<u>Segundo</u>: Solicitar la designación de LATAM Airlines Group S.A. como representante extranjero del Procedimiento Chapter 11 en carácter de procedimiento extranjero ante los tribunales, autoridades y acreedores de jurisdicciones distintas de

(iv) The Board of Directors has consulted with the management and the financial and legal advisors of the Company and its affiliates and, having considered fully each of the strategic alternatives available to it, has concluded that it is desirable and in the best interests of the Company, its creditors and other interested parties, to file a voluntary petition for relief under Chapter 11 (as defined below).

(v) The Chapter 11 Proceeding (as defined below) represents the Company's best opportunity to ensure stability and meet its obligations to its stakeholders. The Company intends to use the substantive and procedural tools available in the Chapter 11 Proceeding to maximize the efficiency of its ongoing operations and renegotiate certain key contractual relationships in light of current market conditions.

The Board of Directors appreciated of the account provided by the Chairman and, after exchanging opinions on the matter, unanimously **RESOLVES** the following:

<u>First</u>: To submit the Company to a reorganization proceeding (the "<u>Chapter 11 Proceeding</u>") in the United States of America pursuant to the rules set forth in Chapter 11 ("<u>Chapter 11</u>") of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), by filing a voluntary petition for relief thereunder in any district at such time as the person executing such petition shall determine.

<u>Second</u>: To request the appointment of LATAM Airlines Group S.A. as the foreign representative of the Chapter 11 Proceeding as a foreign proceeding before the courts, authorities and creditors of jurisdictions other than the United States of

DocuSign Envelope ID: A8480934-9519-449C-BF0E-85BD5B2710F5

los Estados Unidos de América para todos los efectos a que haya lugar, incluyendo aquellos contemplados en el Capítulo VIII de la Ley N° 20.720 de la República de Chile y otras normas análogas.

Tercero: Facultar a los señores Roberto Alvo Milosawlewitsch, Ramiro Alfonsín Balza, Juan Carlos Menció, Andrés del Valle Eitel y José María Eyzaguirre Baeza (los "Representantes", este término incluyendo cada uno de ellos actuando individualmente o en forma conjunta) para, en nombre y representación de la Sociedad:

(i) autorizar, suscribir y presentar todas las solicitudes, peticiones, anexos, mociones, listados, alegatos, documentos y otros antecedentes, suscribir acuerdos, extender documentos, realizar declaraciones y presentaciones, participar en audiencias y tomar todas y cada una de las medidas que considere necesarias o apropiadas para presentar una solicitud voluntaria de amparo (voluntary petition relief) bajo el Chapter 11, y adoptar e implementar todos y cualesquiera actas y escrituras que ellos puedan considerar necesarias, pertinentes o deseables en relación con el Procedimiento Chapter 11, encaminadas al éxito del mismo, incluyendo, sin limitación, la realización de cualquier acción necesaria para mantener el curso ordinario y la continuidad de la operación de los negocios de la Sociedad, sea frente a un tribunal federal de los Estados Unidos de América o frente a cualquier otro tribunal o autoridad que corresponda conforme a las reglas que rigen el Procedimiento Chapter 11. Los Representantes quedan expresamente autorizados, facultados e instruidos para ejercer todos los derechos y cumplir todas las obligaciones que la Sociedad tenga en su calidad de representante extranjero del Procedimiento Chapter 11 ante los tribunales, autoridades y acreedores de jurisdicciones distintas de los Estados Unidos de América para todos los efectos a que haya lugar, incluyendo aquellos contemplados en el Capítulo VIII de la Ley

America, for all purposes, including those contemplated in Chapter VIII of Law No. 20,720 of the Republic of Chile and other analogous rules.

Third: To authorize Messrs. Roberto Alvo Milosawlewitsch, Ramiro Alfonsín Balza, Juan Carlos Menció, Andrés del Valle Eitel and José María Eyzaguirre Baeza (the "Representatives", this term meaning each of them acting alone or together) to, on behalf of and representing the Company:

