**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No.: 20-11254 (JLG) |
| Debtors.[1] | Jointly Administered |
| | Reference Docket No. 18 |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO PAY PREPETITION CLAIMS OF CERTAIN CRITICAL AND FOREIGN VENDORS AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH CLAIMS**

Upon the motion (the "Motion")[2] of LATAM Airline Group S.A., and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (i) authorizing, but not directing, the Debtors to pay all or a portion of the prepetition claims of the Critical Vendors and Foreign Vendors, subject to the Interim Vendor Cap; (ii) authorizing banks and other financial institutions to receive, process, honor and pay checks and transfers issued in relation to the foregoing and to rely on the representations of the Debtors as to which checks and transfers are authorized to be paid in accordance with this Motion; (iii) to the extent necessary, authorizing the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96 9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96 6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98 0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. e(85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Debtors to issue replacements for any dishonored check or transfer related to the foregoing; and (iv) granting such other relief as the Court deems just and proper; each as more fully described in the Motion; and consideration of the Motion and First Day Declaration; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief requested in the Motion; and the Court having heard the arguments of counsel on the record, and following, the completion of, the hearing held on the Motion, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, to the extent provided herein.

2. Objections to entry of the Final Order must be filed **with the Court (with two single-sided courtesy copies mailed to Chambers) [JLG]** by June 9, 2020 at 4:00 pm. (ET) and served on: (i) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Richard J. Cooper, Esq., Lisa M. Schweitzer, Esq. and Luke A. Barefoot, Esq.; (ii) the United States Trustee, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Brian Masumoto, Esq. and Serene Nakano, Esq.; and (iii) counsel to any statutory committee appointed in the Chapter 11 Cases.  A final hearing, if required, on

the Motion will be held on **June 23, 2020 at 11:00 a.m. (ET)** (the "Final Hearing").  If no objections are filed to the Final Order, the Court may enter the Final Order without further notice or hearing.

    3. The Debtors are authorized but not directed, in their sole discretion, subject to the terms and provisions hereof, to pay the Critical Vendor Claims and Foreign Vendor Claims in the ordinary course of business, *provided, however*, that any payments shall only be made as they become due, and that no payments shall be accelerated prior to the final hearing of this Motion.  Notwithstanding the foregoing, payments on account of Critical Vendor Claims and Foreign Vendor Claims shall not exceed $45 million in the aggregate without further order of this Court (the "Interim Vendor Cap").  Any U.S. Dollar limitation in this Interim Order shall be adjusted as necessary, to account for foreign exchange conversion costs if the payment must be made in a foreign currency.

    4. All applicable banks and other financial institutions are authorized to rely on the Debtors' direction in paying amounts under this Interim Order.  Furthermore, all applicable banks and other financial institutions are authorized to (i) honor any checks drawn against the Debtors' accounts, but not cleared prior to the Petition Date, (ii) complete any fund transfer requests made but not completed prior to the Petition Date and (iii) issue new postpetition checks and to make postpetition fund transfer requests to replace any prepetition checks and prepetition transfers to Critical and Foreign Vendors that may be dishonored by the banks or financial institutions.

    5. The authority granted in this Interim Order or any payment made under that authority is not intended nor shall be construed as:  (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (ii) a

waiver of the Debtors' rights to dispute any claim or lien; (iii) an implication or admission that any particular claim constitutes a Critical Vendor Claim or a Foreign Vendor Claim or an undertaking to pay such a claim; (iv) an assumption or rejection of any executory contract or unexpired lease under Bankruptcy Code Section 365; or (v) otherwise affecting the Debtors' rights to assume or reject any executory contract or unexpired lease pursuant to Bankruptcy Code Section 365 with any party subject to this Interim Order once entered.

6. None of the Debtors, their officers, directors, attorneys or agents will have any liability on account of any decision by the Debtors not to pay a Critical Vendor Claim or Foreign Vendor Claim.

7. Nothing in this Motion or Interim Order shall operate to allow, increase, reclassify or elevate to administrative expense status or otherwise affect any Critical Vendor Claims or Foreign Vendor Claims to the extent that they are not paid.

8. Nothing in the Motion or this Interim Order, nor the Debtors' actions in executing this Interim Order, is intended or shall be construed as a modification or waiver of the Debtors' rights with respect to goods or services requested or received from the Critical Vendors or Foreign Vendors. This includes, but is not limited to, the Debtors' rights to (i) cancel a purchase order; (ii) decline the acceptance of goods or services; (iii) return any defective, nonconforming, or unacceptable goods; or (iv) contest the amount of any invoice or claim.

9. Within seven business days of entry of the Final Order, the Debtors shall (i) file with the Court under seal **(subject to this Chambers' Rules governing sealing procedures), [JLG]** a list identifying the entities to which all such payments are made in respect of this Interim Order, and the amounts of such payments (the "Prepetition Payment

- 4 -

Report"); and (ii) provide to Chambers, the Office of the United States Trustee, and any official committee of unsecured creditors copies of the Prepetition Payment Report in unredacted form.

10. The entry of this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors under Bankruptcy Rule 6003(b). Thus, this Interim Order shall be effective and enforceable immediately upon entry hereof.

11. The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the interpretation, implementation or enforcement of this Interim Order.

Dated: May 30, 2020
New York, New York

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE