UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No.:  20-11254 (JLG) |
| Debtors.[1] | Jointly Administered |
| | Reference Docket No. 14 |

**INTERIM ORDER (I) PURSUANT TO SECTIONS 363(c), 503(b)
AND 105(a) OF THE BANKRUPTCY CODE CONFIRMING ADMINISTRATIVE
EXPENSE STATUS FOR THE DEBTORS' OBLIGATIONS ARISING FROM THE
POSTPETITION DELIVERY OF GOODS AND SERVICES ORDERED PREPETITION
AND AUTHORIZING THE DEBTORS TO PAY SUCH OBLIGATIONS IN THE
ORDINARY COURSE OF BUSINESS AND (II) SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of LATAM Airline Group S.A., and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") under Bankruptcy Code Sections 363(c), 503(b) and 105(a), (i) granting administrative expense priority status under Section 503(b) to those undisputed obligations of the Debtors arising from goods, supplies, materials and/or services ordered pursuant to prepetition purchase or service orders with various Vendors

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are:  LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

to the extent that such goods, supplies, materials and/or services are received and actually accepted by the Debtors subsequent to the Petition Date, including, but not limited to, where partial payment for or performance of such obligations occurred during the prepetition period; (ii) authorizing, but not directing, the Debtors to satisfy such obligations to Vendors in the ordinary course of business pursuant to Section 363(c) of the Bankruptcy Code; and (iii) granting such other and further relief as the Court deems just and proper; and consideration of the Motion and First Day Declaration; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief requested in the Motion; and the Court having heard the arguments of counsel on the record, and following, the completion of, the hearing held on the Motion; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED as set forth herein.

    2.    Objections to entry of the Final Order must be filed **(with two single-sided courtesy copies mailed to Chambers) [JLG]** by June 9, 2020 at 4:00 p.m. (ET) and served on: (i) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New

York, NY 10006, Attn: Richard J. Cooper, Esq., Lisa M. Schweitzer, Esq. and Luke A. Barefoot, Esq.; (ii) the United States Trustee, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Brian Masumoto, Esq. and Serene Nakano, Esq.; and (iii) counsel to any statutory committee appointed in the Chapter 11 Cases.  A final hearing, if required, on the Motion will be held on June 23, 2020 at 11:00 a.m. (ET) (the "Final Hearing").  If no objections are filed to the Final Order, the Court may enter the Final Order without further notice or hearing.

3. Those undisputed obligations of the Debtors arising from goods, supplies, materials and/or services ordered pursuant to prepetition purchase and/or service orders with various Vendors, to the extent that such goods, supplies, materials and/or services are received and actually accepted by the Debtors subsequent to the Petition Date, including, but not limited to, where partial payment for or performance of such obligations occurred during the prepetition period, are granted administrative expense priority status under Section 503(b)(1)(A) of the Bankruptcy Code.

4. The Debtors are authorized, but not directed, to satisfy any such undisputed obligations to Vendors in the ordinary course of business; *provided that* payments made pursuant to this Interim Order shall only be made as they become due, and no payments shall be accelerated prior to the Final Hearing.

5. Nothing in this Order shall be deemed either a grant of administrative expense priority status to, or authority to pay, any amounts that are disputed by the Debtors or are in respect of goods, supplies, materials and/or services that are not actually received and accepted by the Debtors subsequent to the commencement of these Chapter 11 Cases.

6. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease by virtue of

3

(i) reference to any such contract or lease in the Motion or (ii) payment of administrative expenses pursuant to the terms of this Order.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. Solely to the extent not captured by other reporting ordered by this Court in connection with a request for relief, within seven business days of entry of the Final Order, the Debtors shall (i) file with the Court under seal **(subject to this Chambers' Rules governing sealing procedures), [JLG]** a list identifying the entities to which all such payments are made in respect of this Interim Order, and the amounts of such payments (the "Prepetition Payment Report"); and (ii) provide to Chambers, the Office of the United States Trustee, and any official committee of unsecured creditors copies of the Prepetition Payment Report in unredacted form.

9. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of this motion or otherwise deemed waived.

10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: May 30, 2020
New York, New York

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE