**Hearing Date and Time: July 30, 2020 at 11:00 AM (ET)**
**Objection Deadline: July 21, 2020 at 4:00 PM (ET)**

Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| LATAM Airlines Group S.A., *et al.*, | : | Case No. 20-11254 (JLG) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |
| | : | |
| | x | |

## DEBTORS' MOTION FOR AN ORDER
## ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
## AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are:  LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

LATAM Airlines Group S.A. ("LATAM Parent") and certain of its affiliated

debtors and debtors-in-possession (collectively, the "Debtors")[2], hereby submit this motion (the

"Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the

"Proposed Order"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "Local Rules").  In support of this Motion, the Debtors respectfully state as

follows:

## BACKGROUND

1.      On May 26, 2020 (the "Petition Date"), the Debtors each filed voluntary

petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors

continue to operate their businesses and manage their properties as debtors-in-possession

pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly

administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and

the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* (ECF No. 34)

entered by the Court in each of the Chapter 11 Cases.  On June 5, 2020, the United States Trustee

for Region 2 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the

"UCC").  No trustee or examiner has been appointed in these Chapter 11 Cases.

2.      LATAM is Latin America's leading airline group, with a history

extending back ninety years, and boasting one of the largest route networks in the world.  Before

the onset of the COVID-19 pandemic, LATAM offered passenger transport services to 145

different destinations in twenty-six countries, including domestic flights in Argentina, Brazil,

---

[2]      LATAM Parent, and its debtor and non-debtor subsidiaries and affiliates are collectively referred to as
"LATAM".

Chile, Colombia, Ecuador and Peru, and international services within Latin America as well as to

Europe, the United States, the Caribbean, Oceania, Asia and Africa.  As of the Petition Date,

LATAM had a total fleet of 340 aircraft,[3] and in 2019, transported more than seventy-four

million passengers around the world.  While the majority of LATAM's revenues have

traditionally come from its passenger airline services, LATAM also offers cargo-related services

to 151 destinations in twenty-nine countries.  In 2019, LATAM's consolidated revenues were

over $10 billion, of which the Debtors' comprised approximately $4 billion.  The Debtors have

substantial international operations, and their ability to maintain these international operations is

a critical element of the overall success of the Debtors' business.

3.      At the beginning of 2020, LATAM was financially and operationally the

strongest group in Latin America and poised to continue its upward trajectory, projecting growth

in all of its passenger segments, as well as its cargo business.  Unfortunately, like so many

businesses around the world, the unprecedented effects of the COVID-19 global pandemic have

significantly affected LATAM's operations and its business plan.  On March 11, 2020 the World

Health Organization declared the widespread outbreak of the novel COVID-19 a global

pandemic.  Over the intervening weeks, countries around the world, including each of those in

which the Debtors have their primary operations, announced severe travel restrictions and/or

outright closure of their borders.

4.      The impact on the airline industry was almost instantaneous, and by April

2020, in response to the precipitous decline in air travel, LATAM reduced its passenger routes

by 95%.  LATAM's cargo operations largely have been unaffected by the COVID-19 pandemic.

Indeed, cargo operations have increased in recent months, including to provide much needed

---

[3]      This number comprises both aircraft operated by LATAM and a small number that are leased to third-parties.

medical and other critical supplies to areas affected by the pandemic.  Although LATAM expects

continued demand for its cargo operations, that demand cannot fully offset the impact of the

COVID-19 pandemic on LATAM's business.

       5.     Despite undertaking meaningful cost-saving and liquidity preserving

measures, LATAM's liquidity position has continued to deteriorate in the wake of the COVID-

19 pandemic, necessitating the commencement of the Chapter 11 Cases.  Additional information

regarding the Debtors' business, capital structure and the circumstances leading to the

commencement of the Chapter 11 Cases is set forth in the *Declaration of Ramiro Alfonsín Balza*

*in Support of First day Motions and Applications in Compliance with Local Rule 1007-1* (ECF

No. 3) (the "First Day Declaration"),[4] which is incorporated by reference herein.

