**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br>LATAM Airlines Group S.A., et al.,<br>Debtors. | Chapter 11<br><br>Case No. 20-11254 (JLG)<br><br>Jointly Administered |

**DECLARATION OF MAURICIO TAPIA RODRIGUEZ**

I, Mauricio Tapia Rodríguez, state as follows:

1. Corporación Nacional De Consumidores y Usuarios De Chile ("CONADECUS A.C."), is one of the oldest consumer organizations in Chile with a network of 100 members and collaborators. Its main activities are to inform and educate consumers through its website, radio and TV programs, the handling of individual complaints from individual consumers, provision of legal support and undertaking collective redress actions on behalf of consumers. On May 29, 2020, CONADECUS filed a complaint against LATAM Airlines Group S.A. ("LATAM") seeking damages on behalf of Chilean consumers relating to LATAM's cancellation and rescheduling of air travel rights.

2. On June 9, 2020, the complaint filed by CONADECUS A.C. against LATAM was declared admissible.

3. On July 11, 2020, LATAM requested a stay of the CONADECUS A.C. case due to this U.S. bankruptcy proceeding (the "U.S. Bankruptcy Action").

4. On July 17, 2020, the 23° Juzgado Civil de Santiago granted the stay requested by LATAM.

5. On June 12, 2020, the Asociación de Consumidores y Usuarios de Chile (AGRECU) filed a complaint against LATAM Airlines Group S.A. ("LATAM") for damages affecting the collective and diffuse interests of airline passengers (the consumers), that was virtually identical to the earlier filed CONADECUS A.C. complaint on behalf of the same airline passengers (consumers) on whose behalf CONADECUS A.C. first filed its lawsuit. Attached hereto as Exhibit 1 is a true and correct copy of the AGRECU complaint dated June 12, 2020.

6. On June 19, 2020, the complaint filed by AGRECU against LATAM was declared admissible.

7. On July 11, 2020, LATAM requested a stay of the AGRECU case due to the U.S. Bankruptcy Action.

8. On July 17, 2020, the 25° Juzgado Civil de Santiago rejected the stay requested by LATAM. Attached hereto as Exhibit 2 is a true and correct copy of the order denying LATAM's stay request.

9. On July 22, 2020, LATAM filed a motion for reversal, with a subsidiary appeal of the order that rejected the stay. That motion for reversal was rejected on July 27, 2020, granting the alternative appeal. Attached hereto as Exhibit 3 is a true and correct copy of the motion for reversal.

10. On August 21, 2020, LATAM filed an answer to the complaint ("Answer") presented by AGRECU, requesting the dismissal of all of AGRECU's claims, and seeking costs.

11. On October 1, 2020, a Conciliation (*i.e.* Settlement) Hearing was held between AGRECU and LATAM, related to the AGRECU Action. Attached hereto as Exhibit 4 is a true and correct copy of a transcript of the hearing.

12. On October 4, 2020, CONADECUS A.C. entered into the case filing a motion seeking a consolidation of the action initiated by CONADECUS A.C. against LATAM at 23° Juzgado Civil de Santiago and the AGRECU action and requesting that the Court reject the Conciliation/Settlement reached in the AGRECU Action. Attached hereto as Exhibit 6 is a true and correct copy of the motion. This motion was rejected on October 5, 2020.

13. On October 5, 2020, the 25° Juzgado Civil de Santiago agreed to the approval of the Conciliation/Settlement reached between AGRECU and LATAM. Attached hereto as Exhibit 5 is a true and correct copy of the order.

14. On October 7, 2020, the Servicio Nacional del Consumidor (SERNAC), the agency of the State of Chile responsible for ensuring the protection of consumer rights established in Ley No. 19.496, filed a document with the court stating that

　　a. The Consumer Associations may take part in a case at any time, since both the LPC and supplemental rules to the Code of Civil Procedure (hereinafter "CPC") do not provide a time limit (N° 3).
　　b. That class actions that are pending against the same service provider for the same claims, at the time of publication of the motion for admissibility, must be accumulated (*i.e.* consolidated).

Attached hereto as Exhibit 7 is a true and correct copy of the document filed by SERNAC.

15. On October 8, 2020, CONADECUS filed a request with the Court seeking to reject the settlement. (A copy of Movant's submission is annexed as Exhibit 8 to the Tapia Decl.)

16. On October 19, 2020, Judge Susana Rodríguez Muñoz, the Judge presiding over the AGRECU Action, recused herself on the grounds that she believed she was subject to the

3

grounds of recusal as stated in article 196 N°5 of Código Orgánico de Tribunales since she was a LATAM consumer potentially part of the class whose claims were being settled. Attached hereto as Exhibit 9 is a true and correct copy of the communication from the Judge.

17. On October 20, 2020, CONADECUS A.C. requested the correction of the proceeding and, in subsidiary, against the resolution dated October 5, 2020 that rejected all the requests made by CONADECUS A.C., and, in the subsidiary, appealing (*i.e.* a motion to reconsider).

18. On October 21, 2020, LATAM renounced the request for recusal by Judge Ms. Susana Rodríguez Muñoz of 25° Juzgado Civil de Santiago. Attached hereto as Exhibit 10 is a true and correct copy of the document filed by LATAM's attorneys.

19. Also, on October 21, 2020, AGRECU renounced the request for recusal by Judge Ms. Susana Rodríguez Muñoz of 25° Juzgado Civil de Santiago. .

20. On October 26, 2020, 25° Juzgado Civil de Santiago acknowledged the opposition to the request for recusal filings presented by LATAM and AGRECU.

21. On October 22, 2020, CONADECUS A.C filed a motion for nullity of all the proceedings that have been completed under Judge Susana Rodríguez Muñoz due to the declared disqualification and, in the subsidiary, to declare the nullity of all the proceedings. Attached hereto as Exhibit 11 is a true and correct copy of the motion.

22. On November 16, 2020, the motion to nullity filed by CONADECUS A.C. was rejected, resolution against which a motion for reconsideration with a subsidiary appeal was filed on November 19, 2020. The appeal was finally submitted to the Court of Appeals Ilustrísima Corte de Apelaciones de Santiago on December 9, 2020. A true and correct copy of the appeal is annexed hereto as Exhibit 12.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 11, 2020, in Santiago, Chile.

  /s/ Mauricio Tapia Rodríguez

Mauricio Tapia Rodríguez