# EXHIBIT 6

**EN LO PRINCIPAL:** Se hace parte como tercero excluyente; **PRIMER OTROSÍ**: Solicita la acumulación de autos; **SEGUNDO OTROSÍ:** En subsidio, solicita se rechace la conciliación arribada en este juicio; **TERCER OTROSI**: Reserva de acciones; **CUARTO OTROSÍ:** Acompaña documentos; **QUINTO OTROSÍ:** Acredita personería acompañando documentos; **SEXTO OTROSÍ:** Patrocinio y poder.

## 25° JUZGADO CIVIL DE SANTIAGO

**HERNÁN CALDERÓN RUIZ**, constructor civil, cédula nacional de identidad N°6.603.659-6. Presidente de la CORPORACIÓN NACIONAL DE CONSUMIDORES Y USUARIOS DE CHILE, ASOCIACIÓN DE CONSUMIDORES – "CONADECUS A.C." y su representante legal, como se acredita por documento acompañado en el tercer otrosí, ambos domiciliados en calle Valentín Letelier N°15, comuna de Santiago, en los autos sobre procedimiento especial colectivo LPC, caratulados **"AGRECU / LATAM AIRLINES GROUP S.A"**, causa **Rol C-8903-2020**, cuaderno principal, a S.S., respetuosamente digo:

Que, en la representación que invisto, y atendidas las facultades que le confieren a CONADECUS A.C. los artículos 5° y 8° y 50 y ss., todos de la Ley N°19.496 sobre Protección de los Derechos de los Consumidores, vengo en solicitar a S.S. tener como parte a CONADECUS A.C. en el presente juicio, en calidad tercero excluyente; lo anterior, por las razones de hecho y derecho que a continuación expongo:

**A.     INTERÉS ACTUAL DE CONADECUS A.C. EN EL PRESENTE JUICIO**

1.  Ante todo, CONADECUS A.C., en su rol de asociación de consumidores, garante desde hace dos décadas de los intereses de los consumidores, sobre todo en el ámbito colectivo y difuso, según lo dispone la propia ley del consumidor, interpuso, antes de iniciarse este juicio (con fecha 29 de mayo del 2020), una demanda por afectación del interés colectivo de los consumidores contra LATAM AIRLINES GROUP S.A. (en adelante, LATAM), ante el 23° Juzgado Civil de Santiago, Rol N° C-8498-2020 (una copia de la demanda presentada por CONADECUS A.C. se acompaña en un otrosí de esta presentación).

2.  Por su parte, el Acta de Audiencia de Conciliación, de fecha 1 de octubre del 2020, celebrada entre Asociación de Consumidores y Usuarios de Chile (en adelante, AGRECU) y LATAM, alcanzada en este juicio **compromete gravemente los derechos de los consumidores** representados por CONADECUS A.C., en consideración al efecto *erga omnes* que pretende generar, interfiriendo en la continuación del juicio individualizado en el literal anterior por la naturaleza de equivalente jurisdiccional que tiene el acta de conciliación aprobada judicialmente, lo que envuelve una gravísima infracción a los derechos irrenunciables de los consumidores.

3.  En efecto, esa Acta de Audiencia de Conciliación envuelve la renuncia de derechos indisponibles de los consumidores representados por CONADECUS A.C., según establece el artículo 4 de la Ley N°19.496, estableciendo condiciones claramente favorables para el proveedor. Tales

1

    renuncias dicen relación con las modalidades de restituciones concedidas, la liberación del proveedor de la reparación de los cuantiosos los daños materiales y morales provocados, y de la sanción de las innumerables infracciones a la normativa de orden público de protección de los consumidores en que ha incurrido LATAM.

4. Por ello, de aprobarse esta Acta de Audiencia de Conciliación, se estarían afectando gravemente los derechos de los consumidores representados por CONADECUS A.C., cuestión que representa un interés actual, fundado en derechos irrenunciables conforme lo establece el artículo 23 del Código de Procedimiento Civil, que obliga a mi representada a hacerse parte en este juicio para resguardar tales derechos.

