# EXHIBIT 7

**Servicio Nacional
del Consumidor**

Ministerio de Economía,
Fomento y Turismo

| | |
|---|---|
| **Rol:** | C-8903-2020 |
| **Cuaderno**: | Principal |
| **Materia:** | Especial para la Protección del Interés Colectivo o Difuso de los Consumidores |
| **Caratulado:** | AGRECU con LATAM Airlines Group S.A. |

**EN LO PRINCIPAL:** TÉNGASE PRESENTE. **PRIMER OTROSÍ:** ACOMPAÑA DOCUMENTOS. **SEGUNDO OTROSÍ:** ACREDITA PERSONERÍA.

**S.J.L EN LO CIVIL DE SANTIAGO (25°)**

**LUCAS DEL VILLAR MONTT**, abogado, Director Nacional del Servicio Nacional del Consumidor, cédula de identidad N° 13.433.119-4, en autos civiles sobre protección del interés colectivo o difuso de los consumidores, caratulados "**AGRECU con LATAM Airlines Group S.A.", Rol N° C-8903-2020, cuaderno principal**, a SS. respetuosamente digo que:

I.     MANDATO LEGAL DEL SERVICIO NACIONAL DEL CONSUMIDOR

El Servicio Nacional del Consumidor (en adelante "SERNAC" o "Servicio"), es el organismo público técnico y especializado en materia de consumo, siendo el principal garante de los derechos de los consumidores.

El artículo 58, inciso primero, de la Ley N° 19.496, sobre Protección de los Derechos de los Consumidores (en adelante también "LPC"), establece que este Servicio *"deberá velar por el cumplimiento de las disposiciones de la presente ley y demás normas que digan relación con el consumidor, difundir los derechos y deberes del consumidor y realizar acciones de información y educación del consumidor."*

Por su parte, el inciso segundo de dicha disposición, en su letra g), dispone que corresponderá especialmente al Servicio Nacional del Consumidor, *"velar por el cumplimiento de las disposiciones legales y reglamentarias relacionadas con la protección de los derechos de los consumidores y hacerse parte en aquellas causas que comprometan los intereses generales de los consumidores, según los procedimientos que fijan las normas generales o los que se señalen en leyes especiales (…)".*

II.    SENTIDO Y ALCANCE DEL ARTÍCULO 53 DE LA LPC

Este Servicio ha tomado conocimiento que las partes de este juicio, la Asociación de Consumidores y Usuarios de Chile (en adelante "AGRECU") y LATAM Airlines Group S.A. (en adelante "LATAM"), han arribado a un acuerdo, presentado en audiencia de conciliación celebrada el 1 de octubre de 2020 y aprobado por US. mediante resolución de fecha 5 de octubre del año en curso.

Más allá del fondo del asunto y la importancia que las infracciones e incumplimientos en materia de consumo puedan ser solucionados de forma expedita, íntegra y oportunamente en beneficio de los consumidores afectados, dando cumplimiento al mandato que el legislador ha otorgado a este organismo,

**Servicio Nacional
del Consumidor**

Ministerio de Economía,
Fomento y Turismo

es preponderante dar cuenta sobre el correcto sentido y alcance procesal de ciertas normas establecidas en la LPC y que han sido invocadas en estos autos.

1. ARTÍCULO 53 INCISOS PRIMERO Y CUARTO DE LA LPC

En su parte pertinente, el artículo 53 dispone lo siguiente:

*"En la misma resolución en que se rechace la reposición interpuesta contra la resolución que declaró admisible la demanda y se ordene contestar o se tenga por contestada la misma, cuando dicho recurso no se haya interpuesto, el juez ordenará al demandante que, dentro de décimo día, informe a **los consumidores que puedan considerarse afectados por la conducta del proveedor demandado**, mediante la publicación de un aviso en un medio de comunicación nacional, regional o local, escrito, electrónico o de otro tipo, que asegure su adecuada difusión y en el sitio Web del Servicio Nacional del Consumidor, **para que comparezcan a hacerse parte o hagan reserva de sus derechos.** El aviso en el sitio Web del Servicio Nacional del Consumidor se deberá mantener publicado hasta el último día del plazo señalado en el inciso cuarto de este artículo.*
*(…) El plazo para hacer uso de los derechos que confiere el inciso primero de este artículo será de veinte días hábiles contados desde la publicación del aviso en el medio de circulación nacional, y el efecto de la reserva de derechos será la inoponibilidad de los resultados del juicio"*.

