# EXHIBIT 8

**EN LO PRINCIPAL:** Solicita corrección de oficio de conformidad a lo dispuesto en el artículo 84 inciso final del Código de Procedimiento Civil; **PRIMER OTROSÍ:** En subsidio, deduce recurso de reposición; **SEGUNDO OTROSÍ:** En subsidio, apela.

## S.J.L. EN LO CIVIL DE SANTIAGO (25º)

MARÍA JIMENA ORREGO PASTÉN, MAURICIO TAPIA RODRÍGUEZ Y RAÚL TORO GONZÁLEZ, abogados, en representación de **CONADECUS A.C.**, en estos autos sobre procedimiento especial colectivo regulado en la LPC, caratulados "**AGRECU / LATAM AIRLINES GROUP S.A**", causa Rol <u>C-8903-2020</u>, cuaderno principal, a S.S., respetuosamente decimos:

Que, atendido el mérito de autos y de conformidad a lo dispuesto en el inciso final del art. 84 del Código de Procedimiento Civil, por medio de este acto, vengo en solicitar a SS. se sirva <u>corregir de oficio los errores que se han cometido en la tramitación del proceso</u> y que, a continuación, se pasarán a exponer, adoptando las medidas que se señalan, o las que SS. estime pertinentes conforme al mérito del proceso y a las normas procesales que regulan el juicio especial de protección del interés colectivo de los consumidores (arts. 51 y siguientes de la LPC). Lo anterior, en base a las siguientes consideraciones:

## I.    ANTECEDENTES GENERALES DE CONTEXTO:

1.  Con fecha <u>**29 de mayo de 2020**</u>, CONADECUS A.C., interpuso una demanda por afectación del interés colectivo de los consumidores, en contra de LATAM AIRLINES GROUP S.A. El conocimiento de dicha demanda se encuentra radicado en el 23º Juzgado Civil de Santiago, en causa Rol C-8498-20202. Dicha demanda fue declarada admisible por el tribunal competente, con fecha 9 de junio de 2020, y le fue notificada a LATAM, de conformidad con el artículo 44 del CPC, **el día 25 de junio de 2020**.

2.  Con fecha 04 de julio de 2020, LATAM, invocando lo dispuesto en el art. 52 de la LPC, dedujo recurso especial de reposición en contra de la resolución que declaró admisible la demanda. No obstante encontrarse pendiente la resolución del recurso especial de reposición aludido, LATAM, con fecha 11 de julio de 2020, solicitó una improcedente suspensión del procedimiento (misma petición que SS. desestimó), amparándose, para ello, en una resolución dictada por el 2° Juzgado Civil de Santiago, en causa Rol C-8553-

1

2020, sobre procedimiento de reconocimiento de reorganización transfronteriza de LATAM.

3. Por resolución de fecha 17 de julio de 2020, el 23° Juzgado Civil de Santiago, acogió la solicitud presentada por LATAM y ordenó la suspensión del procedimiento, sin pronunciarse sobre el recurso especial de reposición deducido en contra de la resolución que declaró admisible la demanda. Posteriormente, con fecha 21 de julio de 2020, CONADECUS A.C. interpuso recurso de reposición con apelación en subsidio en contra de resolución que decretó la suspensión del procedimiento. Es del caso señalar que dicha reposición fue rechazada, concediéndose la apelación el día 3 de agosto de 2020. Este recurso de apelación, a la fecha, se encuentra pendiente de ser resuelto (en causa Rol de Ingreso Corte de Apelaciones 9748-2020).

4. De lo expuesto, se desprende inconcusamente que el juicio iniciado por CONADECUS A.C. en contra de LATAM, seguido ante el 23° Juzgado Civil de Santiago, **en ningún caso se encuentra terminado**. Muy por el contrario, éste sólo está "suspendido"; lo cual debe ser tenido en cuenta considerando especialmente que **la resolución que decretó la suspensión NO ESTÁ FIRME NI EJECUTORIADA**.

5. Con fecha **12 de junio de 2020** (prácticamente un mes después que CONADECUS A.C. presentó su demanda en contra de LATAM ante el 23° Juzgado Civil de Santiago), AGRECU interpuso la demanda de autos en contra de LATAM; la cual fue **notificada**, según consta en el expediente electrónico, **recién el día 07 de julio de 2020**.

6. Es decir, el presente juicio fue **iniciado con posterioridad** al juicio iniciado por CONADECUS A.C.; a lo cual se suma que **la demanda de autos fue notificada** a LATAM **con posterioridad a su comparecencia en el juicio iniciado por mi representada**.

7. Por resolución de fecha 19 de junio de 2020, SS. declaró admisible la demanda interpuesta por AGRECU y **dispuso oficiar al SERNAC**, precisamente con el fin de dar cumplimiento a lo establecido en el artículo 51 N°9 de la LPC. No obstante lo anterior, se dio una circunstancia particularmente grave e irregular, y es que **NO SE ESPERÓ a que el SERNAC informara acerca de la existencia de demandas presentadas con anterioridad cuya declaración de admisibilidad se encuentre pendiente**; muy por el contrario, este Tribunal (25° Juzgado Civil de Santiago), prescindiendo de la

información que el SERNAC, por ley, está llamado a proporcionar, permitió continuar con la tramitación de la presente causa, con todo lo que ello implica.

8. Sin embargo, lo que resulta más grave –y, a lo menos, "llamativo"- es que LATAM, al comparecer en la presente causa y pese a estar en pleno conocimiento del juicio seguido en su contra ante el 23° Juzgado Civil de Santiago (iniciado por CONADECUS A.C.), en un acto totalmente contrario a la buena fe procesal que están llamados a observar los litigantes, **OMITIÓ deliberadamente INFORMAR, de manera oportuna (es decir, antes de contestar la demanda), acerca de la existencia del juicio aludido**; en circunstancias, SS., que lo lógico, y correcto, era que la demandada de autos, además de informar acerca del juicio iniciado previamente por mi representada, alegara la incompetencia absoluta de este Tribunal y solicitara la correspondiente acumulación de acuerdo a lo dispuesto en la LPC y  las reglas generales; **mas nada de aquello ocurrió**. En efecto, **LATAM optó por continuar con la tramitación de la presente causa, llegando, incluso, a suscribir un acuerdo conciliatorio con la demandante** con fecha 01 de octubre del año en curso (acuerdo que, por lo demás y según se explicará, resulta abiertamente ilegal y profundamente contrario al interés colectivo de los consumidores afectados por las diversas infracciones a la LPC cometidas por LATAM).

9. Con fecha **17 de julio de 2020**, LATAM dedujo recurso de reposición (folio N°10), con apelación subsidiaria, en contra de la resolución que declaró admisible la demanda incoada por AGRECU.

10. Por resolución de fecha **11 de agosto de 2020**, SS. resolvió **rechazar la reposición deducida por LATAM y ordenó contestar la demanda.** No obstante lo anterior, al dictar esa resolución, **SS. obvió por completo lo dispuesto en el inciso primero del art. 53 de la LPC**, en cuanto a que **ES PRECISAENTE EN DICHA RESOLUCIÓN** (que rechaza la reposición interpuesta en contra de la resolución que declara admisible la demanda y ordena contestarla, o, bien, la tiene por contestada en caso de no haberse deducido recurso de reposición), **Y NO EN OTRA**, que el Tribunal **DEBE ORDENAR al demandante** "*que, **dentro de décimo día**, informe a los consumidores que puedan considerarse afectados por la conducta del proveedor demandado, mediante la publicación de un aviso en el Diario Electrónico El Mostrador **y en el sitio Web del Servicio Nacional del Consumidor**, para que comparezcan a hacerse parte o hagan reserva de sus derechos, debiendo contener el aviso, a lo menos, las menciones se aladas en los numerales del inciso segundo de aquella norma*". En efecto, **en ninguna parte de dicha resolución** (de fecha 11 de agosto

3

de 2020) **se ordena** al demandante **efectuar las publicaciones** a las que se refiere el art. 53 inciso primero de la LPC.

