# EXHIBIT 11

**EN LO PRINCIPAL:** Incidente de nulidad de todo lo obrado; **EN EL OTROSÍ:** En subsidio, solicita se declare de oficio la nulidad de todo lo obrado.

**S.J.L. en lo Civil de Santiago (25°)**

**MARÍA JIMENA ORREGO PASTÉN, MAURICIO TAPIA RODRÍGUEZ Y RAÚL TORO GONZÁLEZ**, abogados, en representación de **CONADECUS A.C.**, en estos autos sobre procedimiento especial colectivo regulado en la LPC, caratulados **"AGRECU / LATAM AIRLINES GROUP S.A",** causa Rol **C-8903-2020,** cuaderno principal, a S.S., respetuosamente decimos:

Que, dentro del plazo legal, y en atención a lo señalado por resolución judicial de 19 de octubre de 2020, según consta en autos a fojas 59, **en que S.S. se declaró inhabilitada** para continuar conociendo de la presente causa de conformidad con lo dispuesto en el artículo 199 inciso primero del Código Orgánico de Tribunales, en relación con la parte final de lo establecido en el artículo 125 del Código de Procedimiento Civil, todo lo anterior en virtud de encontrarse comprendida en la causal de recusación establecida en el numeral 5° del artículo 196 del Código Orgánico de Tribunales, venimos en interponer un **incidente de nulidad de todo lo obrado** al tenor de lo dispuesto en los artículos 83 y siguientes del Código de Procedimiento Civil, sobre la base de las siguientes consideraciones de hecho y derecho:

**1.** Según consta en autos a fojas 59, el 19 de octubre de 2020, S.S. declaró encontrarse comprendida en la causal de recusación establecida en el numeral 5° del artículo 196 del Código Orgánico de Tribunales, motivo por el que **se declaró de oficio inhabilitada** para seguir conociendo de la presente causa.

Es de trascendental importancia advertir que, en la referida resolución, S.S. argumenta que "en razón del **estudio directo del proceso digital**, con motivo de las solicitudes en tramitación y pendientes de resolver, esta Jueza ha advertido que

1

se considera comprendida en la causal de recusación del numeral quinto del articulo 196 del ya citado código".

**2.** De tal consideración se advierte un antecedente de particular relevancia y gravedad: **S.S. reconoce que recién a estas alturas del procedimiento, luego de haberse agotado la fase discusión, y más grave aún, después de haber aprobado una conciliación profundamente vulneratoria de los derechos de los consumidores, ha estudiado de forma directa el proceso digital.**

En efecto, senda consideración de parte de S.S. deja en evidencia que, en consecuencia, cada una de las resoluciones emanadas del Tribunal con anterioridad del momento de dictar la citada resolución de 19 de octubre de 2020, **se dictaron afectándole una causal de inhabilidad que ahora "descubre" y con total desconocimiento de los hechos de la causa y de las alegaciones vertidas en el proceso**, cuestión que es incompresible y da cuenta de la irregularidad con la que se han sustanciado los autos.

**3.** A mayor abundamiento, S.S. considera haber incurrido en la referida causal de inhabilidad por el hecho de "**tener la calidad de acreedora de la parte demandada en estos autos**, en virtud de un paquete turístico que a mediados del año anterior compré a la empresa despegar.com que – entre otros servicios- incluía pasaje de avión", circunstancia que **debió advertirla con meridiana claridad con la sola lectura de la demanda de autos**.

De lo anterior no cabe más que concluir que la demanda de autos fue **proveída**, el 19 de junio de 2020, fecha en que S.S. ya se encontraba comprendida en dicha causal de recusación, **sin siquiera haberla leído o haber reparado en la identidad de una de las partes**.

Lo anterior resulta absoluta e incontrastablemente evidente, puesto que **toda la discusión de autos ha versado sobre la falta de cumplimiento de parte de LATAM AIRLINES respecto de los derechos los consumidores** de la aerolínea.

2

Siendo S.S. consumidora de los servicios de LATAM, era inevitable advertir el **conflicto de interés** en este juicio con la sola lectura de la demanda en que, precisamente, se reclama tal incumplimiento.

**4.** De lo señalado en los párrafos anteriores, salta a la vista que, si la inhabilidad de S.S. existía al momento de iniciarse este juicio, S.S. de oficio debía declarar nulo todo lo obrado en autos a partir del momento que se proveyó la demanda y en ningún caso desde que S.S. supuestamente se percató que estaba inhabilitada.

Por lo tanto, resulta improcedente que la inhabilidad de S.S. solo tenga efectos para el futuro y deje como "válido" todo lo obrado con anterioridad, pues, reiteramos, **dicha inhabilidad existía desde aquella época**.

