# EXHIBIT 12

FOJA: 81 .-   ochenta y uno .-

NOMENCLATURA      : 1. [51]Falla nulidad de lo obrado
JUZGADO           : 25º Juzgado Civil de Santiago
CAUSA ROL         : C-8903-2020
CARATULADO        : AGRECU/LATAM AIRLINES GROUP S.A.

Santiago, dieciséis de Noviembre de dos mil veinte

Resolviendo presentación del tercero CONADECUS A.C. de 10 de noviembre de 2020: Estese al mérito de lo que se dispone a continuación.

Autos para los efectos de los artículos 89, 90 y 91 del Código de Procedimiento Civil.

V I S T O S y teniendo presente:

1° Que, en lo principal de presentación de 22 de octubre de 2020, comparece el tercero CONADECUS A.C. exponiendo que en atención a lo dispuesto por resolución de 19 de octubre de 2020, en la que la Magistrado Titular declaró afectarle una causal de inhabilidad para conocer la causa de conformidad con lo dispuesto en el artículo 199 inciso primero del Código Orgánico de Tribunales, en relación con la parte final de lo establecido en el artículo 125 del Código de Procedimiento Civil, ello por estimar encontrarse comprendida en la causal de recusación establecida en el numeral 5° del artículo 196 del Código Orgánico de Tribunales, interpone incidente de nulidad de todo lo obrado al tenor de lo dispuesto en los artículos 83 y siguientes del Código de Procedimiento Civil, argumentando la relevancia y gravedad que representaría, a su entender, que solo luego agotada la fase discusión en la presente causa y de haber aprobado la Jueza una conciliación entre las partes, que considera vulneraría los derechos de los consumidores, ella hubiera declarado la citada inhabilidad, considerando su parte que cada una de las resoluciones emanadas del Tribunal con anterioridad a la dictación de la resolución de 19 de octubre de 2020 se encontrarían viciadas, reprochando al Tribunal no haber advertido a las partes una inhabilidad que existía al momento de iniciarse este juicio, resultándole improcedente que la inhabilidad declarada solo tenga efectos para el futuro y deje como "válido" todo lo obrado con anterioridad, reiterando que dicha inhabilidad existía desde aquella época y haciendo presente los fundamentos del incidente separado que dedujera primeramente en sus presentaciones de 4 y 8 de octubre de 2020 para concluir, luego de citar las normas que estima pertinentes, la existencia de un vicio solo reparable con la nulidad invocada, solicitando se declare la nulidad de todo lo obrado en autos desde la resolución que proveyó la demanda en adelante, o desde el momento o actuación que el Tribunal estime conforme a derecho, para luego requerir en el otrosí, en subsidio, sobre la base los mismos antecedentes y para el evento improbable que se rechace su primera incidencia, se declare de oficio la nulidad de todo lo obrado en autos desde la resolución que proveyó la demanda en adelante.

2° Que, en presentación de 2 de noviembre 2020, en folio 4 de este cuaderno virtual, la demandada LATAM Airlanes Group S.A. contesta la presente incidencia solicitando su rechazo, por considerarlo manifiestamente infundado, extemporáneo, interpuesto por quien no es parte e improcedente respecto de una constancia de inhabilidad, conforme a los antecedentes de hecho y fundamentos de derecho que latamente expone y que por economía procesal se dan por íntegramente reproducidos en esta parte.

3° Que, a efectos de resolver adecuadamente la presente incidencia deberá tenerse presente, en primer término, que con fecha 19 de octubre de 2020, en folio 55 del ramo principal, la Jueza Titular puso en conocimiento a las partes la causal de inhabilidad que indicó pudiera afectarle, en los siguientes términos:



*"Teniendo presente, lo dispuesto en la norma establecida en el artículo 199 del Código Orgánico de Tribunales, en razón del estudio directo del proceso digital, con motivo de las solicitudes en tramitación y pendientes de resolver, esta Jueza ha advertido que se considera comprendida en la causal de recusación del numeral quinto del artículo 196 del ya citado código, motivo por el cual pongo esta situación en conocimiento de todos los litigantes e intervinientes en el juicio, en razón de tener la calidad de acreedora de la parte demandada en estos autos, en virtud de un paquete turístico que a mediados del año anterior compré a la empresa despegar.com que – entre otros servicios- incluía pasaje de avión.*

*Por la razón antes indicada y de acuerdo al estado de tramitación de esta causa, de acuerdo a lo establecido en el artículo 199 inciso primero del Código Orgánico de Tribunales, en relación a la parte final de lo dispuesto en el artículo 125 del Código de Procedimiento Civil, me declaro inhabilitada para continuar funcionando, por la causal de recusación ya indicada.*