(i) authorize, execute and file all applications, petitions, schedules, motions, lists, pleadings, documents and other papers, enter into agreements, issue documents, make statements and filings, participate in hearings and take any and all actions that they deem necessary or appropriate to file the voluntary petition for relief under Chapter 11, and take and perform any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Chapter 11 Proceeding, with a view towards the successful prosecution of such case, including, without limitation, any action necessary to maintain the ordinary course and continuity of the operation of the Company's business, whether before a federal court of the United States of America or any other court or governmental entity under the rules governing the Chapter 11 Proceeding. The Representatives are expressly authorized, empowered and instructed to exercise all rights and perform all obligations that the Company has in its capacity as foreign representative of the Chapter 11 Proceeding as a foreign proceeding before the courts, authorities and creditors of jurisdictions other than the United States of America, for all purposes, including those contemplated in Chapter VIII of Law No. 20,720 of the Republic of Chile and other analogous rules; and

DocuSign Envelope ID: A8490934-9519-449C-BF0F-85BD5B2710F5

N° 20.720 de la República de Chile y otras normas análogas; y

(ii) obtener financiamiento posterior a la solicitud de reorganización bajo el Procedimiento Chapter 11 (el "Financiamiento DIP") y, de corresponder, el uso de garantías en efectivo, en términos sustancialmente similares a los presentados al Directorio en esta sesión, y sujeto a los términos y condiciones precedentes adicionales que se establezcan en la documentación definitiva, y en relación con ello, (a) negociar, ejecutar, otorgar y presentar frente a tribunales o autoridades (según fuere necesario) los contratos de crédito correspondientes, garantías, contratos de garantía, notas, contratos de garantía en efectivo y los documentos relacionados, certificados e instrumentos, y con respecto a cada uno de los anteriores, y cualquier modificación, suplemento, extensión o renovación de los mismos (conjuntamente, los "Documentos del Crédito DIP"), (b) dar garantías en favor de uno o más agentes, en beneficio de los financistas bajo los mismos, dar otras seguridades para el Financiamiento DIP, (c) negociar, ejecutar, entregar o archivar (según sea necesario) cada contrato, instrumento o documento que sea negociado, suscrito, entregado o presentado (según sea necesario) (conjuntamente con los Documentos del Crédito DIP, los "Documentos DIP"), en nombre y representación de la Sociedad, de conformidad con o en relación con el mismo, y (d) cumplir sus obligaciones bajo los Documentos DIP y suscribir todos los actos, y negociar y pagar cualquier honorario, impuestos u otros gastos, en cada caso, en los términos y condiciones que el Representante que los ejecute considere necesario, adecuado o deseable, todo ello con los cambios y adiciones que cualquier Representante apruebe, lo que quedará demostrado por el solo hecho de ejecutarse dichos actos.

(ii) obtain post-petition financing (the "DIP Financing") and, if applicable, cash collateral usage on terms substantially in the form of such terms presented to the Board of Directors on the date hereof, and subject to the further terms and conditions precedent set forth in the definitive documentation, and in connection therewith, (a) negotiate, execute deliver and file (as necessary) appropriate loan agreements, guarantees, security agreements, notes, cash collateral agreements and related ancillary documents, certificates and instruments, and with respect to each of the foregoing, and any amendments, supplements, modifications, extensions and renewals thereto (collectively, the "DIP Facility Documents"), (b) grant security interests in favor of the agent(s), for the benefit of the lenders thereunder, to secure the obligations under the DIP Facility, (c) to negotiate, execute, deliver or file (as necessary) each other agreement, instrument or document to be negotiated, executed, delivered or filed (as necessary), (together with the DIP Facility Documents, the "DIP Documents") in the name and on behalf of the Company, pursuant thereto or in connection therewith, and (d) perform its obligations under the DIP Documents and take any other actions, and negotiate and pay all fees, taxes and other expenses in connection with the foregoing; in each instance, on such other terms and conditions as such Representative executing the same may consider necessary, proper or desirable ,all with such changes therein and additions thereto as any Representative approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

DocuSign Envelope ID: A8480093-0519-449C-BE0F-85BDCB2710F5

Los Representantes quedan expresamente autorizados para delegar los poderes conferidos mediante la presente resolución.

Cuarto: Autorizar a los Representantes para que ejerzan los derechos que correspondan a la Sociedad en su calidad de accionista, miembro, socio o inversionista respecto de cualquiera de sus filiales y coligadas, de haberlas, con el fin de someter todas o algunas de dichas sociedades al Procedimiento Chapter 11, incluyendo mediante la autorización, suscripción y verificación de una solicitud voluntaria para comenzar un procedimiento bajo el Chapter 11, causando que la misma sea presentada y tomando todas y cada una de las acciones que consideren necesarias, pertinentes y deseables en relación con el procedimiento del Chapter 11. Se deja constancia que los Representantes estarán facultados para realizar dicha evaluación y tomar la decisión de someter una o más de dichas sociedades al Procedimiento Chapter 11 conforme a lo expuesto en forma discrecional.