       6.     On May 27, 2020, the Grand Court of the Cayman Islands granted the

applications of certain of the Debtors for the appointment of provisional liquidators pursuant to

section 104(3) of the Companies Law (2020 Revision).  On June 4, 2020, the 2nd Civil Court of

Santiago, Chile issued an order recognizing the Chapter 11 proceeding with respect to the

LATAM Airlines Group S.A., Lan Cargo S.A., Fast Air Almacenes de Carga S.A., Latam Travel

Chile II S.A., Lan Cargo Inversiones S.A., Transporte Aéreo S.A., Inversiones Lan S.A., Lan

Pax Group S.A. and Technical Training LATAM S.A.  In addition, on June 12, 2020, the

Superintendence of Companies of Colombia granted the recognition to the Chapter 11

proceedings.

### JURISDICTION AND VENUE

       7.     The United States Bankruptcy Court for the Southern District of New

York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

---

[4]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant

to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

The statutory predicates for the relief requested herein are sections 105(a), 330, and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a).

## RELIEF REQUESTED

8.     The Debtors request that the Court enter an order substantially in the form

attached hereto as Exhibit A establishing procedures for the monthly allowance and payment of

compensation and reimbursement of expenses for professionals whose services are authorized by

the Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code and who will be

required to file applications for allowance of compensation and reimbursement of expenses

pursuant to sections 328, 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

(the "Interim Compensation Procedures").

9.     The proposed Interim Compensation Procedures generally conform to the

standing General Order M-412 of the Court, dated December 21, 2010, and Local Rule

2016-1(c).

10.     Given the size and complexity of the Chapter 11 Cases, the Debtors

require the assistance of various professionals to efficiently manage these proceedings.

Accordingly, the Debtors have been authorized to employ and retain a number of professionals,

including, without limitation: (i) Cleary Gottlieb Steen & Hamilton LLP ("Cleary") as counsel to

the debtors-in-possession; (ii) Prime Clerk LLC ("Prime Clerk") as claims and noticing agent;

(iii) PJT Partners LP ("PJT") as investment banker; (iv) FTI Consulting, Inc. and its affiliates

(collectively, "FTI") as financial advisor; (v) Ocean Tomo LLC ("Ocean Tomo") as intellectual

property valuation consultants; (vi) Togut, Segal & Segal LLP ("Togut") as co-counsel to the

debtors-in-possession; (vii) Claro & Cia[5] ("Claro") as special Chilean counsel; and (viii)

Brigard Urrutia Abogados S.A.S. ("Brigard") as special Colombian counsel. The Debtors

anticipate the potential need to file additional retention applications as the Chapter 11 Cases

progress (collectively, the "Debtors' Professionals").[6] The UCC has retained Dechert LLP as

proposed legal counsel, UBS Securities LLC as proposed investment banker and Conway

MacKenzie, Inc. as proposed financial advisors to the UCC, Klestadt Winters Jureller Southard

& Stevens, LLP as proposed conflicts counsel, Morales & Besa LTDA as proposed Chilean

counsel, and will likely seek to retain additional professionals (collectively, with the Debtors'

Professionals, the "Retained Professionals").

11.     The Debtors believe that the Interim Compensation Procedures will permit

the efficient and orderly review and administration of Retained Professionals' fees and expenses

during these Chapter 11 Cases, conserving the resources of the Debtors, the Court, and the U.S.

Trustee.

12.     The Interim Compensation Procedures set forth below substantially

comply with the Court's *Amended Guidelines for Fees and Disbursements for Professionals in*

*Southern District of New York Bankruptcy Cases*, dated January 29, 2013, and the U.S. Trustee's

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

---

[5]     Claro & Cia is a Sociedad Colectiva Civil, a general partnership law firm, organized under the laws of Chile.

[6]     On June 28, 2020, the Court entered the Order Granting Application to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date, ECF No. 389 (the "OCP Order"), granting the Debtors' the authority to employ certain professionals (collectively, the "Ordinary Course Professionals"). Pursuant to the OCP Order, Ordinary Course Professionals will not need to file individual retention applications and will be paid in full without interim or final fee applications, subject to monthly aggregate caps on fees and expenses. Notwithstanding the above, the Debtors reserve the right to file a separate retention application for any Ordinary Course Professional that exceeds the applicable OCP Case Cap, as defined in the OCP Order, in which case such professional would be subject to the Interim Compensation Procedures.