**B.    CALIDAD EN QUE INTERVIENE CONADECUS A.C.**

1. Por otra parte S.S., y habiéndose acreditado cómo es efectivo que CONADECUS A.C. tiene un interés actual en el resultado del presente juicio, en defensa de derechos irrenunciables de los consumidores, solicitamos respetuosamente tenerla como parte en calidad de tercero excluyente, en conformidad a lo dispuesto en el artículo 23 inciso tercero del Código de Procedimiento Civil, en concordancia con lo dispuesto en los artículos 22 y 16 del mismo cuerpo legal, ya que CONADECUS A.C. se encuentra habilitado para actuar por medio de sus propios apoderados, pudiendo separadamente hacer las alegaciones y rendir las pruebas que estime conducentes, sin entorpecer la marcha regular del juicio.

2. En otras palabras S.S., el interés que asiste a CONADECUS A.C. en defensa de los derechos irrenunciables de los consumidores es inequívoca y absolutamente incompatible con la actuación de AGRECU en estos autos, en atención a que esta parte defiende todos los derechos irrenunciables de los consumidores vulnerados por LATAM que AGRECU **pretende ilegalmente transigir**, por lo que se encuentra habilitada para ejercerlos en forma autónoma y por medio de sus abogados patrocinantes y apoderados, pues de lo contrario se estaría vulnerando de manera flagrante su derecho de defensa, garantizado por el artículo 19 N°3 de la Constitución Política de la República y por diversos Tratados Internacionales Ratificados por Chile y que se encuentran vigentes.

**POR TANTO,**

En mérito de lo expuesto, lo dispuesto en los artículos 23, 22 y 16 del del Código de Procedimiento Civil y demás disposiciones aplicables **SÍRVASE S.S.** tener a CONADECUS A.C. como parte en el presente juicio, en calidad de tercero excluyente.

**PRIMER OTROSÍ**: Que, de conformidad a lo establecido en los artículos 108 y 112 del Código de Orgánico de Tribunales, vengo en solicitar a S.S. se inhiba de seguir conociendo de la demanda de autos, por aplicación de la regla de competencia de la prevención, decretando, además, la acumulación de autos conforme a lo establecen los artículos 92 y siguientes del Código de Procedimiento Civil, para que siga conociendo de este juicio el 23° Juzgado Civil de Santiago conforme a derecho.

2

En efecto S.S. esta regla de orden público indisponible para las partes e imperativa para S.S., determina que, existiendo dos o más tribunales competentes para conocer de un mismo asunto, en este caso una demanda de consumidores representados por dos asociaciones, una vez que un tribunal haya prevenido en el conocimiento de un asunto, que en este caso es el 23° Juzgado Civil de Santiago, S.S. ha perdido competencia.

Naturalmente, entendemos que S.S. no conocía la existencia de ese proceso iniciado con anterioridad, y que LATAM -parte en el otro juicio- no lo hizo presente en la oportunidad procesal que correspondía, esto es, antes de contestar la demanda. Desconocemos las razones por las que LATAM sí litiga en este caso, y arriba a acuerdos pidiendo la aprobación de S.S., mientras que se ha opuesto sistemáticamente a litigar en el juicio iniciado con anterioridad. En otras palabras, pareciera que LATAM quisiera elegir donde litigar.

Pero, ahora, puesto este hecho en conocimiento del tribunal, si S.S. sigue avocándose al conocimiento de este juicio, se estarían infringiendo deliberadamente las reglas de competencia absoluta que establece el Código Orgánico de Tribunales.

Establecido lo anterior, lo que procede conforme a derecho es que S.S. ordene la acumulación de estos autos junto a la acción promovida por CONADECUS A.C., tanto a la luz de la LPC como de las reglas generales establecidas en los artículos 92 y siguientes del Código de Procedimiento Civil.