Pese a lo sostenido por el proveedor demandado y que ha sido recogido por SS. en resolución de fecha 5 de octubre de 2020, **la norma en comento únicamente regula el derecho de los consumidores individualmente considerados para que puedan hacerse parte o hacer reserva de sus derechos en este tipo de juicios, dentro de un plazo específico que el legislador ha dispuesto desde la publicación del aviso de admisibilidad de la demanda.**

En efecto, como prescribe el artículo 51 N° 1 de la LPC, los juicios colectivos se inician por demanda del SERNAC, las asociaciones de consumidores o un grupo de 50 o más consumidores afectados en un mismo interés, siendo, en consecuencia, los únicos legitimados activos para aquello. Y, en dicha calidad, en el evento en que se haya iniciado un juicio sin su intervención como demandante, **pueden hacerse parte en el mismo en cualquier momento, dado que tanto la LPC como las normas supletorias del Código de Procedimiento Civil (en adelante "CPC") no disponen un plazo para ello (N° 3)**. Entender lo contrario, implica confundir las figuras de *"consumidor"* y *"legitimando activo"*.

Un consumidor no puede ejercer acciones colectivas, sino solamente acciones individuales ante los juzgados de policía local. Simplemente, la LPC les otorga el derecho de hacerse parte en los procedimientos colectivos en caso que lo estimen necesario, aun cuando ello no es desde ningún punto de vista indispensable para que sean alcanzados por los efectos de la sentencia definitiva que se dicte. Recordemos que las acciones colectivas se caracterizan por la extensión a terceros de los efectos de la resolución que ponga fin al proceso, vinculando a aquellos sujetos que, encontrándose en una situación jurídico-material idéntica o análoga a la de las partes procesales, no hayan manifestado

**Servicio Nacional
del Consumidor**

Ministerio de Economía,
Fomento y Turismo

expresamente su voluntad de quedar excluidos de los resultados del proceso[1]. Esto es lo que se conoce como el modelo o sistema *opt-out*, el cual es recogido por nuestra legislación derivado del efecto *erga omnes*, al cual nos referiremos más adelante.

Es tan clara la distinción entre legitimados activos y consumidores que precisamente el numeral 7 de dicha disposición señala que, *"en el caso en que el juez estime que las actuaciones de los abogados entorpecen la marcha regular del juicio, solicitará a **los legitimados activos** que son parte en él que nombre aun procurador común de entre sus respectivos abogados, dentro del plazo de diez días (…)"*.

La Historia de la ley N° 20.543 que modificó el artículo 53, deja en evidencia que el espíritu del legislador siempre fue reglamentar el derecho de los consumidores afectados para comparecer en el juicio o conservar sus derechos dentro de un término fatal, mas no de los legitimados activos para hacerse parte:

> *"La indicación en análisis, en síntesis, reemplaza los modos de publicar el aviso mediante el cual el proveedor debe comunicar la existencia del litigio **a los posibles consumidores afectados, a fin de que éstos puedan resolver si se hacen parte en él**; adecua la redacción de las menciones que debe incluir esa publicación, y reduce de 30 a 20 días hábiles el plazo que tienen **los consumidores para optar entre comparecer al juicio o reservar sus acciones para demandar individualmente**, plazo que se contará desde la publicación del aviso en el medio de circulación nacional. En lo atinente a la publicación, en lugar de dos avisos en un medio de circulación nacional, se publicará uno, y el otro se difundirá en el sitio web del SERNAC"*[2] (destacado y subrayado nuestro).