11. Fue recién mediante **resolución de fecha 18 de agosto de 2020** (folio N°20), y previo requerimiento de la propia demandante (AGRECU), que SS., le ordenó a ésta efectuar las publicaciones correspondientes en la forma establecida en el art. 53 de la LPC, es decir, "*en un medio de comunicación nacional, regional o local, escrito, electrónico o de otro tipo, que asegure su adecuada difusión*" **y "***en el sitio Web del Servicio Nacional del Consumidor***".** En efecto, la resolución en comento señala: "[…] *en conformidad a lo dispuesto en el artículo 53 de la ley 19.496, como se pide, se ordena al demandante a que informe a los consumidores que puedan considerarse afectados por la conducta del proveedor demandado, mediante la publicación de un aviso en el Diario Electrónico El Mostrador* y en el sitio **Web del Servicio Nacional del Consumidor***, para que comparezcan a hacerse parte o hagan reserva de sus derechos, debiendo contener el aviso, a lo menos, las menciones se aladas en los numerales del inciso segundo de aquella norma*" (énfasis propio); agregando luego que: "***El aviso en el sitio web del Servicio Nacional del Consumidor se deberá mantener publicado hasta el último día del plazo señalado en el inciso cuarto de la norma indicada***" (énfasis propio). Es decir, pese a que no fue en la resolución que establece la ley, SS. ordenó a la demandante efectuar las correspondientes publicaciones tanto en el "*Diario Electrónico El Mostrador*" **como en la página web del SERNAC.**

12. Con fecha 28 de agosto de 2020, el demandante presentó un escrito, bajo la nomenclatura "*Cumple lo Ordenado*", mediante el cual da cuenta **ÚNICAMENTE** de la realización de **3 publicaciones en el diario electrónico "El Mostrador"** (acompañando dichas publicaciones), **sin hacer si quiera una mínima referencia a la publicación que SS ordenó practicar en la página web del SERNAC.** En efecto, **el demandante NO DIO cabal e íntegro cumplimiento a lo ordenado por SS. en resolución de fecha 18 de agosto de 2020,** toda vez que solamente acreditó la realización de publicaciones en el diario electrónico referido, **mas NO en la página web del SERNAC.**

13. Pese a lo anterior, esto es, que el demandante no cumplió cabalmente con su obligación de efectuar las correspondientes publicaciones en la forma que establece la LPC y que le fue ordenada; SS., con el solo mérito de las publicaciones efectuadas en el diario electrónico "El Mostrador" (es decir, obviando que no se acreditó la realización de la correspondiente publicación en el sitio web del SERNAC), mediante resolución de fecha 03 de septiembre de 2020, tuvo "**por cumplido lo ordenado**". Lo anterior, en

4

circunstancias que, a lo más, correspondía tener por cumplido "parcialmente" lo ordenado (insistimos, al no haberse acreditado la realización de publicaciones en el sitio web del SERNAC).

14. Con fecha **01 de octubre de 2020**, <u>pese a encontrarse pendiente tanto la respuesta del SERNAC como la publicación en su sitio web que ordena el art. 53 de la LPC</u>, se llevó a cabo, a través de videoconferencia, la audiencia de conciliación decretada en autos; en la cual, las partes del presente juicio, arribaron a un acuerdo que, según se expondrá más adelante, además de ser **abiertamente ilegal, resulta totalmente contrario al interés colectivo de los consumidores**.

15. Mediante presentación de fecha 04 de octubre de 2020, es decir, **<u>ANTES DE QUE SE TUVIERA POR APROBADO EL ACUERDO ARRIBADO EN AUTOS</u>**, mi representada, CONADECUS A.C., comparece en el presente juicio, haciéndose parte en calidad de tercero excluyente; solicitando la acumulación de autos o, en subsidio, que se rechace la conciliación arribada entre AGRECU y LATAM; haciendo expresa reserva de acciones y recursos respecto de la conciliación arribada en autos y de la resolución que recaiga en ella; y acompañando diversos documentos a fin de acreditar sus alegaciones (demanda interpuesta en contra de LATAM ante el 23° Juzgado Civil de Santiago; resolución que la declara admisible y copia del estampado de notificación de dicha demanda a LATAM).

16. Por resolución de fecha 05 de octubre de 2020, SS., proveyendo la presentación formulada por CONADECUS A.C., rechazó las solicitudes contenidas tanto en lo principal como en el primero, segundo, tercero y cuarto otrosí de dicho escrito, por **estimar –erradamente, según se explicará- que esta parte habría comparecido en estos autos fuera del plazo establecido en el inciso cuarto del art. 53 de la LPC**. Además, en esta misma resolución, **SS. tuvo presente y por aprobado "***en todo aquello que no fuere contrario a derecho***" el improcedente e ilegal acuerdo arribado entre AGRECU y LATAM**; dando valor de equivalente jurisdicción a dicha resolución y ordenando efectuar las publicaciones que correspondan según el art. 54 inciso tercero de la LPC.

5

## II.  LOS GRAVÍSIMOS "ERRORES" COMETIDOS EN LA TRAMITACIÓN DEL PROCESO QUE DEBEN SER CORREGIDOS POR EL TRIBUNAL:

1.  De la sola revisión y análisis del proceso, saltan a la vista una serie de errores que se han cometido en la tramitación de estos autos, los cuales constituyen infracciones manifiestas a las normas procesales que regulan el procedimiento especial para la protección del interés colectivo de los consumidores (arts. 51 y siguientes de la LPC, y normas pertinentes del CPC). Dichos errores, necesariamente deben ser subsanados por SS., en uso de las facultades que le confiere el inciso final del art. 84 del Código de Procedimiento Civil, el cual preceptúa: "*El juez podrá* **corregir de oficio los errores que observe en la tramitación del proceso**. *Podrá asimismo* t**omar las medidas que tiendan a evitar la nulidad de los actos de procedimiento** […]" (énfasis propio).

2.  Es del caso señalar, que la concatenación de errores cometidos en la tramitación del proceso condujo a que SS., mediante resolución de fecha 05 de octubre de 2020, resolviera "no ha lugar" a prácticamente todas las pretensiones formuladas por CONADECUS A.C. mediante presentación ingresada con fecha 04 de octubre de 2020; y, lo que resulta aún más grave, tuviera por aprobado el acuerdo conciliatorio al que arribaron las partes del presente juicio, el cual, como se ha señalado, además de ser ilegal, es abiertamente contrario al interés colectivo de los consumidores afectados por el actuar de LATAM.