Es decir, S.S. la inhabilidad de S.S. vició el proceso desde su inicio, y no a partir del 19 de octubre pasado, cuando S.S. "descubrió" que se encontraba inhabilitada para conocer del juicio.

**5.** Lo más grave de todo es que aquella **no es la única impropiedad que ha cometido este Tribunal en el curso del presente juicio**. En efecto, y como ya lo advirtió CONADECUS en sus presentaciones de 4 y 8 de octubre de 2020, S.S. incurrió, en resumen, en los siguientes defectos de tramitación del proceso:

**(i)** Por resolución de 19 de junio de 2020, S.S. declaró admisible la demanda de autos y dispuso **oficiar al SERNAC** con el fin de dar cumplimiento a lo establecido en el artículo 51 N°9 de la LPC.

Pues bien, en cumplimiento de lo anterior, el 24 de agosto de 2020, el SERNAC, través de correo electrónico, envió a S.S. el ORD **N°6348** en que le informaba que existía un juicio previo iniciado por CONADECUS A.C. en contra de LATAM AIRLINES GROUP S.A., por los mismos hechos, ante el 23º Juzgado Civil de Santiago (causa Rol C-8494-2020).

3

Sin embargo, y por razones que ignoramos, dicho oficio con la respuesta del SERNAC **S.S. no lo incorporó al expediente**, cuestión que habría obligado a S.S. a acumular este juicio al iniciado por CONADECUS ante 23° Juzgado Civil de Santiago, y, además, le hacía perder toda la competencia a S.S. para seguir conociendo de este juicio.

Asimismo, S.S. debe considerar que tanto AGRECU como LATAM AIRLINES GROUP S.S. tenían perfecta conciencia de la existencia del juicio previo iniciado por CONADECUS A.C., y **guardaron conveniente silencio al respecto**.

Como S.S. puede advertir, la situación procesal de este juicio es especialmente grave; sobre todo considerando que fue el mismísimo SERNAC y, por cierto, CONADECUS A.C., quienes le hicimos presente a S.S. todas las irregularidades procesales antes descritas.

A pesar de lo anterior, S.S. permitió continuar con la tramitación de la presente causa, con todo lo que ello implica.

**(ii)** Por resolución de 11 de agosto de 2020, en que S.S. resolvió rechazar la reposición deducida por LATAM y ordenó contestar la demanda, **obvió por completo lo dispuesto en el inciso primero del art. 53 de la LPC**, en cuanto a que es tal resolución -que rechaza la reposición interpuesta en contra de la resolución que declara admisible la demanda y ordena contestarla, o, bien, la tiene por contestada en caso de no haberse deducido recurso de reposición-, en la que el Tribunal debe de ordenar al demandante que **informe a los consumidores** que puedan considerarse afectados por la conducta del proveedor demandado, mediante **la publicación de avisos en el diario y en el sitio Web del Servicio Nacional del Consumidor**, para que comparezcan a hacerse parte o hagan reserva de sus derechos, debiendo contener el aviso, a lo menos, las menciones señaladas en los numerales del inciso segundo de aquella norma.

4

Fue recién mediante resolución de **18 de agosto de 2020**, y previo requerimiento de la propia demandante, que S.S. le ordenó a ésta efectuar las publicaciones correspondientes en la forma establecida en el art. 53 de la LPC.

**(iii)** Mediante resolución de 3 de septiembre de 2020, S.S. tuvo "por cumplido lo ordenado" en su resolución de 18 de agosto de 2020, con el solo mérito de haberse acompañado en el proceso las 3 publicaciones realizadas en el diario electrónico "El Mostrador", en circunstancias que, a lo más, correspondía tener por cumplido "parcialmente" lo ordenado **al no haberse acreditado la realización de publicaciones en el sitio web del SERNAC**.

Aún así, y **pese a encontrarse pendiente tanto la respuesta del SERNAC como la publicación en su sitio web** que ordena el art. 53 de la LPC, el 1 de octubre de 2020, **se llevó a cabo la audiencia de conciliación** decretada en autos, en la que las partes arribaron a un acuerdo que es abiertamente ilegal y totalmente contrario al interés colectivo de los consumidores.

**(iv)** Por resolución de 5 de octubre de 2020, **S.S. tuvo presente y por aprobado "en todo aquello que no fuere contrario a derecho" el improcedente e ilegal acuerdo arribado entre AGRECU y LATAM**; dándole valor de equivalente jurisdiccional y ordenando efectuar las publicaciones que correspondan según el art. 54 inciso tercero de la LPC.

**6.** Se agrega a todo lo anterior, el hecho de que S.S. ha desatendido los intentos de CONADECUS A.C. por hacer presentes los **vicios de este procedimiento** y solicitar su rectificación, en defensa de los intereses colectivos y/o difusos de los consumidores, así como las **graves ilegalidades de fondo del acuerdo conciliatorio**.