*Susana Rodríguez Muñoz, Jueza."*

4° Que dicha constancia del Tribunal tiene por finalidad verificar cabalmente en el proceso, conforme a lo establecido por los artículos 196 y 197 del Código Orgánico de Tribunales y por el artículo 125 del Código de Procedimiento Civil, el derecho de las partes a un Juez imparcial, otorgando este último artículo específicamente a la parte a quien, según la presunción de la ley, pudiera perjudicar la falta de imparcialidad que se supone en el juez, el derecho de alegar la inhabilidad correspondiente dentro del plazo de cinco días contados desde que se le notifique la declaración respectiva, disponiendo luego la norma en comento que si así no lo hiciere, se considerará renunciada la correspondiente causal de recusación, considerándose inhabilitado al Juez durante este plazo para conocer de la causa, cuya tramitación en el intertanto será substanciada por su subrogante legal, conforme establece el artículo 121 del mismo cuerpo legal.

En el sentido de lo expuesto deberá considerarse, además, que la norma del artículo 83 del mismo código prescribe que la nulidad procesal puede ser declarada, de oficio o a petición de parte, en los casos expresamente contemplados por la ley y en aquellos en que se acredite la existencia de un vicio que irrogue a alguna de las partes un perjuicio sólo reparable con su declaración, prescribiendo su inciso segundo que la referida incidencia sólo podrá impetrarse dentro del plazo de 5 días, contados desde que aparezca o se acredite que quien deba reclamar de la nulidad tuvo conocimiento del vicio.

5° Que, de un acertado análisis de los antecedentes de la incidencia, a la luz de las normas citadas, se desprende indubitadamente para este Substanciador, en primer término, que ella resulta extemporánea y que el incidentista en su calidad de tercero carece de legitimidad activa para incoar la nulidad procesal que nos ocupa, no desprendiéndose del examen de la actuación que cuestiona, en segundo lugar, vicio alguno que pudiera proyectarse a la tramitación del proceso, así como tampoco ninguna posibilidad de que la constancia de la Jueza Titular y su eventual recusación por la parte a quien según la presunción de la ley pudiera perjudicar la falta de imparcialidad que se supone en el juez, esto es, la demandada LATAM Airlanes Group S.A., pudiera implicar la posibilidad de viciar de algún modo sus actuaciones y resoluciones previas a la declaración de 19 de octubre del presente, toda vez que conforme ha establecido reiteradamente la Jurisprudencia de nuestros Tribunales Superiores de Justicia, la declaración de recusación produce sus efectos solo a partir del momento en que es pronunciada y hacia el futuro, no teniendo efecto retroactivo, por lo que no podría afectar las resoluciones dictadas con anterioridad, a diferencia de lo que ocurre con las implicancias, razones todas por las que se anuncia el rechazo del incidente de nulidad procesal deducido por el tercero, en todas sus partes.

6° Que, En los mismos términos y sobre la base de lo precedentemente razonado y dispuesto, se desestimará igualmente la solicitud subsidiaria de nulidad de oficio.



7° Que habiendo resultado totalmente vencido el incidentista, de conformidad a lo dispuesto por el artículo 144 del Código de Procedimiento Civil, se lo condenará al pago de las costas de la presente incidencia.

Al tenor de lo expuesto y de conformidad a lo dispuesto por los artículo 196, 197, 199, 200 y 204 del Código Orgánico de Tribunales, por el artículo 1698 del Código Civil y por los artículos 83 y siguientes, 144 y 125 del Código de Procedimiento Civil, se resuelve:

I.- Que se rechaza el incidente de nulidad de todo lo obrado deducido por el tercero en lo principal de su presentación de 22 de octubre de 2020.
II.- Que se desestima igualmente la solicitud de nulidad de oficio interpuesta por el tercero en el otrosí de la citada presentación.
III.- Que se condena al tercero CONADECUS A.C al pago de las costas del incidente.

Sin perjuicio de lo anterior, ofíciese a la Ilustrísima Corte de Apelaciones de Santiago para los fines pertinentes, de conformidad a lo dispuesto por los artículos 199 y 204 del Código Orgánico de Tribunales. jcl

Dictada por SANTIAGO QUEVEDO RÍOS, Juez Subrogante.

En Santiago, a dieciséis de Noviembre de dos mil veinte, se notificó por el estado diario, la resolución precedente.



Este documento tiene firma electrónica y su original puede ser validado en http://verificadoc.pjud.cl o en la tramitación de la causa.
A contar del 06 de septiembre de 2020, la hora visualizada corresponde al horario de verano establecido en Chile Continental. Para Chile Insular Occidental, Isla de Pascua e Isla Salas y Gómez restar 2 horas. Para más información consulte http://www.horaoficial.cl

SANTIAGO PABLO QUEVEDO RIOS
Fecha: 16/11/2020 10:27:30