Quinto: Contratar y mantener a los siguientes asesores en las calidades que en cada caso se identifican (los "Asesores"), para todos los efectos del Procedimiento Chapter 11 y materias relacionadas:

(i) al estudio de abogados Claro & Cia. para que, en coordinación con el estudio de abogados Cleary, Gottlieb, Steen & Hamilton LLP asesore a la Sociedad en la evaluación, coordinación general, presentación, ejecución, negociación y finalización del Procedimiento Chapter 11 y todos los demás procesos relacionados con el mismo y en cualquier procedimiento concursal en que tenga interés la Sociedad. Sin limitar la generalidad de lo anterior, Claro & Cia. estará facultado para representar y asistir a la Sociedad en el desempeño de sus funciones y deberes que corresponda en Chile con motivo de dichos procedimientos;

The Representatives are expressly authorized to delegate the authority hereby granted to them.

Fourth: To authorize the Representatives to exercise the rights of the Company in its capacity as a shareholder, member, partner or investor with respect to any of its subsidiaries and coligadas, if any, for the purpose of submitting all or part of such companies to the Chapter 11 Proceeding, including by authorizing, executing and verifying a voluntary petition to commence proceedings under Chapter 11, causing the same to be filed and taking any and all action that they deem necessary, proper and desirable in connection with the Chapter 11 Proceeding. It is resolved that the Representatives shall have the authority to make such assessment and to decide whether to submit one or more such companies to the Chapter 11 Proceeding at their discretion.

Fifth: To hire and retain the following advisors in the following capacities (the "Advisors"), for all purposes of the Chapter 11 Proceeding and related matters:

(i) the law firm Claro & Cia., to, in coordination with the law firm Cleary, Gottlieb, Steen & Hamilton LLP, advise the Company in the assessment, general coordination, filing, execution, negotiation and completion of the Chapter 11 Proceeding and all other proceedings related thereto and any bankruptcy proceedings in which the Company may have an interest. Without limiting the generality of the foregoing, Claro & Cia. will be authorized to represent and assist the Company in the performance of its functions and duties in Chile in connection with such proceedings;

7

DocuSign Envelope ID: A9490934-9519-449C-BE0E-85BDC82710F5

(ii) Al estudio de abogados Cleary, Gottlieb, Steen & Hamilton LLP como asesor legal general en el contexto del Procedimiento Chapter 11, para que en esta calidad y en coordinación con el estudio de abogados Claro & Cía., represente y asista a la Sociedad en el desempeño de sus funciones y deberes bajo el Bankruptcy Code y en asuntos relacionados, y en la adopción de todas y cada una de las medidas adecuadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos, incluida la presentación de solicitudes y la realización de alegatos;

(iii) al estudio de abogados Togut, Segal & Segal, LLP como asesor de conflictos en el contexto del Procedimiento Chapter 11, para que en tal condición y en coordinación con los estudios de abogados Claro & Cía. y Cleary, Gottlieb, Steen & Hamilton LLP, represente y asista a la Sociedad en el desempeño de sus funciones y deberes bajo el Bankruptcy Code y asuntos relacionados, y en la adopción de todas y cada una de las medidas adecuadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos, incluida la presentación de solicitudes y la realización de alegatos;

(iv) a FTI Consulting, Inc. como asesor financiero en relación a las materias propias del Procedimiento Chapter 11 para representar y asistir a la Sociedad en el desempeño de sus funciones y deberes bajo el Bankruptcy Code.

(v) a PJT Partners, Inc. como asesor financiero en relación con los asuntos relativos al Procedimiento Chapter 11 para representar y ayudar a la Compañía en el desempeño de sus deberes y funciones bajo el Bakruptcy Code;

(vi) a Prime Clerk LLC, como agente de avisos y reclamaciones, para representar y asistir a la Compañía en el desempeño de sus funciones y deberes bajo el Bankruptcy Code y en asuntos relacionados, y en la

(ii) the law firm Cleary, Gottlieb, Steen & Hamilton LLP as lead counsel in the context of the Chapter 11 Proceeding, in such capacity and in coordination with the law firm Claro & Cía., to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith, including the filing of applications and pleadings;