*under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases*, effective November 1, 2013

(collectively, the "Fee Guidelines"):

### A.    Monthly Statements

(a)    On or before the thirtieth day of each month following the month for which compensation is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement") by email, hand, or overnight delivery, on the following parties (collectively, the "Fee Notice Parties"):

    (i)    The Debtors c/o LATAM Airlines Group S.A., 6500 NW 22nd Street Miami, FL 33131, Attn: Helen Warner (email: helen.warner@latam.com);

    (ii)    Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006, Attn: Richard J. Cooper, Esq., Lisa M. Schweitzer, Esq., and Luke A. Barefoot, Esq. (email: rcooper@cgsh.com, lschweitzer@cgsh.com, and lbarefoot@cgsh.com);

    (iii)    Co-Counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut, Esq. and Kyle Ortiz, Esq. (email: altogut@teamtogut.com and kortiz@teamtogut.com);

    (iv)    The United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian S. Masumoto, Esq. and Serene Nakano, Esq. (email: brian.masumoto@usdoj.gov and serene.nakano@usdoj.gov);

    (v)    Proposed Counsel for the UCC, Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, New York 10036-6797, Attn: Allan Brilliant, Esq. and Craig Druehl, Esq. (email: allan.brilliant@dechert.com and craig.druehl@dechert.com); and

    (vi)    Proposed Counsel for the ad hoc group of LATAM Bondholders, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020-1095, Attn: John K. Cunningham, Esq. and Richard S. Kebrdle, Esq. (email: jcunningham@whitecase.com and rkebrdle@whitecase.com).

(b)    On or before the thirtieth day of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Fee Statement with the Court; however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because the Order does not alter the fee application requirements outlined in sections 330 and 331

of the Bankruptcy Code.  Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

(c)     Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(d)     Except as otherwise ordered by the Court, for those Retained Professionals who bill hourly, each Monthly Fee Statement must contain a list of the individuals—and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.  No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Fee Guidelines.

(e)     For those Retained Professionals who bill on a fixed or flat fee basis, each Monthly Fee Statement will contain such details as required by their respective retention orders.

(f)     If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection") such party shall, by no later than 12:00 p.m. (Prevailing Eastern Time) on the date that is fifteen days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Retained Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)     At the expiration of the Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (f) above.

(h)     If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g).

(i)     If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Fee Notice Parties a statement

indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g), that portion of the Monthly Fee Statement that is no longer subject to the Objection.

(j)    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court.

(k)    The service of a Notice of Objection to Fee Statement in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

**B.    Interim Fee Applications**

(a)    Commencing with the period beginning with the Petition Date (May 26, 2020) and ending September 30, 2020, and at four-month intervals thereafter (each such period, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during each applicable Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than forty-five days after the end of an Interim Fee Period. Each Retained Professional shall file its first Interim Fee Application on or before November 16, 2020[7] and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including September 30, 2020.

(b)    The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than thirty days after the expiration of the 45-day period set forth in paragraph (a), unless otherwise agreed to by the Debtors, the U.S. Trustee, and the UCC. At least thirty days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline. Any Retained Professional unable to file its own Interim Fee Application with the

---

[7]    Forty-five days after the end of the first Interim Fee Period (September 30, 2020) is November 14, 2020, which lands on a Saturday. Thus, under Bankruptcy Rule 9006(a)(1)(c), the deadline would be the first non-holiday, non-weekend day, which is Monday, November 16, 2020.

Court shall deliver to the Debtors' attorneys a fully executed copy, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

(c)    Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided under the Proposed Order until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(d)    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(e)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals. To the extent authorized by the Court, including in an order allowing a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% of the fees withheld from each Monthly Fee Statement) and expenses not previously paid.

(f)    Counsel for the UCC may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the UCC; provided, that such reimbursement requests must comply with the Fee Guidelines, and any other applicable fee and expense guidelines adopted by the Court. Notwithstanding the foregoing, the Debtors are authorized to promptly pay upon the receipt of invoices therefore the actual and necessary expenses, other than compensation and reimbursement of expenses specified in paragraph four of section 503(b) of the Bankruptcy Code, incurred by a natural person who is a member of such committee in the performance of the duties of such committee. The payment of such expenses as provided herein shall be subject to, and shall not have any effect on, the Court's interim and final allowance of reimbursement of such expenses.

## **BASIS FOR RELIEF**

13.    Pursuant to section 331 of the Bankruptcy Code, all professionals are

entitled to submit applications for interim compensation and reimbursement of expenses every

120 days, or more often if permitted by the court.  *See* 11 U.S.C. § 331.  Section 105(a) of the

Bankruptcy Code authorizes the court to issue any order "necessary or appropriate to carry out

the provisions of the [Bankruptcy Code.]"  11 U.S.C. § 105(a).  Moreover, General Orders M-

412, M-427, and M-447 of the Court, and Local Rule 2016-1, establish procedures for monthly

compensation and reimbursement of expenses of professionals in chapter 11 cases.