A continuación, se expone a S.S.: **(A)** El alcance del juicio colectivo previo vigente iniciado por CONADECUS A.C. en contra de LATAM ante el 23° Juzgado Civil de Santiago; **(B)** LATAM sabía de la existencia del juicio iniciado por CONADECUS A.C. y la LPC dispone la acumulación de los juicios colectivos conforme a las reglas generales; y, finalmente **(C)** Se omitió esperar la respuesta del SERNAC.

### A. Juicio colectivo previo vigente iniciado por CONADECUS A.C. en contra de LATAM ante el 23° Juzgado Civil de Santiago

1. Con fecha 29 de mayo de 2020 CONADECUS A.C. interpuso demanda por infracciones en defensa del interés colectivo de los consumidores en contra de LATAM. El conocimiento de este libelo quedó radicado en el 23° Juzgado Civil de Santiago, cuyo asignado es Rol C-8498-2020.
2. Posteriormente, con fecha 9 de junio de 2020, la demanda fue declarada admisible y le fue notificada a LATAM personalmente conforme al artículo 44 del CPC el día 25 de junio de 2020.
3. El día 4 de julio de 2020, LATAM dedujo recurso especial de reposición establecido en el artículo 52 de la LPC en contra de la resolución que declaró admisible la demanda.
4. Encontrándose pendiente la resolución del recurso especial de reposición, con fecha 11 de julio de 2020, LATAM solicitó la suspensión del procedimiento amparándose en la resolución dictada por el 2° Juzgado Civil de Santiago, en causa Rol C-8553-2020, sobre procedimiento de reconocimiento de reorganización transfronteriza de LATAM.
5. Posteriormente, por resolución de fecha 17 de julio de 2020, el 23° Juzgado Civil de Santiago, acogió la solicitud presentada por LATAM y ordenó la suspensión del procedimiento, sin

3

pronunciarse sobre el recurso especial de reposición deducido en contra de la resolución que había declarado admisible la demanda.

6. En contra de resolución que decretó la suspensión del procedimiento, con fecha 21 de julio de 2020 CONADECUS A.C. interpuso recurso de reposición con apelación en subsidio; siendo rechazado el recurso de reposición, teniéndose por interpuesta la apelación el día 3 de agosto de 2020. A la fecha se encuentra pendiente de ser resuelto el recurso de apelación que tiene asignado el Rol de Ingreso Corte de Apelaciones 9748-2020.

7. Como S.S. puede bien apreciar, el juicio iniciado por CONADECUS A.C. en contra de LATAM, en ningún caso se encuentra terminado, sólo suspendido; por lo que una vez terminada la suspensión debe continuar la tramitación de éste.

8. Lo señalado anteriormente, resulta especialmente relevante (y grave), en el entendido que el juicio de marras fue iniciado por AGRECU recién el día 12 de junio de 2020, siendo notificada la demanda a LATAM recién el día 7 de julio de 2020. Es decir, este juicio no solo fue iniciado con posterioridad sino, que, además, la demanda también fue notificada después que LATAM ya había comparecido al otro juicio iniciado por CONADECUS A.C.

### B. LATAM SABÍA DE LA EXISTENCIA DEL JUICIO PREVIO INICIADO POR CONADECUS A.C.

1. Tal como se explicó en el título anterior, LATAM fue notificada de la demanda presentada por CONADECUS A.C. el día 25 de junio de 2020, e incluso compareció a aquel juicio el día 4 de julio de 2020.