A este respecto, la doctrina ha sostenido que *"la publicidad de la admisibilidad de la acción colectiva reviste una importancia capital de cara a los efectos que producirá la sentencia dictada en el proceso, puesto que al producir efecto erga omnes, **vinculará a todos los miembros del grupo**. De ahí entonces que las oportunidades para que **los consumidores** se hagan parte en el proceso resultan fundamentales, no sólo para aquellos que deseen efectivamente intervenir en el mismo, sino también para aquellos que, haciendo reserva de sus acciones, no desean verse afectados por la sentencia colectiva en un plazo de 20 días contados desde la publicación del aviso"*[3] (negrita propia).

*"La disposición se encuentra en estrecha concordancia con el artículo 51 N° 3, que hasta la Ley N° 21.081 regulaba de forma escueta la intervención procesal de los consumidores en procesos colectivos ya iniciados señalando que "cualquier legitimado activo o consumidor que se considere afectado podrá hacerse parte en el juicio", sin considerar la forma en que debe producirse esta intervención, por lo que habrá que estar a las reglas generales sobre la materia.*

---

[1] NEIRA, Ana María (2019): "Tutela colectiva y principios procesales. Las necesarias limitaciones del principio dispositivo en los procesos colectivos", *Revista Ius et Praxis*, Año 25, N° 1, p. 202.
[2] Historia de la Ley N° 20.543, p. 26, disponible en https://www.bcn.cl/historiadelaley/fileadmin/file_ley/4512/HLD_4512_37a6259cc0c1dae299a7866489dff0bd.pdf
[3] AGUIRREZABAL, Maite (2014): "Artículo 53" en Barrientos, Francisca (edit.), *La Protección de los derechos de los consumidores. Comentarios a la Ley de Protección a los derechos de los Consumidores* (Santiago, Ed. Thomson Reuters), p. 1.037.

**Servicio Nacional
del Consumidor**

Ministerio de Economía,
Fomento y Turismo

*La reforma de 2018 reemplazó este inciso, estableciendo que "iniciado el juicio señalado, cualquier legitimado activo podrá hacerse parte en el mismo. Asimismo, podrá comparecer cualquier consumidor que se considere afectado para el solo efecto de hacer reserva de sus derechos",* **_con lo que se ha fijado una distinción entre los legitimados activos para demandar y que son parte, y los consumidores que comparecen para el solo efecto de hacer reserva de sus derechos, lo que impide que adquieran la calidad de parte_**.

*Esta modificación se enlaza de mejor forma con lo dispuesto por el inciso 4° del artículo 53, que se refiere al plazo para hacer uso de los derechos que establece el inciso 1o de ese artículo, que ya distinguía entre la comparecencia para hacerse parte y la comparecencia para hacer reserva de sus derechos"*[4] (destacado y subrayado propio).

Este tipo de interpretaciones ya han sido sostenidas por proveedores demandados en otros casos, instancias en que los tribunales han resuelto correctamente el verdadero sentido de la norma. Así, por ejemplo, podemos mencionar la resolución de 4 de febrero de 2015, dictada por el 4° Juzgado Civil de Valparaíso, en la causa caratulada "CONADECUS con ESVAL", Rol C-2287-2013. El SERNAC solicitó hacerse parte como tercero coadyuvante, ante lo cual el demandado se opuso a la comparecencia por ser supuestamente extemporánea, en virtud de lo dispuesto en el artículo 53 de la LPC. Frente a ello, el tribunal estimó que *"de acuerdo con las normas legales antes mencionadas, siendo efectivo que el plazo de 20 días hábiles se refiere a los consumidores afectados, por lo que no alcanza a la eventual intervención que pueda hacer Sernac y, entonces, conforme al artículo 51 de la referida Ley su escrito en que se hace parte en estos antecedentes no es extemporáneo y, por lo tanto, se rechaza la reposición interpuesta a lo principal de fojas 181"*.