3.  A continuación se expondrán todos los vicios cometidos en la tramitación de la presente causa; sin perjuicio que el primero de estos vicios, atendida su gravedad y entidad, resulta suficiente para que SS. haga uso de las facultades correctivas que le confiere el inciso final de. Art. 84 del CPC:

**A.  No se tomó en cuenta la respuesta emitida por el SERNAC en la que informa la circunstancia a la que se refiere el art. 51 Nº9 de la LPC:**

1.  Tal como se señaló anteriormente, PESE a que por resolución de fecha 19 de junio de 2020 (que declara admisible la demanda incoada en autos), SS. **dispuso oficiar al SERNAC, para efectos de que éste informara en los términos que establece el artículo 51 Nº9 de la LPC**. Lo cierto es que en la tramitación de estos autos ocurrió una situación particularmente grave y del todo contraria a las normas que regulan la materia, y es que **NO SE TOMÓ EN CUENTA (ni se acompañó a estos autos) la respuesta**

6

**del SERNAC informando acerca de la existencia de demandas presentadas con anterioridad cuya declaración de admisibilidad se encuentre pendiente**; muy por el contrario, SS., pasando por alto la información que el SERNAC, por ley, está llamado a proporcionar (y que, según se da cuenta a continuación, efectivamente proporcionó), y, en consecuencia, **pasando por alto que mi representada, CONADECUS A.C., ya había interpuesto –con anterioridad al inicio del presente juicio- una demanda en protección del interés colectivo de los consumidores en contra de LATAM**; permitió igualmente continuar con la tramitación de la presente causa, con todo lo que ello implica, **infringiendo abiertamente la norma en comento**.

2.  Lo anterior, como se adelantó, resulta **ABSOLUTAMENTE GRAVE**, si se considera que, según informa el propio SERNAC en su presentación de fecha 07 de octubre de 2020 y con los documentos que en ella acompaña, éste (el SERNAC), **con fecha 24 de agosto de 2020**, **envió** al correo electrónico de este 25° Juzgado Civil de Santiago, **su respuesta al Oficio Ordinario N° 6348**; en la cual se informa expresamente que: *"De conformidad a los antecedentes que posee este Servicio, la Corporación Nacional de Consumidores y Usuarios (CONADECUS AC) ha procedido a demandar por los mismos hechos al proveedores LATAM AIRLINES GROUP S.A., causa que se encuentra radicada en el 23° Juzgado Civil de Santiago, bajo el Rol N° C-8498-2020, siendo declarada admisible con fecha 9 de junio de 2020 y notificada a la demandada con fecha 18 de junio del presente año"*.

3.  La gravedad de lo expuesto es evidente, toda vez que, en definitiva, es un hecho inconcuso que **el SERNAC efectivamente informó a este Tribunal, de manera oportuna, acerca de la existencia del juicio iniciado por CONADECUS** (según consta en el correo electrónico acompañado al presente juicio por el propio SERNAC); y, pese a eso, **dicha información fue grosera y abiertamente omitida**, a tal punto, que este Tribunal **ni siquiera se encargó de certificar en el expediente electrónico de la causa que con fecha 24 de agosto de 2020 recibió, de parte del SERNAC, la respuesta del Oficio dirigido a este último**. Es más, por resolución de fecha 25 de agosto de 2020, es decir, **al día siguiente de haber recibido la respuesta del SERNAC**, este Tribunal, omitiendo absolutamente la respuesta antes referida, citó a las partes a audiencia de conciliación. A este respecto, cabe señalar que en esa misma resolución (de fecha 25 de agosto de 2020), para efectos de coordinar la realización de la audiencia de conciliación, se indica el siguiente correo electrónico del Tribunal: jcsantiago25@pjud.cl; es decir, **se indicó el MISMO CORREO ELECTRÓNICO al cual el SERNAC –previamente- había enviado su "respuesta"**.

7

4. En efecto, este Tribunal, omitiendo la información dada por el SERNAC, **propició y autorizó una serie de actuaciones posteriores a la misma, tendientes a avanzar en la tramitación e, incluso, a poner "término" al presente juicio** (como lo es el "acuerdo" abiertamente perjudicial para el interés colectivo de los consumidores, arribado entre AGRECU y LATAM, y "aprobado" por SS mediante resolución de fecha 05 de octubre del presente año).

5. En definitiva, los hechos señalados con anterioridad, lamentablemente, dan cuenta que, en la tramitación del presente juicio, **existió un verdadero −e inexplicable- "<u>ocultamiento de información</u>"**; lo cual, constituye un indicio claro de lo que podría ser catalogado como un <u>**FRAUDE PROCESAL**</u>.

6. Es evidente que si no se hubiese ocultado la respuesta del SERNAC, y ésta hubiese sido tomada en cuenta (tal como lo ordena la ley), **SS. necesariamente tendría que haber ordenado la acumulación del presente juicio al ya iniciado por CONADECUS.** Sin embargo, sorpresivamente, nada de aquello ocurrió.

7. Lo expuesto, constituye un vicio cuya gravedad y entidad son suficientes para que SS. acoja de plano la presente solicitud y, de conformidad a las facultades que le confiere el último inciso del art. 84 del CPC, proceda a corregir de oficio el vicio cometido, adoptando las siguientes medidas: **(i) declarar la nulidad de todo lo obrado con posterioridad al 19 de junio de 2020** (fecha en que se dictó la resolución que declara admisible la demanda incoada en autos), **o, a lo menos, respecto de lo obrado con posterioridad al 24 de agosto de 2020 (fecha en que este Tribunal recibió el informe del SERNAC); y (ii) ordenar la acumulación de estos autos a la causa Rol C-8498-20202, iniciada por CONADECUS en contra de LATAM, seguida ante el 23° Juzgado Civil de Santiago;** sin perjuicio de las demás medidas que SS. estime pertinentes conforme al mérito del proceso.

B. <u>**Las publicaciones a las que se refiere el inciso primero del art. 53 de la LPC, no fueron ordenadas oportunamente**</u>:

1. Como bien sabe SS., el inciso primero del art. 53 de la LPC, mandata que en la resolución que rechaza la reposición interpuesta en contra de aquella que declara admisible la demanda y ordena contestarla, o, bien, la tiene por contestada en caso de no haberse deducido recurso de reposición, **Y NO EN OTRA**, el Tribunal <u>**DEBE ORDENAR al demandante**</u> "*que, dentro de décimo día, informe a los consumidores que puedan considerarse afectados*

8

*por la conducta del proveedor demandado, mediante la publicación de un aviso en el Diario Electrónico El Mostrador y en el sitio Web del Servicio Nacional del Consumidor, para que comparezcan a hacerse parte o hagan reserva de sus derechos, debiendo contener el aviso, a lo menos, las menciones se aladas en los numerales del inciso segundo de aquella norma".*

2. No obstante lo claro del texto de la norma transcrita anteriormente y su evidente carácter imperativo, SS., <u>obviando el mandato en ella contenido</u>, **omitió ordenar las publicaciones a las que se refiere la norma en análisis al momento de pronunciarse respecto del recurso de reposición interpuesto por LATAM en contra de la resolución que declaró admisible la demanda de autos**. En efecto, **en ninguna parte** de la resolución de fecha **11 de agosto de 2020**, por la cual se rechaza la reposición intentada por LATAM, **se ordena efectuar las publicaciones a las que se refiere el art. 53 inciso primero de la LPC**.

3. Muy por el contrario, dichas publicaciones recién fueron ordenadas mediante resolución de fecha 18 de agosto de 2020 y previo requerimiento de la demandante de autos (AGRECU).