Dicho en otras palabras, no sólo tramita un procedimiento en el que tiene un interés con una de las partes, sin conocimiento de los hechos y alegaciones de la causa según sus propias declaraciones, y cometiendo una serie de impropiedades que han

5

viciado el presente juicio, además S.S. ha declinado rectificar el curso de los acontecimientos denegando los intentos que se han realizado en defensa de los intereses de los consumidores.

**7.** Todo lo anterior configura con total y contundente evidencia la nulidad procesal comprendida en el artículo 83 del Código de Procedimiento Civil, que en su inciso primero dispone: "La nulidad procesal podrá ser declarada, **de oficio o a petición de parte**, en los casos que la ley expresamente lo disponga y **en todos aquellos en que exista un vicio que irrogue a alguna de las partes un perjuicio reparable sólo con la declaración de nulidad**".

De la norma transcrita se desprende que la nulidad procesal procede siempre que exista algún vicio que irrogue perjuicios reparables sólo con la declaración de nulidad, circunstancia que concurre a todas luces en el caso de autos. Lo anterior, queda evidencia puesto que S.S. **ha aprobado un acuerdo de conciliación contrario a derecho mientras se encontraba inhabilitada para conocer del presente juicio**, cuestión que solo puede subsanarse mediante la nulidad. Del mismo modo, S.S. **proveyó la demanda** y substanció todo el procedimiento teniendo interés con una de las partes, sin conocimiento de los hechos y alegaciones de la causa según su propia confesión, y cometiendo una serie de impropiedades que han viciado el presente juicio, por lo que la única solución posible es decretar la nulidad de todo lo obrado en estos autos.

**8.** Por su parte, el inciso segundo del artículo 83 establece que: "La nulidad sólo podrá impetrarse **dentro de cinco días, contados desde que aparezca o se acredite que quien deba reclamar de la nulidad tuvo conocimiento del vicio**, a menos que se trate de la incompetencia absoluta del tribunal. La parte que ha originado el vicio o concurrido a su materialización o que ha convalidado tácita o expresamente el acto nulo, no podrá demandar la nulidad".

La concurrencia de los requisitos que se desprenden de esta norma es también prístina. S.S. ha puesto a las partes en conocimiento de su inhabilidad recién el 19

6

de octubre sin que fuera posible advertirlo con anterioridad a su propia declaración; y por otra parte, es claro que el vicio lo ha cometido el mismo Tribunal y no quien lo alega.

**9.** Finalmente, el inciso final del artículo 83 dispone que: "La declaración de nulidad de un acto no importa la nulidad de todo lo obrado. El tribunal, al declarar la nulidad, deberá establecer precisamente cuáles actos quedan nulos en razón de su conexión con el acto anulado".

Sobre este punto es preciso advertir que, si bien no es necesario que en todos los casos la nulidad de un acto suponga la nulidad de todo lo obrado, en la especie y dadas las características del vicio de que adolece el presente procedimiento, **debe estimarse que ninguna actuación emanada de S.S. se encuentra libre de vicio por lo que debe anularse todo lo obrado en autos**, desde la resolución que proveyó la demanda en adelante.

**POR TANTO**, en virtud de lo dispuesto en los artículos 83 y siguientes del Código de Procedimiento Civil, y las demás normas legales que resulten pertinentes en la especie,

**A S.S. RESPETUOSAMENTE PEDIMOS:** Tener por interpuesto el presente incidente de nulidad de todo lo obrado, acogerlo a tramitación y, en definitiva, aceptarlo resolviendo la nulidad de todo lo obrado en autos desde la resolución que proveyó la demanda en adelante, o desde el momento o actuación que S.S. estime conforme a derecho.

**OTROSI:** Que, para el improbable evento que S.S. rechace la interposición del incidente de nulidad procesal de todo lo obrado formulada en lo principal de esta presentación, y dentro de plazo legal, por medio de este acto venimos en solicitar a S.S., **en subsidio de lo principal** y sobre la base de los mismos antecedentes de hecho y derecho que se dan por enteramente reproducidos, en virtud del principio de economía procesal, **declare de oficio la nulidad de todo lo obrado en autos**

7

desde la resolución que proveyó la demanda en adelante en virtud de lo dispuesto en los artículos 83 y siguientes del Código de Procedimiento Civil.

**POR TANTO**, en virtud de lo dispuesto en los artículos 83 y siguientes del Código de Procedimiento Civil, y las demás normas legales que resulten pertinentes en la especie,

**A S.S. RESPETUOSAMENTE PEDIMOS: En subsidio de lo principal**, declarar de oficio la nulidad de todo lo obrado en autos desde la resolución que proveyó la demanda en adelante, o desde el momento o actuación que S.S. estime conforme a derecho.

8