(iii) the law firm Togut, Segal & Segal, LLP as conflicts counsel in the context of the Chapter 11 Proceeding, in such capacity and in coordination with the law firms Claro & Cía. and Cleary, Gottlieb, Steen & Hamilton LLP, to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith, including the filing of applications and pleadings;

(iv) FTI Consulting, Inc. as financial advisor in connection with matters pertaining to the Chapter 11 Proceeding to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code;

(v) PJT Partners, Inc. as financial advisor in connection with matters pertaining to the Chapter 11 Proceeding to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code;

(vi) Prime Clerk LLC, as notice and claims agent, to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and

toma de todas y cada una de las acciones apropiadas para ejercer los derechos y obligaciones de la Compañía en tales asuntos; y

(vii) a cualquier otro asesor legal, contable, asesor financiero u otro profesional que represente y asista a la Sociedad en el desempeño de sus funciones y deberes bajo el Bankruptcy Code, y en la toma de todas y cada una de las acciones apropiadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos; lo anterior a discreción de los Representantes.

Los Representantes quedan autorizados, facultados e instruidos para celebrar contratos de asesoría y prestación de servicios con los Asesores, incluyendo los acuerdos de retención que sean necesarios, para pagar los anticipos correspondientes y para hacer que se presente una solicitud apropiada de autorización para contratar los servicios de dichos Asesores.

Sexto: Otorgar mandato judicial sin limitación respecto a su cuantía a los abogados José María Eyzaguirre Baeza, chileno, casado, cédula nacional de identidad número 7.011.679-0; Cristóbal Eyzaguirre Baeza, chileno, casado, cédula nacional de identidad número 7.011.690-1; Nicolás Luco Illanes, chileno, casado, cédula nacional de identidad número 10.876.781-2; Felipe Larrain Tejeda, chileno, soltero, cédula nacional de identidad número 7.049.011-0; José Miguel Huerta Molina, chileno, casado, cédula nacional de identidad número 13.038.771-3; y José María Eyzaguirre Fernández, chileno, casado, cédula nacional de identidad número 16.097.057-K (en adelante, los anteriores conjuntamente serán referidos como los "Mandatarios Judiciales"); todos domiciliados para estos efectos en Avenida Apoquindo 3721, piso 14, comuna de Las Condes, Santiago para que, actuando indistintamente de manera conjunta o separada, representen a la

all appropriate actions to advance the rights and obligations of the Company in connection therewith, and

(vii) any other legal counsel, accountants, financial advisors or other professionals to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith; the foregoing at the discretion of the Representatives.

The Representatives are authorized, empowered and instructed to enter into advisory and service contracts with the Advisors, including appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of such Advisors.

Sixth: Grant powers, without limitation with respect to the amount at stake, to the attorneys at law Messrs. José María Eyzaguirre Baeza, Chilean, married, national identity card number 7,011,679-0; Cristóbal Eyzaguirre Baeza, Chilean, married, national identity card number 7,011. 690-1; Nicolás Luco Illanes, Chilean, married, national identity card number 10.876.781-2; Felipe Larrain Tejeda, Chilean, single, national identity card number 7.049.011-0; José Miguel Huerta Molina, Chilean, married, national identity card number 13.038,771-3; and José María Eyzaguirre Fernández, Chilean, married, national identity card number 16,097,057-K (the foregoing will hereinafter jointly be referred to as the "Judicial Representatives"); all domiciled for these purposes at Avenida Apoquindo 3721, 14th floor, in the borough of Las Condes, Santiago, so that, acting indistinctively jointly or separately, they may represent the

Sociedad ante todo y cualquier tribunal y en todo proceso, de cualquier tipo y naturaleza.

Company before any court and in any proceeding of any kind and nature.

Los Mandatarios Judiciales actuando en la forma antes indicada gozarán de las facultades ordinarias y extraordinarias del mandato judicial, contempladas, respectivamente, en el primer y segundo inciso del artículo 7° del Código de Procedimiento Civil, las que se dan por expresamente reproducidas, y que incluyen las de demandar, contestar reconvenciones, desistirse en primera instancia de la acción deducida, aceptar la demanda contraria, absolver posiciones, renunciar a los recursos o términos legales, transigir, comprometer, otorgar a los árbitros facultades de arbitradores, prorrogar competencia, aprobar acuerdos de reorganización y percibir. Además, los Mandatarios Judiciales quedan explícitamente facultados para iniciar cualquier procedimiento concursal de reorganización previsto en la Ley N° 20.720 así como para solicitar el reconocimiento de procedimientos extranjeros en carácter de principales o no principales, pudiendo ejercer todos los derechos que le confiere la ley al efecto. Los Mandatarios Judiciales quedan, además, facultados para designar abogados patrocinantes y asumir ellos mismos el patrocinio, delegar poder y reasumirlo cuantas veces estimen necesario o conducente, con todas las facultades que por este instrumento se les confiere, obligando con ello a la Sociedad.