14.     The proposed Interim Compensation Procedures will enable the Debtors to

monitor the administration, forecast cash flows, and implement efficient cash management

procedures.  Such procedures will allow the Court, the U.S. Trustee, and other parties in interest,

to ensure that any compensation and reimbursement requested by Retained Professionals is

reasonable and necessary to the effective resolution of these Chapter 11 Cases.

15.     Courts in this jurisdiction have approved relief similar to the relief

requested herein.  *See, e.g.*, *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr.

S.D.N.Y. June 9, 2020), ECF No. 256; *In re Windstream Holdings, Inc.*, Case No. 19-12226

(SCC) (Bankr. S.D.N.Y. July 31, 2019), ECF No. 374; *In re Ditech Holding Corp.*, Case No.

19-10412 (JLG) (Bankr. S.D.N.Y. Mar. 25, 2019), ECF No. 255; *In re Synergy Pharm. Inc.*,

Case No. 18-14010 (JLG) (Bankr. S.D.N.Y. Jan. 24, 2019); ECF No. 262; *In re Waypoint*

*Leasing Holdings Ltd.*, Case No. 18-13648 (SMB) (Bankr. S.D.N.Y. Apr. 22, 2019), ECF No.

374.

16.     The Debtors believe that the proposed Interim Compensation Procedures

are necessary, appropriate, and in the best interest of the Debtors' estates and their creditors and

all other parties in interest.

**<u>NOTICE</u>**

17.     The Debtors have provided notice of this Motion in accordance with the

procedures set forth in the *Order Implementing Certain Notice and Case Management*

*Procedures* (ECF No. 112).  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be provided.

18.    To implement the foregoing successfully, the Debtors request that the

Court find that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a).

## NO PRIOR REQUEST

19.    No prior request for the relief requested herein has been made to this or

any other Court.

[*The remainder of this page is left blank intentionally*]

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request

that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and

(b) grant such other and further relief as is just and proper.

Dated:    July 7, 2020                     */s/ Luke A. Barefoot*
          New York, New York               Richard J. Cooper
                                           Lisa M. Schweitzer
                                           Luke A. Barefoot
                                           Thomas S. Kessler
                                           CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                           One Liberty Plaza
                                           New York, New York 10006
                                           Telephone: (212) 225-2000
                                           Facsimile: (212) 225-3999


                                           *Counsel to the Debtors and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

In re:                                              :    Chapter 11
                                                    :
LATAM Airlines Group S.A., *et al.*,                :    Case No. 20-11245 (JLG)
                                                    :
                                    Debtors.[1]     :    Jointly Administered
                                                    :
                                                    :
——————————————————————— x

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Motion[2] of LATAM Airlines Group S.A., and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") establishing procedures for interim compensation and reimbursement of expenses of professionals; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are:  LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

may enter a final order consistent with Article III of the United States Constitution; and the Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion

is in the best interests of the Debtors, their estates, their creditors and other parties in interest;

and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing

on the Motion was appropriate and no other notice need be provided; and the Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing before the Court (the "Hearing"); and the Court having determined that the legal and

factual bases set forth in the Motion and on the record of the Hearing establish just cause for the

relief granted herein; and all objections to the Motion (if any) having been withdrawn or

overruled; and upon all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

The Motion is GRANTED to the extent set forth herein.

1.      Except as may otherwise be provided by orders of this Court authorizing

the retention of specific professionals, all Retained Professionals and members of the UCC, may

seek interim compensation and/or reimbursement of expenses, in accordance with the following

Interim Compensation Procedures:

### A.    Monthly Statements

(a)     On or before the thirtieth day of each month following the month for which
compensation is sought, each Retained Professional seeking compensation
shall serve a monthly statement (the "Monthly Fee Statement") by email, hand,
or overnight delivery, on the following parties (collectively, the "Fee Notice
Parties"):

(i)     The Debtors c/o LATAM Airlines Group S.A., 6500 NW 22nd Street
Miami, FL 33131, Attn: Helen Warner (email:
helen.warner@latam.com);

(ii)    Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006, Attn: Richard J. Cooper, Esq., Lisa M. Schweitzer, Esq., and Luke A. Barefoot, Esq. (email: rcooper@cgsh.com, lschweitzer@cgsh.com, and lbarefoot@cgsh.com);