2. Lo anterior resulta especialmente relevante, ya que el artículo 51 N°9 de la LPC, expresamente dispone que las demandas colectivas de deben acumular conforme a las reglas generales:

   *"[…] 9.- Las acciones cuya admisibilidad se encuentre pendiente,* **se acumularán de acuerdo a las reglas generales.** *Para estos efectos,* **el Servicio Nacional del Consumidor oficiará al juez el hecho de encontrarse pendiente la declaración de admisibilidad de otra demanda por los mismos hechos.**"

3. Por su parte, el artículo 96 del Código de Procedimiento Civil dispone que: "**Si los juicios están pendientes ante tribunales de igual jerarquía, el más moderno se acumulará al más antiguo**; *pero en el caso contrario, la acumulación se hará sobre aquel que esté sometido al tribunal superior.*"

4. Como S.S. puede advertir, LATAM ha actuado con una evidente mala fe en este juicio, ya que sabiendo que éste debía acumularse al juicio iniciado previamente por CONADECUS A.C. (tramitado ante el 23° Juzgado Civil de Santiago), en vez de haber solicitado la acumulación de autos, optó por guardar silencio y continuar con su tramitación.

5. Lo señalado anteriormente, resulta especialmente relevante ya que, en estos juicios especiales, la regla de acumulación de autos está estrechamente vinculada por la regla especial de competencia absoluta de la "prevención" establecida en el artículo 112 del Código Orgánico de Tribunales, que dispone que: *"Siempre que según la ley fueren competentes para conocer de un mismo asunto dos o más tribunales, ninguno de ellos podrá excusarse del conocimiento bajo el pretexto de haber otros tribunales que puedan conocer del mismo asunto;* **pero el que haya prevenido en el conocimiento excluye a los demás, los cuales cesan desde entonces de ser competentes.**"

4

6. Por lo tanto, siendo el juicio de CONADECUS A.C. contra LATAM tramitado ante el 23° Juzgado Civil, el primero en iniciarse, tramitarse y notificarse, operó la regla de competencia absoluta de la prevención y, por lo tanto, S.S. solo debió ordenar la acumulación de estos autos, tal como lo dispone el artículo 51 N°9 de la LPC ya que no tenía competencia para continuar con la tramitación del procedimiento.
7. No está demás está decir S.S. que la incompetencia absoluta implica un vicio procesal que no es posible de ser subsanado.

### C. SE OMITIÓ ESPERAR LA RESPUESTA DEL SERNAC

1. Tal como se indicó en el título anterior, el artículo 51 N°9 de la LPC, expresamente dispone que las demandas colectivas de deben acumular conforme a las reglas generales:

   *"[…] 9.- Las acciones cuya admisibilidad se encuentre pendiente*, **se acumularán de acuerdo a las reglas generales**. *Para estos efectos*, **el Servicio Nacional del Consumidor oficiará al juez el hecho de encontrarse pendiente la declaración de admisibilidad de otra demanda por los mismos hechos.**"

2. Conforme a lo anterior, en la resolución de 19 de junio de 2020 (que declaró admisible la demanda) S.S. dispuso oficiar al SERNAC (en la parte que proveyó el segundo otrosí) precisamente con el fin de dar cumplimiento a lo establecido en el artículo 51 N°9 de la LPC.
3. Pues bien, **a la fecha, no hay antecedente alguno en el proceso que de cuenta del hecho haberse tramitado aquel oficio, ni menos de una respuesta del SERNAC.**
4. Como S.S. puede advertir, los hechos antes descritos resultan especialmente graves, ya que demuestran que de parte de LATAM -al menos- existió un claro ocultamiento a S.S. respecto a la existencia del juicio tramitado ante el 23° Juzgado Civil, y lo que es peor, el juicio continuó su tramitación sin haberse esperado la respuesta del oficio de parte del SERNAC.

### POR TANTO;

De conformidad a los argumentos previamente expuestos, reglas legales aplicables en la especie y el principio *iura novit curia*, **SÍRVASE S.S.** inhibirse de seguir conociendo de estos autos, ordenando su acumulación conforme establece la Ley de Protección de los Consumidores y el Código de Procedimiento Civil, con expresa condena en costas.