Asimismo, existen algunos casos en que el SERNAC se ha hecho parte en distintas fases del procedimiento colectivo, lo que ha sido admitido por los tribunales. Podemos mencionar el juicio colectivo caratulado "CONADECUS con Banco Estado", Rol 2568-2012, ante la Excma. Corte Suprema, en que el Servicio se hizo parte cuando el juicio se encontraba en estado de relación; como, también, el juicio colectivo "CONADECUS con CMPC Tissue S.A. y otro", Rol C-29214-2015, tramitado ante el 10° Juzgado Civil de Santiago, en que el SERNAC compareció en la etapa de conciliación.

En conclusión, la norma sólo establece un plazo fatal para que los consumidores decidan hacerse o no parte, o bien, hacer reserva de sus derechos, y no un plazo de preclusión para que los legitimados activos decidan hacerse parte. Tanto consumidores como legitimados activos intervienen en calidades y para fines absolutamente distintos[5].

2. Artículo 53 inciso cuarto de la LPC

---

[4] AGUIRREZABAL, Maite (2019): "Defensa de los consumidores y acceso a la justicia. Un análisis del procedimiento colectivo en la legislación chilena", Ed. Thomson Reuters, 2ª edición actualizada, Santiago, p. 84.
[5] Cuando el legislador ha determinado un plazo para que los legitimados activos deban ejercer determinados derechos, lo ha establecido expresamente, por ejemplo, para interponer demanda en contra del mismo proveedor por los mismos hechos (hasta antes de la publicación del aviso de admisibilidad) o para que el SERNAC se haga parte del juicio colectivo en caso de desistimiento del legitimado activo.

**Servicio Nacional
del Consumidor**

Ministerio de Economía,
Fomento y Turismo

Como hemos manifestado precedentemente, una de las grandes particularidades de los juicios colectivos es que la sentencia definitiva que adquiere el carácter de firme o ejecutoriada produce efecto *erga omnes*, es decir, genera efectos a todas aquellas personas que no hayan intervenido en el procedimiento y que hayan sido afectadas por los hechos que han sido objeto del mismo, cuestión que constituye una excepción al efecto relativo de las sentencias.

Como manifiesta la doctrina, esto se funda *"en el hecho que el legislador ha querido que exista solamente un proceso colectivo y, a lo sumo, varios procesos individuales, ya sea separados o acumulados al procedimiento colectivo"*[6].

Considerando que cualquier legitimado activo puede entablar una demanda colectiva en contra del mismo proveedor por los mismos hechos hasta antes de la publicación del aviso de admisibilidad de la primera demanda que haya sido deducida (art. 53 inc. tercero LPC) -lo cual ha ocurrido con las demandas deducidas por dos asociaciones de consumidores en contra de LATAM-, para evitar la dictación de sentencias contradictorias, el legislador ha establecido que *"aquellos juicios que se encuentren pendientes en contra del mismo proveedor al momento de publicarse el aviso y que se funden en los mismos hechos, **deben** acumularse en conformidad a lo previsto en el Código de Procedimiento Civil"*, estableciendo reglas especiales respecto a la acumulación de juicios individuales.

Esto también es consignado por el artículo 51 N° 9 de la LPC, el cual ordena la acumulación de las acciones cuya admisibilidad se encuentre pendiente, debiendo este Servicio oficiar al juez del hecho de encontrase pendiente la declaración de admisibilidad de otra demanda por los mismos hechos.