**C. <u>Se tuvieron por "cumplidas" las publicaciones ordenadas en circunstancias que no se acreditó en autos la realización de una publicación en el sitio web del SERNAC:</u>**

1. La demandante de autos, con fecha 28 de agosto de 2020, presentó un escrito, bajo la nomenclatura *"Cumple lo Ordenado"*, mediante el cual da cuenta ÚNICAMENTE de la realización de 3 publicaciones en el diario electrónico "El Mostrador" (acompañando dichas publicaciones), sin hacer si quiera una mínima referencia a la publicación que SS ordenó practicar en la página web del SERNAC.

2. Pese a lo anterior, esto es, que el demandante **NO ACREDITÓ** el hecho de haber cumplido a cabalidad con su obligación de efectuar las correspondientes publicaciones en la forma que establece la LPC y que le fue ordenada; SS., con el solo mérito de las publicaciones efectuadas en el diario electrónico "El Mostrador" (es decir, pasando por alto que no se acreditó la realización de la correspondiente publicación en el sitio web del SERNAC), mediante resolución de fecha 03 de septiembre de 2020, tuvo "por cumplido lo ordenado". Lo anterior, en circunstancias que, **atendido el mérito de los antecedentes aportados por la propia demandante, a lo más correspondía tener**

9

por cumplido "*PARCIALMENTE*" lo ordenado (insistimos, al no haberse acreditado la realización de publicaciones en el sitio web del SERNAC).

3. En definitiva, habiéndose realizado o no la correspondiente publicación en la página web del SERNAC; lo cierto, es que **EN ESTOS AUTOS NO CONSTA que se haya efectuado dicha publicación.**

D. **Se rechazó la comparecencia de CONADECUS, en virtud de una errada interpretación y aplicación del alcance del art. 53 de la LPC; en circunstancias que ésta era totalmente procedente:**

1. Tal como consta en autos, por resolución de fecha 05 de octubre de 2020, SS. rechazó la comparecencia en autos de mi representada CONADECUS A.C., junto a la mayor parte de las solicitudes por ésta formuladas, por estimar, erradamente, que lo dispuesto en el art. 53 de la LPC también estaría dirigido a los legitimados activos que señala el art. 51 N°1 de la misma ley, entre los que se encuentran, precisamente, las agrupaciones de consumidores.

2. En efecto, la correcta exégesis **del art. 53 de la LPC**, lleva a concluir indefectiblemente que dicha norma **únicamente** regula el derecho de los consumidores, **individualmente considerados**, para que éstos, dentro del plazo que establece el legislador en el inciso cuarto de la norma en comento, puedan hacerse parte o hacer reserva de sus derechos en juicios sobre protección del interés colectivo o difuso de los consumidores. Nada más, SS.

3. Por consiguiente, los legitimados activos a los que se refiere el art. 51 N°1 de la LPC (que NO son los consumidores individualmente considerados), **pueden hacerse parte**, en juicios de este tipo, **en cualquier momento**; puesto que ni en la LPC ni en las normas supletorias del CPC, se establece un plazo para ello. Una conclusión en sentido contrario (como la que hizo este tribunal), lo único que hace es dejar en evidencia una manifiesta confusión entre las figuras de "consumidor" y "legitimando activo".

4. En conclusión, no correspondía rechazar por "extemporánea" la comparecencia de mi representada, CONADECUS A.C., en calidad de tercero excluyente en el presente juicio; toda vez que el plazo al que se refiere el inciso cuarto del art. 53 de la LPC, como se ha señalado, solo aplica para los consumidores individualmente considerados.

E. **No se ordenó la acumulación de autos a la que se refiere el art. 51 N°9 de la LPC:**

1. Con el mérito de la información proporcionada por el SERNAC a este Tribunal, con fecha 24 de agosto de 2020 (la cual, se reitera, fue burda e ilegalmente omitida); correspondía, a todas luces, ordenar la acumulación de estos autos al juicio previamente iniciado por CONADECUS A.C. ante el 23º Juzgado Civil de Santiago, según lo ordena la LPC y de conformidad a lo dispuesto en las reglas generales. Sin embargo, aquello no ocurrió; lo cual no es sino una de las graves consecuencias que generó el hecho de haberse ocultado información tan relevante como la proporcionada por el SERNAC.

2. Por consiguiente, en la tramitación de la presente causa, se han infringido, además de las normas del CPC que regulan la acumulación de autos, los arts. 51 N°9 y 53 inciso quinto de la LPC.

## POR TANTO;

Atendido el mérito de lo expuesto y de conformidad a lo dispuesto en el art. 84 inciso final del Código de Procedimiento Civil y en las demás normas que resulten pertinentes, **SOLICITO A SS.,** se sirva tener por interpuesta la presente solicitud, acceder a ella y, en definitiva, **corregir de oficio los errores que se han cometido en la tramitación del proceso** y que fueron indicados en el cuerpo de este escrito, **adoptando las correspondientes medidas, a saber: (i) declarar la nulidad de todo lo obrado con posterioridad al 19 de junio de 2020** (fecha en que se dictó la resolución que declara admisible la demanda incoada en autos), **o, a lo menos, respecto de lo obrado con posterioridad al 24 de agosto de 2020** (fecha en que este Tribunal recibió el informe del SERNAC); y **(ii) ordenar la acumulación de estos autos a la causa Rol C-8498-20202, iniciada por CONADECUS en contra de LATAM, seguida ante el 23º Juzgado Civil de Santiago;** sin perjuicio de la adopción de todas aquellas medidas que SS. estime pertinentes conforme al mérito del proceso y a las normas procesales que regulan la materia. Lo anterior, con expresa condena en costas en caso de existir oposición.

**PRIMER OTROSÍ:** Que, para el improbable evento que SS. rechace la solicitud de corrección de oficio del procedimiento formulada en lo principal de esta presentación, encontrándome dentro de plazo, por medio de este acto vengo en deducir, **en subsidio,** recurso de reposición en contra de la resolución dictada con fecha 05 de octubre de 2020

11

(folio N°41), por cuya virtud, SS. rechazó las solicitudes formuladas por CONADECUS A.C. tanto en lo principal como en el primero, segundo, tercero y cuarto otrosí de su presentación de fecha 04 de octubre del presente año (folio N°39), y tuvo por aprobado el "acuerdo conciliatorio" arribado entre AGRECU y LATAM; solicitando, desde ya, que la resolución recurrida sea modificada conforme a derecho, en los términos que señala esta presentación, con expresa y ejemplar condena en costas en caso de existir oposición. Lo anterior, en base a las **mismas consideraciones de hecho expuestas en lo principal de esta presentación**, las cuales, a fin de evitar reiteraciones innecesarias, doy por expresa e íntegramente reproducidas; además de los argumentos de derecho que, a continuación, someto a vuestro conocimiento:

## ARGUMENTOS PARA ACOGER LA PRESENTE REPOSICIÓN:

### A. La comparecencia de CONADECUS A.C. NO ES EXTEMPORÁNEA:

1. A diferencia de lo que sostiene LATAM en su presentación de fecha 05 de octubre del año en curso y de lo razonado por SS en la resolución que por este acto se recurre; la comparecencia de CONADECUS A.C., en el presente juicio, malamente –y solo como consecuencia de una interpretación abiertamente errada de lo dispuesto en el art. 53 de la LPC- podría ser considerada como "extemporánea", precisamente por las razones que se esgrimen a continuación.