The Judicial Representatives, acting in the manner indicated above, shall be vested with ordinary and extraordinary authority, as contemplated, respectively, in both the first and the second paragraphs of Article 7° of the Code of Civil Procedure, which are deemed expressly reproduced, and which include suing and filing complaints, answering counterclaims, withdrawing claims in the first instance, acquiescence, absolving positions, waiving legal remedies or terms, submitting a matter to arbitration, granting arbitrators authority to act as aequo et bono, consenting to jurisdiction, approving reorganization agreements and collecting proceeds. In addition, the Judicial Representatives are explicitly authorized to initiate any bankruptcy proceeding (reorganization or liquidation) provided for in Law No. 20,720, as well as to request the recognition of foreign proceedings as main or ancillary proceedings, and may exercise all the rights conferred by the law to that effect. The Judicial Representatives are also empowered to appoint sponsoring attorneys (patrocinantes) and to assume sponsorship themselves, to delegate power of attorney and to reassume it as many times as they deem necessary or conducive, with all the powers conferred by this instrument, thus binding the Company.

Los Mandatarios Judiciales no estarán facultados para ser emplazados en representación de la Compañía, ni para contestar nuevas demandas sin previo emplazamiento de esta.

The Judicial Representatives shall not be authorized to be served or notified on behalf of the Company, nor to answer new complaints without prior service of process to the Company.

Los Mandatarios Judiciales podrán ser citados a absolver posiciones, únicamente sobre hechos propios de ellos, mas no sobre hechos de la Sociedad.

The Judicial Representatives may be summoned to absolve positions only on their own facts, but not on the facts of the Company.

Séptimo: Adicionalmente, autorizar y facultar a los Representantes, para que en

Seventh: In addition to the specific authorizations heretofore conferred upon

10

DocuSign Envelope ID: A9490934-9519-449C-BE0E-85BD58B710F5

nombre y representación de la Compañía, adopten, o causen la adopción de, cualquier otra medida, y para que realicen, firmen, suscriban, reconozcan y entreguen (y registren en una oficina pertinente del secretario del condado, si es necesario), y presenten todos los acuerdos (incluidos los elementos de prueba de los mismos), certificados, instrumentos, enmiendas, declaraciones juradas, órdenes, instrucciones, certificaciones, solicitudes, recibos, declaraciones de financiamiento u otros instrumentos y a pagar todos los gastos, incluidos, entre otros, los gastos de presentación, en cada caso, según el Representante considere necesario, aconsejable o deseable, a su discreción, para alcanzar completamente el propósito de los acuerdos anteriores, a celebrar y otorgar dichos instrumentos, y a cumplir plenamente las condiciones y disposiciones de los mismos.

the Representatives, to authorize and empower the Representatives, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to make, sign, execute, acknowledge and deliver (and record in a relevant office of the county clerk, if necessary), and file any and all arrangements, agreements (including exhibits thereto), certificates, instruments, amendments, affidavits, orders, directions, certifications, requests, receipts, financing statements or other instruments and to pay all expenses, including but not limited to filing fees, in each case as in such Representative or Representatives' judgment shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions, and to execute and deliver such instruments, and to fully perform the terms and provisions thereof.

Octavo: Ratificar y confirmar en su totalidad todos los actos, acciones y operaciones relacionados con los acuerdos antes referidos, en la medida que puedan haber sido adoptados o ejecutadas en nombre y/o representación de la Sociedad y sujetos a los términos de los demás acuerdos de que da cuenta esta acta.

Eighth: To ratify and confirm in their entirety all the acts, actions and transactions related to the matters contemplated by the foregoing resolutions to the extent that any such acts, actions and transactions have been taken or executed in the name of or on behalf of the Company and subject to the terms of the other resolutions adopted herein.

Noveno: Levantar el carácter reservado de los acuerdos adoptados en las sesiones de Directorio de fecha 7, 14, 21, 28 y 30 de abril, y 5, 12, 19 y 22 de mayo del presente.