(iii)    Co-Counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut, Esq. and Kyle Ortiz, Esq. (email: altogut@teamtogut.com and kortiz@teamtogut.com);

(iv)    The United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian S. Masumoto, Esq. and Serene Nakano, Esq. (email: brian.masumoto@usdoj.gov and serene.nakano@usdoj.gov);

(v)    Proposed Counsel for the UCC, Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, New York 10036-6797, Attn: Allan Brilliant, Esq. and Craig Druehl, Esq. (email: allan.brilliant@dechert.com and craig.druehl@dechert.com); and

(vi)    Proposed Counsel for the ad hoc group of LATAM Bondholders, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020-1095, Attn: John K. Cunningham, Esq. and Richard S. Kebrdle, Esq. (email: jcunningham@whitecase.com and rkebrdle@whitecase.com).

(b)    On or before the thirtieth day of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Fee Statement with the Court; however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because the Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

(c)    Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(d)    Except as otherwise ordered by the Court, for those Retained Professionals who bill hourly, each Monthly Fee Statement must contain a list of the individuals—and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and time entries for each

individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.  No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Fee Guidelines.

(e)     For those Retained Professionals who bill on a fixed or flat fee basis, each Monthly Fee Statement will contain such details as required by their respective retention orders.

(f)     If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection") such party shall, by no later than 12:00 p.m. (Prevailing Eastern Time) on the date that is fifteen days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Retained Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)     At the expiration of the Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (f) above.

(h)     If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g).

(i)     If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Fee Notice Parties a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g), that portion of the Monthly Fee Statement that is no longer subject to the Objection.

(j)     All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court.

(k)     The service of a Notice of Objection to Fee Statement in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee

4

application subsequently made to the Court in accordance with the Bankruptcy Code.

**B.      Interim Fee Applications**

(a)      Commencing with the period beginning with the Petition Date (May 26, 2020) and ending September 30, 2020, and at four-month intervals thereafter (each such period, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during each applicable Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than forty-five days after the end of an Interim Fee Period. Each Retained Professional shall file its first Interim Fee Application on or before November 16, 2020[3] and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including September 30, 2020.

(b)      The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than thirty days after the expiration of the 45-day period set forth in paragraph (a), unless otherwise agreed to by the Debtors, the U.S. Trustee, and the UCC. At least thirty days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline. Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

(c)      Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided under this Order until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(d)      The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the

---

[3]      Forty-five days after the end of the first Interim Fee Period (September 30, 2020) is November 14, 2020, which lands on a Saturday. Thus, under Bankruptcy Rule 9006(a)(1)(c), the deadline would be the first non-holiday, non-weekend day, which is Monday, November 16, 2020.

future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(e) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals. To the extent authorized by the Court, including in an order allowing a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% of the fees withheld from each Monthly Fee Statement) and expenses not previously paid.

(f) Counsel for the UCC may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the UCC; provided, that such reimbursement requests must comply with the Fee Guidelines, and any other applicable fee and expense guidelines adopted by the Court. Notwithstanding the foregoing, the Debtors are authorized to promptly pay upon the receipt of invoices therefore the actual and necessary expenses, other than compensation and reimbursement of expenses specified in paragraph four of section 503(b) of the Bankruptcy Code, incurred by a natural person who is a member of such committee in the performance of the duties of such committee. The payment of such expenses as provided herein shall be subject to, and shall not have any effect on, the Court's interim and final allowance of reimbursement of such expenses.

2. The amount of compensation sought shall be set out in U.S. dollars. If the compensation is to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission.

3. The Debtors shall include all payments to Retained Professional on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided that amounts paid to ordinary course professionals may be stated in the aggregate on any monthly operating report.

4. Notice of hearings to consider Interim Fee Applications shall be limited to the Fee Notice Parties and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these Chapter 11 Cases.

5.      All time periods set forth in this Order shall be calculated in accordance with bankruptcy Rule 9006(a).

6.      The Debtors shall serve a copy of this Order on each of the Retained Professionals, the Fee Notice Parties, and all persons and entities that have formally appeared and requested service in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 112).

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.


Dated: _____, 2020
      New York, New York

                                 _____
                                 HONORABLE JAMES L. GARRITY JR.
                                 UNITED STATES BANKRUPTCY JUDGE