**SEGUNDO OTROSÍ**: Que, para el evento improbable que S.S. rechace la acumulación de autos; **en subsidio**, vengo en solicitar a S.S. **rechazar el acuerdo arribado en este juicio** según Acta de Audiencia de Conciliación, de fecha 1 de octubre del 2020, entre Asociación de Consumidores y Usuarios de Chile (AGRECU) y LATAM Airlines Group S.A.; lo anterior, en base a los siguientes antecedentes que expongo a continuación:

5

1.  Para comprender los fundamentos de esta solicitud de rechazo, resulta especialmente relevante señalar S.S. que este procedimiento se inició por demanda interpuesta por la Asociación de Consumidores AGRECU con fecha 12 de junio de 2020, en cuyo petitorio se solicita **exclusivamente** lo siguiente:

    *"a) Declarar admisible la demanda colectiva, por cumplir con los requisitos establecidos en el artículo 52 de la Ley N°19.496 y, en consecuencia, conferirle traslado a la demandada por el plazo de diez días fatales para contestar la demanda, conforme a los dispuesto en el inciso segundo del citado artículo.*

    *b) Declarar la procedencia y monto de las indemnizaciones o reparaciones materiales y morales solicitadas en la presente demanda, a favor de los consumidores que fueron afectados por las conductas de ladas demandadas, pertenecientes tanto al interés colectivo y difuso, todo lo anterior, conforme a los artículos 51 y siguientes, 53 A y 53 C letra c) todos de la LPC.*

    *c) Ordenar las publicaciones indicadas en la letra e) del artículo 53 C de la ley N°19.496.*

    *d) Condenar en constas a la demandada".*

2.  Que se señaló S.S, CONADECUS A.C., en su rol de asociación de consumidores, garante desde siempre de los intereses de los consumidores, sobre todo en el ámbito colectivo y difuso, según lo dispone la propia ley del consumidor, interpuso, antes -incluso- de iniciarse este juicio (con fecha 29 de mayo del 2020), una acción de protección del interés colectivo contra LATAM AIRLINES GROUP S.A, ante el 23° Juzgado Civil de Santiago, Rol N° C-8498-2020, basada en circunstancias fácticas y pretensiones que en parte coinciden con las que se contienen en la demanda presentada por AGRECU en este juicio (una copia de la demanda presentada por CONADECUS A.C. se acompaña en un otrosí de esta presentación), ~~pero que van más allá, pues alcanzan la sanción de todas las infracciones cometidas por LATAM, la supresión de cláusulas abusivas, la restitución de todas las sumas adeudadas y la reparación integra de todos los daños patrimoniales y morales provocados~~.

3.  Del análisis entre una y otra demanda se concluye -de manera palmaria- que el objeto de este procedimiento es notoriamente menor e incompleto, y por ello, en principio distante con el objeto del juicio iniciado por CONADECUS A.C. ante el 23° Juzgado Civil de Santiago.

4.  Sin embargo, S.S, como Asociación de Consumidores, nos hemos visto desagradablemente sorprendidos, con el contenido del acuerdo arribado en este procedimiento, materializado el día 1 de octubre (según consta en la ya individualizada Acta de Acuerdo), toda vez que en este acuerdo se pueden observar las siguientes **graves irregularidades**, a saber:

    a.  En primer lugar, desde una perspectiva estrictamente sustantiva, el contenido del **acuerdo rompe absolutamente con el principio de congruencia**, dado que nada tiene que ver con los hechos y, en especial, con el petitorio de la demanda (pretensión);

    b.  En segundo lugar, **que el contenido del acuerdo, deja en evidencia un claro fraude a la ley, ya que se extiende a cuestiones y/o materias que jamás fueron objeto de discusión en este juicio** (pero que sí fueron reclamadas por CONADECUS A.C. en el juicio tramitado ante el 23° Juzgado Civil).