En síntesis, la institución de la acumulación de autos en materia de juicios colectivos se caracteriza por lo siguiente:

a) La Ley N° 19.496 es tajante en que los juicios colectivos que se encuentren pendientes en contra de un mismo proveedor por los mismos hechos, al momento de publicarse el aviso de admisibilidad, **deben acumularse**, en virtud de las normas establecidas en el Código de Enjuiciamiento. Se trata de una norma imperativa, por lo que, al ser solicitada por la parte interesada, debe ser ordenada (incluso, el art. 94 del CPC faculta al tribunal para ordenarla de oficio cuando los casos están bajo su conocimiento).

b) De acuerdo al artículo 95 del CPC, *"para que pueda tener lugar la acumulación, se requiere que los juicios se encuentren sometidos a una misma clase de procedimiento y que la substanciación de todos ellos se encuentre en instancias análogas"*. En consecuencia, el legislador no exige que los juicios que se acumularán estén o no suspendidos y se deban encontrar en una misma etapa de

---

[6] AGUIRREZABAL, Maite (2010): "La extensión de los efectos de la sentencia dictada en procesos promovidos para la defensa de los intereses colectivos y difusos de consumidores y usuarios: régimen en la Ley chilena de Protección del Consumidor", *Revista Ius et Praxis*, Año 16, N° 1, p. 117.

**Servicio Nacional del Consumidor**

Ministerio de Economía, Fomento y Turismo

tramitación, sino simplemente que estén sometidos a un mismo procedimiento y se encuentren en una misma instancia.

c) A mayor abundamiento, el CPC dispone que el curso de los juicios que estén más avanzados se suspenderá hasta que lleguen a un mismo estado.

d) La acumulación se podrá pedir en cualquier estado del juicio antes de la sentencia de término, debiendo hacerlo ante el tribunal que seguirá conociendo de la causa, lo cual no obsta a que el tribunal que conoce de la causa que se debe acumular, tome los resguardos necesarios para dar cumplimiento a lo que el legislador ha determinado.

En el caso de marras, dando cumplimiento al artículo 51 de la LPC, este Servicio, mediante Ord. 6348, de fecha 24 de agosto de 2020, enviado por correo electrónico con la misma fecha, informó la existencia de un juicio colectivo iniciado por la Corporación Nacional de Consumidores y Usuarios (CONADECUS) por los mismos hechos en contra del proveedor LATAM, causa que se encuentra radicada en el 23° Juzgado Civil de Santiago, bajo el Rol C-8498-2020.

Atendiendo las facultades y deberes que el legislador ha otorgado e impuesto a este Servicio, el objetivo de esta presentación es únicamente manifestar nuestra preocupación frente a este tipo de situaciones, en que este mismo organismo podría haberse visto afectado en caso que haya deducido un libelo colectivo por las mismas consideraciones fácticas en contra de un mismo proveedor demandado por otro legitimado activo. No debe olvidarse que el fin de las acciones colectivas es la protección de los derechos de aquel grupo o universo de consumidores afectados por la conducta del proveedor, cuestión que el SERNAC debe vigilar.

**POR TANTO,** en virtud de lo expuesto y de lo establecido en los artículos 51 y siguientes de la Ley 19.496;

<u>**RUEGO A US.:**</u> Tenerlo presente para todos los efectos legales.

**PRIMER OTROSÍ:** Hago presente a SS. que las facultades del suscrito para representar legalmente al Servicio Nacional del Consumidor, en su calidad de Director Nacional, consta en Decreto de nombramiento N° 90 del Ministerio de Economía, Fomento y Turismo, del 23 de abril de 2018, cuya copia se acompaña, con citación.

**SEGUNDO OTROSÍ:** Por este acto, vengo en acompañar los siguientes documentos, con citación:

1. Copia de Ord. N° 6348, de fecha 24 de agosto de 2020, enviado por el SERNAC a este tribunal.

2. Copia de correo electrónico enviado con fecha 24 de agosto de 2020 desde la casilla notificaciones@sernac.cl a jcsantiago25@pjud.cl, en el cual se remite el documento individualizado en el numeral anterior.

Lucas Ignacio Del Villar Montt

Firmado digitalmente por Lucas Ignacio Del Villar Montt
Fecha: 2020.10.07 22:54:46 -03'00'