2. Como bien sabe SS., el **art. 53 de la LPC**, en su inciso primero, señala: "*En la misma resolución en que se rechace la reposición interpuesta contra la resolución que declaró admisible la demanda y se ordene contestar o se tenga por contestada la misma, cuando dicho recurso no se haya interpuesto, el juez ordenará al demandante que, dentro de décimo día, __informe a los consumidores que puedan considerarse afectados__ por la conducta del proveedor demandado, __mediante la publicación de un aviso en un medio de comunicación nacional, regional o local, escrito, electrónico o de otro tipo, que asegure su adecuada difusión y en el sitio Web del Servicio Nacional del Consumidor__, para que __comparezcan a hacerse parte o hagan reserva de sus derechos__. El aviso en el sitio Web del Servicio Nacional del Consumidor se deberá mantener publicado hasta el último día del plazo señalado en el inciso cuarto de este artículo*" (énfasis propio).

3. Luego, la letra f) del inciso segundo de la norma en comento, preceptúa: "*Corresponderá al secretario del tribunal fijar el contenido del aviso, el que contendrá, a lo menos, las siguientes menciones: […] f) El llamado __a los afectados__ por los mismos hechos para hacerse parte o para que hagan*

12

*reserva de sus derechos, expresando que los resultados del juicio empecerán también a aquellos afectados que no se hicieran parte en él [...]".*

4.  A su vez, en su inciso tercero, el art. 53 de la LPC dispone: "*Desde la publicación del aviso a que se refiere el inciso segundo, **ninguna persona** podrá iniciar otro juicio en contra del demandado fundado en los mismos hechos, sin perjuicio de lo señalado en el inciso siguiente y de lo dispuesto en el artículo 54 C respecto de la reserva de derechos*".

5.  De la sola lectura de los pasajes de la norma en comento, transcritos precedentemente, se desprende, sin lugar a dudas y gracias a su claro tenor literal, <u>que éstos se refieren en todo momento a los consumidores INDIVIDUALMENTE considerados</u>. Muestra clara de aquello es que el legislador emplea expresiones tales como "*los consumidores que puedan considerarse afectados*"; "*los afectados*"; y "*ninguna persona*". Es evidente, SS., que solo los consumidores **individualmente concebidos** pueden ser considerados como "afectados" y, por lo tanto, es a aquellos a quienes se dirige la ley en el art. 53 ya tantas veces referido, cuando habla de "*los afectados*" o "*ninguna persona*". Por consiguiente, **resulta francamente imposible si quiera pensar que nuestro legislador, mediante expresiones como las transcritas, haya pretendido referirse a una agrupación de consumidores, como lo es CONADECUS A.C**.

6.  Como bien entenderá SS., lo que hace el legislador en el art. 53 de la LPC, es <u>**distinguir**</u> con meridiana claridad la figura de los <u>**legitimados activos**</u> en este procedimiento especial para la Protección del Interés Colectivo o Difuso de los Consumidores, <u>**respecto de aquellas personas que podrían ser beneficiarias de las acciones colectivas o difusas ejercidas por dichos legitimados activos en el procedimiento especial referido**</u>; de modo tal, que resulta del todo improcedente confundir unos con otros.

7.  En definitiva, la ley invita o llama "*a los afectados*" por los hechos a hacerse parte o reservar sus derechos, es decir, precisamente "*a los consumidores*", y NO a los legitimados activos del artículo 51 de la LPC; o ¿Considerará, SS., razonable estimar que el SERNAC o una Agrupación de Consumidores (como CONADECUS A.C.) podrían realmente ser "los afectados", a quienes quiso referirse el Legislador en la norma en análisis? Evidentemente que no.

8.  Encontrándose zanjado lo anterior, en cuanto a que el art. 53 de la LPC, en sus incisos primero, segundo y tercero, se refiere a los "consumidores individualmente considerados"; solo queda concluir que **el plazo al que se refiere el inciso cuarto del**

**artículo en cuestión** ("*El plazo hacer uso de los derechos que confiere el inciso primero de este artículo será de veinte días hábiles contados desde la publicación del aviso en el medio de circulación nacional, y el efecto de la reserva de derechos será la inoponibilidad de los resultados del juicio*"), está **establecido única y exclusivamente para que –solo- los CONSUMIDORES INDIVIDUALMENTE CONSIDERADOS, que pudieren verse afectados, hagan uso de los derechos a los que se refiere el inciso primero del art. 53 de la LPC**.

9. En conclusión, **resulta totalmente improcedente hacer extensivo el alcance de dicha norma, y en particular de ese plazo, a una agrupación de consumidores como lo es CONADECUS A.C.**

B. <u>**No consta en el expediente que se haya dado cabal e íntegro cumplimiento a las publicaciones que ordena el art. 53 de la LPC:**</u>

1. Tal como se expuso en el acápite titulado "Antecedentes Generales de Contexto", resulta indiscutible que **la demandante NO HA ACREDITADO el hecho de haber dado estricto y cabal cumplimiento a lo ordenado por SS en resolución de fecha 18 de agosto de 2020**, por la cual, de conformidad a lo dispuesto en el inciso primero del art. 53 de la LPC, se ordenó efectuar las correspondientes publicaciones en el diario electrónico "El Mostrador" **y en la página web del SERNAC**; toda vez que la demandante, según ella misma dio cuenta, **solamente acreditó el haber efectuado publicaciones en el diario electrónico referido, <u>MAS NO EN LA PÁGINA WEB DEL SERNAC</u>**.

2. En relación a lo anterior, cabe precisar que el carácter imperativo de la norma referida es sumamente claro. En efecto, ésta NO autoriza, ni permite en modo alguno, que el demandante "escoja", a su arbitrio, si realizar las publicaciones en un medio de comunicación o, bien, en la página web del SERNAC. Muy por el contrario, la norma referida, desde el momento en que emplea la conjunción copulativa "y" ("*mediante la publicación de un aviso en un medio de comunicación* […] *y en el sitio Web del Servicio Nacional del Consumidor*"), **<u>EXIGE que las publicaciones correspondientes se practiquen en AMBOS MEDIOS</u>** (es decir, TANTO en un medio de comunicación determinado COMO en la página web del SERNAC); lo cual, e**videntemente no consta que haya ocurrido en la especie.**

3. Pues bien, aún en el improbable evento que SS. estimase –erradamente- que el art. 53 de la LPC (y el plazo que establece en su inciso cuarto) está dirigido no solo a los consumidores individualmente considerados, sino que también a agrupaciones de consumidores como CONADECUS A.C.; al no encontrarse acreditado el hecho de haberse dado cabal e íntegro cumplimiento a la forma en que se deben efectuar las publicaciones que ordena el art. 53 de la LPC, **MALAMENTE podría considerarse que haya transcurrido, o, incluso, comenzado a correr, el plazo de 20 días para comparecer en la causa y hacer valer los derechos correspondientes.** Lo anterior, puesto que, a partir de una interpretación coherente y armónica de dicha norma, lo lógico es concluir que dicho plazo DEBE comenzar a correr una vez que se efectúan AMBAS publicaciones (en un medio de comunicación determinado Y en la página web del SERNAC); lo cual, insistimos, no consta que haya ocurrido en la especie.