Ninth: Terminate the reserved nature of the resolutions passed in the meetings of the Board of Directors dated April 7, 14, 21, 28 and 30, and May 5, 12, 19 and 22 of this year.

Décimo: Calificar lo acordado en esta sesión como un hecho relevante, y autorizar a los Representantes para informar como Hecho Esencial a la CMF, 6-K o aviso aplicable a la *Securities and Exchange Commission* y, según corresponda, a autoridades gubernamentales, las bolsas de valores y el mercado en general.

Tenth: Qualify these resolutions as material information, and authorize the Representatives to report a Material Fact before the CMF, a 6-K or applicable notice to the Securities and Exchange Commission and, as applicable to governmental officials, the stock exchanges and the market at large.

## 3. REDUCCIÓN A ESCRITURA PÚBLICA

## 3. REDUCTION TO PUBLIC DEED

Por unanimidad el Directorio **ACUERDA** facultar a los abogados Juan Carlos Mencíó, Claudia Pavez González, María Esperanza Schorr Donoso, José María Eyzaguirre Baeza, Nicolás Luco Illanes, Felipe Larrain Tejeda, José María Eyzaguirre Fernández y Gerardo Otero Vial, para que, actuando separada e indistintamente, cualquiera de ellos reduzca a escritura pública las partes pertinentes de la presente acta sin esperar su aprobación, sirviéndoles la misma de suficiente personería. Asimismo, se faculta al portador de la señalada escritura pública para requerir y firmar todas las anotaciones e inscripciones que fueren pertinentes en los registros conservatorios respectivos.

The Board of Directors unanimously **RESOLVES** to authorize the attorneys Juan Carlos Mencíó, Claudia Pavez González, María Esperanza Schorr Donoso, José María Eyzaguirre Baeza, Nicolás Luco Illanes, Felipe Larrain Tejeda, José María Eyzaguirre Fernández and Gerardo Otero Vial, acting separately and indistinctively, to evidence the pertinent parts of these minutes in a public deed without waiting for their approval, being the minutes themselves sufficient source of authority. Likewise, the bearer of the aforementioned public deed shall be authorized to request and sign all the relevant annotations and registrations in the relevant registry.

Ignacio Cueto Plaza
Presidente/Chairman

Enrique Cueto Plaza
Director

Nicolás Eblen Hirmas
Director

Eduardo Novoa Castellón
Director

Enrique Ostale Cambiaso
Director

Patrick Horn García
Director

Sonia J.S. Villalobos
Director

Giles Agutter
Director

12

DocuSign Envelope ID: A9490934-9519-449C-BE0F-85BD5B2710F5

DocuSigned by:

HENRI PHILIPPE REICHSTUL

8870E1850BC14E2...

Henri Philippe Reichstul
Director

DocuSigned by:

Claudia Pavez

B178925D3385406...

Claudia Pavez González
Secretaria/Secretary

13

| **CERTIFICACIÓN** | **CERTIFICATION** |
|---|---|

El Presidente y la Secretaria del Directorio certifican que los señores Ignacio Cueto Plaza, Eduardo Novoa Castellón, Nicolás Eblen Hirmas, Enrique Cueto Plaza, Patrick Horn García, Henri Philippe Reichstul, Sonia J.S Villalobos, Enrique Ostalé Cambiaso y Giles Agutter asistieron y participaron a la presente sesión, estando comunicados simultánea y permanentemente a través de videoconferencia, conforme lo indicado en el artículo 47 de la Ley sobre Sociedades Anónimas, la Circular N° 1530 de la CMF y el Oficio Circular N° 1149 de la CMF.

The Chairman and the Secretary of the Board of Directors certify that Mr. Ignacio Cueto Plaza, Mr. Eduardo Novoa Castellón, Mr. Nicolás Eblen Hirmas, Mr. Enrique Cueto Plaza, Mr. Patrick Horn García, Mr. Henri Philippe Reichstul, Ms. Sonia J.S Villalobos, Mr. Enrique Ostalé Cambiaso and Mr. Giles Agutter attended and participated in this meeting, being communicated simultaneously and permanently via videoconference, in accordance with Article 47 of the Corporations Act, Circular No. 1530 of the CMF and Oficio Circular No. 1149 of the CMF.

DocuSigned by:

*IGNACIO CUETO*

EEC129CF0D1D48B...

Ignacio Cueto Plaza
Presidente/Chairman

DocuSigned by:

*Claudia Pavez*

B178925D3385406...

Claudia Pavez González
Secretaria/Secretary