5.  En el caso de marras el **fraude a la ley** está dado por el hecho que en este acuerdo no se consideró a las demás asociaciones de consumidores (en especial de CONADECUS A.C.) que

6

no se hicieron parte en este juicio, no por negligencia, sino porque la demanda de AGRECU (los hechos y su petitorio) no comprendía todas las vulneraciones cometidas por LATAM AIRLINES S.A. y que, por cierto, estaban siendo reclamadas en otro juicio (23° Juzgado Civil); sin embargo -y muy curiosamente- el acuerdo arribado en este juicio también las comprende, **a pesar que AGRECU no las reclamó**.

6. En efecto, basta con mirar detalladamente el contenido del acuerdo para advertir el desvío -absoluto- del objeto del juicio (determinado por la fase de discusión) extendiéndolo a materias y hechos totalmente ajenos; sobre todo si se considera la circunstancia que en este acuerdo expresamente se indica que tiene efecto *erga omnes*.

7. Así queda en evidencia, por ejemplo, en el Título II "TERMINACIÓN DEL JUICIO COLECTIVO" punto 3, se indica lo siguiente:

   *"Las **Partes acuerdan** esta Conciliación pues entienden (i) que **Latam ha dado cumplimiento** a las **disposiciones pertinentes de la LPDC y el Código Aeronáutico** respecto del cancelación o reprogramación de vuelos durante el Periodo de Afectación por Pandemia Covid-19; pero que, sin embargo, (ii) esta Conciliación contribuye a dar claridad a los Beneficiarios respecto de sus derechos."*

   **S.S., en ninguna parte de la demanda de AGRECU, se hace mención a las infracciones cometidas por Latam Airlines S.A. a las normas contenidas en el Código Aeronáutico** (que sí se contemplan en la demanda de CONADECUS A.C.), pero que -muy curiosamente- sí aparecen comprendidas en el acuerdo arribado en este juicio.

8. Es evidente S.S. que este ilegal acuerdo constituye **un burdo intento para aprovechar la fase de conciliación como un vehículo para imponer a los consumidores, dados los efectos *erga omnes*** que poseen estos acuerdos por naturaleza, una serie de condiciones y reglas **favorables al proveedor en perjuicio de los consumidores**, con el objeto de limitar el acceso expedito de los consumidores a sus derechos.

9. En efecto, como emana de manifiesto de la demanda acompañada en autos, de la que conoce actualmente el 23° Juzgado Civil de Santiago y cuya competencia se encuentra debidamente radicada conforme a las reglas indisponibles que al efecto establece el Código Orgánico de Tribunales, CONADECUS A.C. ha demandado en representación de un universo mayor de consumidores que AGRECU, incluyendo a todos los afectados y sus legítimos derechos y, además, para que sancionen todas y cada una de las infracciones en que ha incurrido LATAM, conjuntamente con la indemnización de todos los daños y perjuicios, patrimoniales y extrapatrimoniales que los consumidores han sufrido, cuyo monto aún no se determina conforme a derecho. Naturalmente, ello supone no solo una gravísima infracción a los derechos de los consumidores, sino además una flagrante infracción a las reglas de competencia establecidas en el Código Orgánico de Tribunales. En otras palabras, aprobar esta acta de conciliación, significa desconocer la jurisdicción y competencia del 23° Juzgado Civil de Santiago, que se ha radicado conforme a la Ley.

10. Este intempestivo cambio en el objeto del juicio, que insistimos se produce en forma antijurídica adjetiva y sustantivamente, obliga a CONADECUS A.C., en el cumplimiento de su deber legal de resguardo de los intereses de los consumidores, a tomar parte en el presente procedimiento, solicitando a S.S tener presente lo ya expuesto, al momento de resolver el acuerdo ya individualizado, **rechazándolo**.