C. **El interés que CONADECUS A.C. tiene en el presente juicio es REAL y ACTUAL:**

1. En primer lugar, es necesario reiterar que CONADECUS A.C., en su rol de asociación de consumidores, garante de sus intereses sobre todo en el ámbito colectivo y difuso, según lo dispone la propia ley del consumidor, interpuso, **antes de iniciarse este juicio**, una demanda por afectación del interés colectivo de los consumidores contra LATAM AIRLINES GROUP S.A., ante el 23° Juzgado Civil de Santiago, Rol N° C-8498-20202.

2. Por su parte, según consta en el Acta de Audiencia de Conciliación de fecha 1 de octubre del 2020, AGRECU y LATAM alcanzaron un "acuerdo" -en este juicio- que **compromete gravemente los derechos de los consumidores representados por CONADECUS A.C.**; precisamente en consideración al efecto *erga omnes* que dicho acuerdo pretende generar, interfiriendo en la continuación del juicio individualizado en el numeral anterior, atendida la naturaleza de equivalente jurisdiccional que tiene el acta de conciliación aprobada judicialmente. Lo anterior, SS., **envuelve una gravísima infracción a los derechos irrenunciables de los consumidores que este Tribunal NO puede soslayar.**

3. En efecto, esa Acta de Audiencia de Conciliación envuelve la renuncia de derechos indisponibles de los consumidores representados por CONADECUS A.C., según dispone el artículo 4 de la Ley N°19.496, al **establecer condiciones claramente favorables para el proveedor**. Tales renuncias dicen relación con las modalidades de restituciones concedidas, la liberación del proveedor de la reparación de los cuantiosos

los daños materiales y morales provocados, y de la sanción de las innumerables infracciones a la normativa de orden público de protección de los consumidores en que ha incurrido LATAM.

4. En conclusión, al aprobarse esta Acta de Audiencia de Conciliación, se están afectando gravemente los derechos de los consumidores representados por CONADECUS A.C., **cuestión que evidentemente representa un interés actual y real,** fundado en derechos irrenunciables conforme lo establece el artículo 23 del Código de Procedimiento Civil, que **obliga a mi representada a hacerse parte en este juicio para resguardar tales derechos**.

**D. Corresponde tener presente la comparecencia de CONADECUS A.C. en este juicio, en calidad de TERCERO EXCLUYENTE:**

1. Siendo absolutamente evidente que CONADECUS A.C. tiene un interés actual y real en el resultado del presente juicio, en defensa de derechos irrenunciables de los consumidores, **corresponde tenerla como parte en calidad de tercero excluyente**, en conformidad a lo dispuesto en el artículo 23 inciso tercero del Código de Procedimiento Civil, en concordancia con lo dispuesto en los artículos 22 y 16 del mismo cuerpo legal, ya que CONADECUS A.C. se encuentra habilitado para actuar por medio de sus propios apoderados, pudiendo separadamente hacer las alegaciones y rendir las pruebas que estime conducentes, sin entorpecer la marcha regular del juicio.

2. En cuanto a la calidad de "tercero excluyente", ésta se explica porque el interés que asiste a CONADECUS A.C. en defensa de los derechos irrenunciables de los consumidores, es **inequívoca y absolutamente incompatible con la actuación de AGRECU en estos autos**. Lo anterior, puesto que esta parte defiende TODOS los derechos irrenunciables de los consumidores vulnerados por LATAM; los **mismos respecto de los cuales AGRECU pretende ilegalmente transigir**.

3. Finalmente, en relación a este punto, cabe precisar que si bien CONADECUS A.C. está consciente de lo dispuesto en el art. 22 del Código de Procedimiento Civil, en cuanto a que el tercero excluyente "*acepta todo lo obrado antes de su presentación*"; lo cierto es que aquella circunstancia malamente podría ser entendida como una "aceptación" por parte de mi representada del acuerdo conciliatorio celebrado entre AGRECU y LATAM, precisamente porque **al momento de comparecer en autos, dicho "acuerdo" NO SE TENÍA POR APROBADO**.

16

**E. Este Tribunal es absolutamente incompetente para conocer de la presente demanda:**

1. Por aplicación de la **regla especial de competencia absoluta de la PREVENCIÓN**, establecida en el art. 112 del Código Orgánico de Tribunales[1] (norma de orden público, indisponible para las partes e imperativa para SS), existiendo dos o más tribunales competentes para conocer de un mismo asunto -en este caso una demanda de consumidores representados por dos asociaciones-, **una vez que un tribunal haya prevenido en el conocimiento de un asunto**, los **otros pierden su competencia**. Por ende, al haber sido el 23° Juzgado Civil de Santiago, el que previno en el conocimiento del asunto que nos convoca, **SS. ha perdido absolutamente la competencia**.

2. Pues bien, estando SS en conocimiento de la circunstancia señalada precedentemente (en cuanto a su manifiesta incompetencia por aplicación de la regla de la prevención) **desde el 24 de agosto de 2020** (fecha en la que el SERNAC envió su respuesta a este Tribunal); el hecho de haber continuado conociendo de este juicio, importa una infracción deliberada, manifiesta y grave a las reglas de competencia absoluta que establece el Código Orgánico de Tribunales.

3. Únicamente a fin de despejar cualquier duda en torno a la oportunidad para formular una alegación en este sentido por parte de mi representada, cabe señalar que, de conformidad a lo dispuesto en el inciso segundo del art. 83 del Código de Procedimiento Civil, **NO hay plazo para alegar la incompetencia absoluta del Tribunal**.

**F. Procedencia de la Acumulación de Autos solicitada por CONADECUS A.C.:**

1. Como SS. bien sabe, el art. 92 del Código de Procedimiento Civil (en adelante, CPC) dispone:

   "*La acumulación de autos tendrá lugar siempre que se tramiten separadamente dos o más procesos que deban constituir un solo juicio y terminar por una sola sentencia, para mantener la continencia, o unidad de la causa. Habrá, por tanto, lugar a ella:*

   *1°. Cuando la acción o acciones entabladas en un juicio sean iguales a las que se hayan deducido en otro, o cuando unas y otras emanen directa e inmediatamente de unos mismos hechos;*

---

[1] Que dispone: "*Siempre que según la ley fueren competentes para conocer de un mismo asunto dos o más tribunales, ninguno de ellos podrá excusarse del conocimiento bajo el pretexto de haber otros tribunales que puedan conocer del mismo asunto; pero el que haya prevenido en el conocimiento excluye a los demás, los cuales cesan desde entonces de ser competentes*" (énfasis propio).

17

*2°. Cuando las personas y el objeto o materia de los juicios sean idénticos, aunque las acciones sean distintas; y*

*3°. En general, siempre que la sentencia que haya de pronunciarse en un juicio deba producir la excepción de cosa juzgada en otro".*

2. A su vez, el art. 96 del CPC dispone que: "*Si los juicios están pendientes ante tribunales de igual jerarquía, **el más moderno se acumulará al más antiguo**; pero en el caso contrario, la acumulación se hará sobre aquel que esté sometido al tribunal superior*" (énfasis propio).

3. Por su parte, el artículo 51 N°9 de la LPC, expresamente dispone que las demandas colectivas se deben acumular conforme a las reglas generales: "[…] *9.- Las **acciones cuya admisibilidad se encuentre pendiente, se acumularán de acuerdo a las reglas generales**. Para estos efectos, **el Servicio Nacional del Consumidor oficiará al juez el hecho de encontrarse pendiente la declaración de admisibilidad de otra demanda por los mismos hechos**"* (énfasis propio).