7

11. **Interés actual de CONADECUS A.C. en que se rechace el Acuerdo**. El interés actual en que S.S. rechace el acuerdo se justifica en lo siguiente: **(i)** como el acuerdo rompe el principio de la congruencia, involucra hechos y materias ajenas a este juico, pero que sí están contenidas en el juicio iniciado por CONADECUS A.C. contra LATAM AIRLINES GROUP S.A, ante el 23° Juzgado Civil de Santiago; por lo que perjudica a los consumidores representados por CONADECUS A.C. ya que el acuerdo no debió involucrar materias ajenas a este juicio (sobre todo si afectan al juicio tramitado ante el 23° Juzgado Civil), **(ii)** Además, porque el acuerdo, con carácter *erga omnes,* establece una serie de condiciones y reglas favorables al proveedor, en perjuicio de los consumidores, con el objeto de limitar el acceso expedito de los consumidores a sus derechos.

### POR TANTO;

**SÍRVASE S.S.:** rechazar el acuerdo arribado por AGRECU y LATAM AIRLINES S.A. contenido en el Acta de Conciliación de fecha 1 de octubre del 2020, por los argumentos de hecho y derecho expuestos.

**TERCERO OTROSÍ:** Que, en relación con el Acta de Audiencia de Conciliación, de fecha 1 de octubre del 2020, entre la Asociación de Consumidores y Usuarios de Chile (AGRECU) y Latam Airlines Group S.A, esta parte, en protección de los legítimos intereses de los consumidores, viene en establecer reserva de las acciones y recursos, que se deriven o recaigan, de la referida conciliación y/o de la resolución que la provea, para todos los efectos legales.

### POR TANTO;

**SÍRVASE S.S.:** tener presente la mencionada reserva de acciones y recursos.

**CUARTO OTROSÍ**: Sírvase S.S. tener por acompañada, con citación, los siguientes documentos.

a. Copia de la demanda interpuesta por CONADECUS A.C. en contra de LATAM AIRLINES S.A. ante el 23° Juzgado Civil de Santiago, Rol N° C-8498-2020, iniciado con fecha 29 de mayo del 2020.
b. Copia de resolución dictada por el 23° Juzgado Civil de Santiago, Rol N° C-8498-2020, que declaró admisible la demanda.
c. Copia de el estampado de notificación de la demanda a LATAM AIRLINES S.A., tramitado ante el 23° Juzgado Civil de Santiago, Rol N° C-8498-2020.

### POR TANTO;

**SÍRVASE S.S.:** tenerlos por acompañados en la forma indicada.

8

**QUINTO OTROSÍ:** Con el fin de acreditar la personería con la que comparezco **SÍRVASE S.S.** tener por acompañados, con citación, o bajo el apercibimiento que corresponda, Certificado Electrónico N° 578487, de fecha 03-10-2020, emitido por la Unidad de Asociaciones Gremiales del Ministerio de Economía, donde consta lo siguiente:

a) Que la Corporación Nacional de Consumidores y Usuarios de Chile, Asociación de Consumidores – CONADECUS A.C- se encuentra inscrita en el Registro de Asociaciones de Consumidores y que su personalidad jurídica está vigente; y,

b) Que el Presidente del Directorio de CONADECUS A.C., y, por lo mismo, su representante legal, es don Hernán Calderón Ruiz, quien suscribe el presente escrito.

POR TANTO;

**SÍRVASE S.S.:** tenerlo por acompañado en la forma indicada.

**SEXTO OTROSÍ**: Sírvase S.S. tener presente que designo como abogados patrocinantes, y confiero poder para actuar en autos, a los abogados habilitados para el ejercicio de la profesión MARÍA JIMENA ORREGO PASTÉN, cédula nacional de identidad N°8.794.202-3; MAURICIO TAPIA RODRIGUEZ, cédula nacional de identidad N°12.236.011-3; y RAÚL TORO GONZÁLEZ, cédula nacional de identidad N°15.783.266-2, todos domiciliados para estos efectos en Avenida Apoquindo N°3669, Piso 16, comuna de Las Condes, Región Metropolitana.

POR TANTO;

**SÍRVASE S.S.:** tener presente el patrocinio y poder otorgado.