4. Tal como se ha señalado en reiteradas oportunidades a lo largo de esta presentación, en cumplimiento de lo dispuesto en la norma transcrita precedentemente, el SERNAC, con fecha 24 de agosto de 2020, **informó a este Tribunal acerca de la existencia del juicio seguido por CONADECUS en contra de LATAM ante el 23º Juzgado Civil de Santiago**; información que, extrañamente, **ni siquiera fue certificada por el Tribunal en el expediente electrónico de esta causa**.

5. Por lo expuesto, correspondía que SS., además de declararse incompetente para conocer de la demanda incoada por AGRECU, acogiera la solicitud formulada por CONADECUS A.C., en cuanto a ordenar la acumulación de estos autos a la causa en que se ventila la acción promovida por mi representada en contra de LATAM; **más aún si consideramos que el SERNAC, con fecha 24 de agosto de 2020 y en los términos que exige la ley, informó a este Tribunal de la existencia del juicio seguido por CONADECUS ante el 23º Juzgado Civil de Santiago. Así y todo, aquello NO ocurrió**.

6. A este respecto, cabe reiterar que **LATAM ha actuado con una evidente mala fe en este juicio**, ya que estando plenamente consciente en cuanto a que el presente juicio debía acumularse al juicio iniciado previamente por CONADECUS A.C. (tramitado ante el 23 Juzgado Civil de Santiago), en vez de haber alegado derechamente la incompetencia

18

absoluta del Tribunal de SS., o bien, solicitado la acumulación de autos, **optó por guardar silencio y continuar con su tramitación**.

7. En conclusión, siendo el juicio de CONADECUS A.C. contra LATAM tramitado ante el 23° Juzgado Civil, el **primero en iniciarse**, **tramitarse** y **notificarse**, resulta evidente que **operó la regla de competencia absoluta de la prevención**; por lo que SS. **debió ordenar la acumulación de estos autos en los términos solicitados por mi representada** (sin perjuicio que, técnicamente, debió hacerlo desde el momento en que tomó conocimiento de la existencia del juicio iniciado por mi representada; lo que ocurrió con fecha 24 de agosto del año en curso), tal como lo dispone el artículo 51 N°9 de la LPC, ya que no tenía –n tiene- competencia para continuar con la tramitación del procedimiento.

G. **El acuerdo conciliatorio arribado en el presente juicio, el cual CONADECUS no ha "aceptado", es contrario a la Ley e infringe el interés colectivo de los consumidores:**

1. Para comprender el por qué mi representada es tan **tajante al rechazar el acuerdo arribado por las partes del presente juicio**, resulta especialmente relevante hacer presente a SS. que este procedimiento se inició por demanda interpuesta por la Asociación de Consumidores "AGRECU", con fecha 12 de junio de 2020, en cuyo petitorio **se solicita exclusivamente lo siguiente**:

   *"a) Declarar admisible la demanda colectiva, por cumplir con los requisitos establecidos en el artículo 52 de la Ley N°19.496 y, en consecuencia, conferirle traslado a la demandada por el plazo de diez días fatales para contestar la demanda, conforme a los dispuesto en el inciso segundo del citado artículo.*

   *b) Declarar la procedencia y monto de las indemnizaciones o reparaciones materiales y morales solicitadas en la presente demanda, a favor de los consumidores que fueron afectados por las conductas de ladas demandadas, pertenecientes tanto al interés colectivo y difuso, todo lo anterior, conforme a los artículos 51 y siguientes, 53 A y 53 C letra c) todos de la LPC.*

   *c) Ordenar las publicaciones indicadas en la letra e) del artículo 53 C de la ley N°19.496.*

   *d) Condenar en constas a la demandada"*.

2. Siguiendo lo anterior, cabe reiterar que CONADECUS A.C., en su rol de asociación de consumidores, garante desde siempre de los intereses de los consumidores, sobre todo en el ámbito colectivo y difuso, según lo dispone la propia ley del consumidor, interpuso, **antes -incluso- de iniciarse este juicio** (con fecha 29 de mayo del 2020), una acción de protección del interés colectivo contra LATAM AIRLINES GROUP S.A, ante el 23°

Juzgado Civil de Santiago, Rol N° C-8498-20202, **basada en circunstancias fácticas y pretensiones que, en parte, coinciden con las que se contienen en la demanda presentada por AGRECU en este juicio,** pero que van más allá, pues **alcanzan la sanción de todas las infracciones cometidas por LATAM, la supresión de cláusulas abusivas, la restitución de todas las sumas adeudadas y la reparación íntegra de todos los daños patrimoniales y morales provocados.**

3.  Del análisis entre una y otra demanda se concluye -de manera palmaria- que **el objeto de este procedimiento es notoriamente menor e incompleto,** y por ello, en principio **distante con el objeto del juicio iniciado por CONADECUS ante el 23° Juzgado Civil de Santiago**.

4.  Sin embargo, SS, como Asociación de Consumidores, nos hemos visto desagradablemente sorprendidos, con el contenido del acuerdo arribado en este procedimiento, materializado el día 1 de octubre (según consta en la ya individualizada Acta de Acuerdo), toda vez que **en este acuerdo se pueden observar las siguientes graves irregularidade**s, a saber:

    a)  En primer lugar, desde una perspectiva estrictamente sustantiva, el contenido del acuerdo **rompe absolutamente con el principio de congruencia,** dado que **nada tiene que ver con los hechos y, en especial, con el petitorio de la demanda** (pretensión);

    b)  En segundo lugar, que el contenido del acuerdo, deja en evidencia un claro **fraude a la le**y, ya que **se extiende a cuestiones y/o materias que jamás fueron objeto de discusión en este juicio** (pero que sí fueron reclamadas por CONADECUS A.C. en el juicio tramitado ante el 23° Juzgado Civil).

5.  En el caso de marras el <u>**fraude a la ley**</u> está dado por el hecho que en este acuerdo **NO se consideró a las demás asociaciones de consumidores** (en especial, a CONADECUS A.C.) que no se hicieron parte en este juicio, no por negligencia, sino **porque la demanda de AGRECU (los hechos y su petitorio) no comprendía todas las vulneraciones cometidas por LATAM AIRLINES S.A.** y que, por cierto, estaban siendo reclamadas en otro juicio (23° Juzgado Civil); sin embargo -y muy curiosamente- el acuerdo arribado en este juicio también las comprende, a pesar que AGRECU no las reclamó.

20

6. En efecto, basta con mirar detalladamente el contenido del acuerdo para advertir el **desvío -absoluto- del objeto del juicio** (determinado por la fase de discusión), extendiéndolo a materias y hechos totalmente ajenos; **sobre todo si se considera la circunstancia que en este acuerdo expresamente se indica que tiene efecto *erga omnes*.**

7. Así queda en evidencia, por ejemplo, en el Título II del acuerdo, denominado *"TERMINACIÓN DEL JUICIO COLECTIVO"*, específicamente en su punto 3, en el que se indica lo siguiente: *"Las Partes acuerdan esta Conciliación pues entienden (i) que Latam ha dado cumplimiento a las disposiciones pertinentes de la LPDC y **el Código Aeronáutico** respecto del cancelación o reprogramación de vuelos durante el Periodo de Afectación por Pandemia Covid-19; pero que, sin embargo, (ii) esta Conciliación contribuye a dar claridad a los Beneficiarios respecto de sus derechos".*

8. Siguiendo lo anterior, es del caso señalar que **en ninguna parte de la demanda** de AGRECU, **se hace mención a las infracciones a las normas contenidas en el Código Aeronáutico cometidas por Latam Airlines S.A.** (que sí se contemplan en la demanda de CONADECUS A.C.), pero que -muy curiosamente- **sí aparecen comprendidas en el acuerdo arribado en este juicio**.

9. Es evidente, SS., que este ilegal acuerdo **constituye un burdo intento para aprovechar la fase de conciliación como un vehículo para imponer a los consumidores**, dados los efectos *erga omnes* que poseen estos acuerdos por naturaleza, **una serie de condiciones y reglas favorables al proveedor en perjuicio de los consumidores**, con el objeto de limitar el acceso expedito de los consumidores a sus derechos.

10. En efecto, según se desprende de la sola lectura de la demanda seguida actualmente ante el 23º Juzgado Civil de Santiago (cuya competencia se encuentra debidamente radicada conforme a las reglas indisponibles que, al efecto, establece el Código Orgánico de Tribunales), **CONADECUS A.C. ha demandado en representación de un universo mayor de consumidores que AGRECU**, incluyendo a todos los afectados y sus legítimos derechos y, además, **para que sancionen todas y cada una de las infracciones en que ha incurrido LATAM, conjuntamente con la indemnización de todos los daños y perjuicios que los consumidores han sufrido**, tanto a nivel patrimonial como extrapatrimonial (cuyo monto aún no se determina conforme a derecho). Lo anterior, naturalmente, no solo supone una gravísima infracción a los derechos de los consumidores, sino además una flagrante infracción a las reglas de

competencia establecidas en el Código Orgánico de Tribunales. En otras palabras, **aprobar esta acta de conciliación, significa desconocer la jurisdicción y competencia del 23º Juzgado Civil de Santiago, que se ha radicado conforme a la Ley**.

11. Es precisamente este intempestivo cambio en el objeto del juicio, el cual, insistimos, se produce en forma antijurídica, tanto desde un punto de vista adjetivo como sustantivo, **lo que obliga a CONADECUS A.C.,** en el cumplimiento de su deber legal de resguardo de los intereses de los consumidores, **a tomar parte en el presente procedimiento** (como tercero excluyente), solicitando a SS. tener presente lo ya expuesto, al momento de resolver el acuerdo ya individualizado, rechazándolo en base a las razones esgrimidas.

12. Por último, se hace presente que **el interés actual de CONADECUS A.C. es que se deje sin efecto la resolución recurrida y, en definitiva, se rechace el Acuerdo conciliatorio que tuvo lugar entre las partes**. Lo anterior, se justifica en lo siguiente: **(i)** como el acuerdo rompe el principio de la congruencia, al involucrar hechos y materias ajenas a este juicio, pero que sí están contenidas en el juicio iniciado por CONADECUS A.C. contra LATAM AIRLINES GROUP S.A (ante el 23° Juzgado Civil de Santiago); se acaba perjudicando gravemente a los consumidores representados por CONADECUS A.C. ya que el acuerdo no debió involucrar materias ajenas a este juicio (sobre todo si afectan al juicio tramitado ante el 23° Juzgado Civil); **(ii)** Además, porque el acuerdo, con carácter *erga omnes*, **establece una serie de condiciones y reglas favorables únicamente al proveedor, en perjuicio de los consumidores**, con el objeto de **limitar el acceso expedito de los consumidores a sus derechos**.

## POR TANTO;

Con el mérito de los antecedentes de hecho y derecho expuestos tanto en lo principal como en el primer otrosí de esta presentación, **SOLICITO A SS.**, que, para el evento de rechazarse la solicitud formulada en lo principal de este escrito, se sirva tener por interpuesto, en carácter subsidiario, recurso de reposición en contra de la resolución de fecha 05 de octubre de 2020, acogerlo, modificar la resolución recurrida en lo que resulte pertinente y, en definitiva, resolver:

1. Que se tiene presente la comparecencia de CONADECUS A.C. en la presente causa, en calidad de tercero excluyente.

2. Que este tribunal es incompetente para conocer de la demanda interpuesta por AGRECU; y que, en consecuencia, se inhibe de seguir conociendo de estos autos.

3. Que, conforme lo establece la LPC y el CPC, se ordena la acumulación de estos autos a la causa Rol C-8.498-2020, seguida ante el 23° Juzgado Civil de Santiago, caratulada "CONADECUS/LATAM AIRLINES GROUP S.A.".

4. En subsidio, y para el evento de rechazar la solicitud de acumulación de autos; que se rechaza el acuerdo conciliatorio al cual arribaron las partes con fecha 01 de octubre del 2020; por tratarse de un acuerdo ilegal, que beneficia, en este caso, al proveedor, y perjudica directamente el interés colectivo de los consumidores.

5. Que se tiene presente la reserva de las acciones y recursos, realizada por Conadecus A.C., en el tercer otrosí de su presentación de fecha 04 de octubre de 2020.

6. Que se tienen por acompañados los documentos indicados por CONADECUS A.C., en el cuarto otrosí de su presentación de fecha 04 de octubre de 2020.

7. Todo lo demás, con expresa condena en costas en caso de existir oposición.

**SEGUNDO OTROSÍ:** Que, para el improbable evento que SS. rechace el recurso de reposición deducido en el primer otrosí de esta presentación y en base a los mismos argumentos de hecho y derecho expuestos tanto en lo principal como en el primer otrosí de este escrito, los cuales, por razones de economía procesal, doy por expresa e íntegramente reproducidos; por medio de este acto, encontrándome dentro de plazo, vengo en **SOLICITAR A SS**. se sirva tener por interpuesto recurso de apelación subsidiario en contra de la resolución de fecha 05 de octubre de 2020, concederlo para ante la Iltma. Corte de Apelaciones de Santiago, con el objeto de que esa Iltma. Corte, conociéndolo, lo acoja en todas sus partes, enmiende la resolución recurrida y, en su reemplazo, resuelva lo siguiente:

1. Que se tiene presente la comparecencia de CONADECUS A.C. en la presente causa, en calidad de tercero excluyente.

2. Que este tribunal es incompetente para conocer de la demanda interpuesta por AGRECU; y que, en consecuencia, se inhibe de seguir conociendo de estos autos.

3. Que, conforme lo establece la LPC y el CPC, se ordena la acumulación de estos autos a la causa Rol C-8.498-2020, seguida ante el 23° Juzgado Civil de Santiago, caratulada "CONADECUS/LATAM AIRLINES GROUP S.A.".

4. En subsidio, y para el evento de rechazar la solicitud de acumulación de autos; que se rechaza el acuerdo conciliatorio al cual arribaron las partes con fecha 01 de octubre

23

del 2020; por tratarse de un acuerdo ilegal, que beneficia, en este caso, al proveedor, y perjudica directamente el interés colectivo de los consumidores.

5. Que se tiene presente la reserva de las acciones y recursos, realizada por Conadecus A.C., en el tercer otrosí de su presentación de fecha 04 de octubre de 2020.

6. Que se tienen por acompañados los documentos indicados por CONADECUS A.C., en el cuarto otrosí de su presentación de fecha 04 de octubre de 2020.

7. Todo lo demás, con expresa condena en costas en caso de existir oposición.

24