**Hearing Date and Time: March 31, 2021 at 11:00 AM (ET)**
**Response Deadline: March 22, 2021 at 4:00 PM (ET)**

Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**PLEASE CAREFULLY REVIEW THE ATTACHED OBJECTION
AND THE ATTACHMENTS THERETO TO DETERMINE WHETHER
THE OBJECTION AFFECTS THE AMOUNT OR CURRENCY OF YOUR CLAIM(S)**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No.: 20-11254 (JLG) |
| Debtors.[1] | Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

**NOTICE OF HEARING ON
DEBTORS' FOURTEENTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT
TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (EQUITY INTERESTS)**

**PLEASE TAKE NOTICE** that on May 26, 2020 (the "Petition Date"), LATAM Airlines Group S.A. ("LATAM Parent") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on July 7 and 9, 2020 (as applicable to each Subsequent Debtor, the "Subsequent Petition Date" and together with the Initial Petition Date, as applicable to each Debtor, the "Petition Date"), additional LATAM affiliates TAM S.A., TAM Linhas Aéreas S.A., Aerolinhas Brasileiras S.A., Prismah Fidelidade Ltda., Fidelidade Viagens e Turismo S.A., TP Franchising Ltda., Holdco I S.A., Multiplus Corredora de Seguros Ltda. and Piquero Leasing Limited (the "Subsequent Debtors") filed voluntary petition under chapter 11 of the Bankruptcy Code (the "Subsequent Chapter 11 Cases" and together with the Initial Chapter 11 Cases, the "Chapter 11 Cases").

**PLEASE TAKE FURTHER NOTICE** that on October 26, 2020, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures and (II) Granting Related Relief* (the "Claims Objection Procedures Order") (ECF No. 1251) granting the Debtors relief from certain requirements of Rule 3007 of the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE** that on February 19, 2021, the Debtors filed the *Debtors' Fourteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R .Bankr. P. 3007 (Equity Interests)* (the "Objection"). A hearing (the "Hearing") on the Objection will be held before the Honorable Judge James L. Garrity Jr., United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 723, New York, New York 10004. The Hearing will commence on **February 24, 2021, at 11:00 A.M. (Prevailing Eastern Time)**. In light of the COVID-19 pandemic, the Hearing will only be conducted telephonically.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate in the Hearing must make arrangements through CourtSolutions LLC (www.courtsolutions.com). Instructions to register for CourtSolutions LLC are attached to General Order M-543. Any responses to entry of the final order shall be filed no later than **March 22, 2021 at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the *Order*

---

[2] LATAM Parent, and its Debtor and non-Debtor subsidiaries and affiliates are collectively referred to as "LATAM".

*Implementing Certain Notice and Case Management Procedures* (ECF No. 112) (the "<u>Case Management Order</u>").

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Objection, the Debtosrs shall, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as <u>Exhibit B</u> to the Objection, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** copies of the Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Prime Clerk LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://cases.primeclerk.com/LATAM or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Objection carefully and if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Objection, or if you want the Court to hear your position on the Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Objection and may enter orders granting the relief requested by the Debtors.

|  |  |
|---|---|
| Dated:  February 19, 2021<br>New York, New York | */s/ Luke A. Barefoot*<br>Richard J. Cooper<br>Lisa M. Schweitzer<br>Luke A. Barefoot<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and*<br>*Debtors-in-Possession* |

3

**Hearing Date and Time: March 31, 2021 at 11:00 AM (ET)**
**Response Deadline: March 22, 2021 at 4:00 PM (ET)**

Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No.: 20-11254 (JLG) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' FOURTEENTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT**
**TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (EQUITY INTERESTS)**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

**TO THE CLAIMANTS LISTED ON EXHIBIT 1 TO THE PROPOSED ORDER OF THIS OBJECTION:**

- **THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM AND CLARIFY THE APPROPRIATE CURRENCY OF CERTAIN CLAIMS.**

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON EXHIBIT 1 TO THE PROPOSED ORDER.**

- **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 1 TO THE PROPOSED ORDER.**

The above-captioned debtors and debtors-in-possession (each, a "Debtor" and collectively, the "Debtors") hereby submit this objection (the "Objection") to certain claims, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures and (II) Granting Related Relief* (the "Claims Objection Procedures Order") (ECF No. 1251), and seek entry of an order, substantially in the form attached hereto as Exhibit B (the "Proposed Order"), disallowing and expunging the claims listed on Exhibit 1 to the Proposed Order, attached hereto and incorporated by reference. In support of this Objection, the Debtors submit the *Declaration of John Odenweller in Support of Debtors' Fourteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Equity Interests)* (the "FTI Declaration"), attached hereto as Exhibit A and incorporated by reference, and respectfully state as follows:

2

**Jurisdiction**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

**Background**

**A.    Procedural History**

2.  On May 26, 2020 (the "Initial Petition Date"), certain of the Debtors (the "Initial Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Initial Chapter 11 Cases"). On July 7 and 9, 2020 (together with the Initial Petition Date, as applicable to each Debtor, the "Petition Date"), additional LATAM affiliates (the "Subsequent Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Subsequent Chapter 11 Cases" and together with the Initial Chapter 11 Cases, the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* (ECF No. 34) and the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* (ECF No. 511) entered by the Court in each of the Chapter 11 Cases. On June 5, 2020, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases.[2] No trustee or examiner has been appointed in the Chapter 11 Cases.

---

[2] The United States Trustee has not solicited additional members for the UCC on the basis of the Subsequent Chapter 11 Cases.

3

3.    On May 27, 2020, the Grand Court of the Cayman Islands granted the applications of certain of the Debtors for the appointment of provisional liquidators pursuant to section 104(3) of the Companies Law (2020 Revision). On June 4, 2020, the 2nd Civil Court of Santiago, Chile issued an order recognizing the Chapter 11 proceeding with respect to the LATAM Airlines Group S.A., Lan Cargo S.A., Fast Air Almacenes de Carga S.A., Latam Travel Chile II S.A., Lan Cargo Inversiones S.A., Transporte Aéreo S.A., Inversiones Lan S.A., Lan Pax Group S.A. and Technical Training LATAM S.A. In addition, on June 12, 2020, the Superintendence of Companies of Colombia granted recognition to the chapter 11 proceedings.

**B.    Debtors' Corporate Structure and Business**

4.    LATAM is Latin America's leading airline group, with a history extending back ninety years, and boasting one of the largest route networks in the world. Before the onset of the COVID-19 pandemic, LATAM offered passenger transport services to 145 different destinations in twenty-six countries, including domestic flights in Argentina, Brazil, Chile, Colombia, Ecuador and Peru, and international services within Latin America as well as to Europe, the United States, the Caribbean, Oceania, Asia and Africa. As of the Petition Date, LATAM had a total fleet of 340 aircraft,[3] and in 2019, transported more than seventy-four million passengers around the world. While the majority of LATAM's revenues have traditionally come from its passenger airline services, LATAM also offers cargo-related services to 151 destinations in twenty-nine countries. In 2019, LATAM's consolidated revenues were over $10 billion. The Debtors have substantial international operations, and their ability to maintain these international operations is a critical element of the overall success of LATAM's business.

---

[3]    This number comprises both aircraft operated by LATAM and a small number that are leased to third-parties.

5.  Additional information regarding the Debtors' corporate structure and business and the events leading to the chapter 11 cases is set forth in the *Declaration of Ramiro Alfonsín Balza in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "First Day Declaration"), filed May 26, 2020 (ECF No. 3), and the *Second Declaration of Ramiro Alfonsín Balza in Support of the Subsequent Chapter 11 Cases* (the "Subsequent First Day Declaration"),[4] filed on July 9, 2020 (ECF No. 483).

**C.    Bar Date, Schedules and Notice**

6.  On September 8, 2020, LATAM Airlines Group S.A. filed its Schedules of Assets and Liabilities (ECF No. 1015) and Statements of Financial Affairs (the "Statements") (ECF No. 1016), along with the schedule and statements of the remaining Debtors (collectively, the "Schedules" and "Statements," respectively).[5]

---

[4]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration and the Subsequent First Day Declaration.

[5]    The Schedules and Statements of Financial Affairs for each Debtor was filed on their respective individual docket. *See In re Holdco Ecuador S.A.*, No. 20-11278, ECF Nos. 9 and 10; *In re Aerovías de Integración Regional S.A. (Aires S.A.)*, No. 20-11256, ECF Nos. 8 and 9; *In re Cargo Handling Airport Services*, No. 20-11269, ECF Nos. 8 and 9; *In re Connecta Corp.*, No. 20-11274, ECF Nos. 8 and 9; *In re Fast Air Almacenes de Carga S.A.*, No. 20-11265, ECF Nos. 8 and 9; *In re Holdco Colombia I SpA*, No. 20-11277, ECF Nos. 8 and 9; *In re Holdco Colombia II SpA*, No. 20-11276, ECF Nos. 8 and 9; *In re Inversiones Aereas S.A.*, No. 20-11275, ECF Nos. 8 and 9; *In re Inversiones Lan S.A.*, No. 20-11261, ECF Nos. 8 and 9; *In re Lan Cargo Inversiones S.A.*, No. 20-11279, ECF Nos. 8 and 9; *In re Lan Cargo Overseas Ltd.*, No. 20-11280, ECF Nos. 8 and 9; *In re Lan Cargo Repair Station LLC*, No. 20-11271, ECF Nos. 8 and 9; *In re Lan Cargo S.A.*, No. 20-11259, ECF Nos. 8 and 9; *In re Lan Pax Group S.A.*, No. 20-11264, ECF Nos. 8 and 9; *In re LATAM Airlines Ecuador S.A.*, No. 20-11257, ECF Nos. 8 and 9; *In re LATAM Airlines Peru S.A.*, No. 20-11258, ECF Nos. 8 and 9; *In re LATAM Finance Ltd.*, No. 20-11266, ECF Nos. 8 and 9; *In re LATAM Travel Chile II S.A.*, No. 20-11263, ECF Nos. 8 and 9; *In re Línea Aérea Carguera de Colombia S.A.*, No. 20-11260, ECF Nos. 8 and 9; *In re Maintenance Service Experts, LLC*, No. 20-11270, ECF Nos. 8 and 9; *In re Mas Investment Ltd.*, No. 20-11281, ECF Nos. 8 and 9; *In re Prime Airport Services Inc.*, No. 20-11272, ECF Nos. 8 and 9; *In re Professional Airline Cargo Services, LLC*, No. 20-11268, ECF Nos. 8 and 9; *In re Professional Airline Maintenance Services, LLC*, No. 20-11273, ECF Nos. 8 and 9; *In re Professional Airline Services Inc.*, No. 20-11282, ECF Nos. 8 and 9; *In re Peuco Finance Ltd.*, No. 20-11267, ECF Nos. 8 and 9; *In re Technical Training LATAM S.A.*, No. 20-11262, ECF Nos. 8 and 9; *In re Transporte Aéreo S.A.*, No. 20-11255, ECF Nos. 8 and 9; *In re Aerolinhas Brasileiras S.A.*, No. 20-11603, ECF Nos. 6 and 7; *In re Fidelidade Viagens e Turismo S.A.*, No. 20-11601, ECF Nos. 6 and 7; *In re Holdco I S.A.*, No. 20-11604, ECF Nos. 6 and 7; *In re Multiplus Corredora de Seguros Ltda.*, No. 20-11599, ECF Nos. 6 and 7; *In re Piquero Leasing Limited*, No. 20-11587, ECF Nos. 6 and 7; *In re Prismah Fidelidade Ltda.*, No. 20-11600, ECF Nos. 6 and 7; *In re TAM Linhas Aéreas S.A.*, No. 20-11598, ECF Nos. 6 and 7; *In re TAM S.A.*, No. 20-11597, ECF Nos. 6 and 7; *In re TP Franchising Ltda.*, No. 20-11602, ECF Nos. 6 and 7.

5

7. On September 24, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 1106) (the "Bar Date Order"). Pursuant to the Bar Date Order, the Court set December 18, 2020 at 4:00pm, Eastern Time, (the "General Bar Date") as the deadline for each person or entity, not including governmental units as defined in section 101(27) of the Bankruptcy Code, to file its proofs of claim in the Debtors' Chapter 11 Cases.

**D.    The Claims Resolution Process**

8. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

9. The Debtors' claims agent, Prime Clerk LLC (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (collectively, the "Proofs of Claim") that were filed in these chapter 11 cases asserting claims against the Debtors (collectively, the "Claims"). As of February 10, 2021, the Claims Register consisted of 5,717 Proofs of Claim. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules (the "Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documentation) filed in these cases. The Debtors also are comparing the Claims asserted in the Proofs of Claims with their Books and Records to determine the validity of the asserted Claims.

10. This reconciliation process includes identifying particular categories of Claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance. To reduce the number of Claims, and to avoid possible double recovery or otherwise improper

6

recovery by Claimants, the Debtors will continue to file omnibus objections to such categories of Claims if and where warranted. This Objection is one such omnibus objection.

11. On October 26, 2020, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007.[6] The Debtors submit that this Objection and the notice provided to claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## Relief Requested

12. The Debtors object to each of the Claims identified on Exhibit 1 to the Proposed Order (collectively, the "Equity Interest Claims") and respectfully request that the Equity Interest Claims be disallowed in full. The Debtors and/or their advisors have reviewed the Claims Register and each of the Equity Interest Claims. Based on this review, the Debtors have determined that each of the Equity Interest Claims was filed by a shareholder based on ownership of equity securities in one of the Debtors. The Bar Date Order expressly provides that equity security holders, as defined in section 101(17) of the Bankruptcy Code need not file proofs of claim if such claim asserts only an interest in one of the Debtors. *See* Bar Date Order, ¶ 4(f). With respect to each of the Claims on Exhibit 1, the Debtors request that the Court set the currency of such Claims as that currency under the column "Currency" in the respective row of such Claim in Exhibit 1, subject to potential reconciliation or objection and without prejudice to the Debtors' ability to make payments on such Claim in any currency specified pursuant to a plan or further orders by the Court.[7] For reasons set forth more fully below, the Debtors respectfully request that the Court

---

[6] This Objection is also consistent with the Court's direction at the October 20th Omnibus Hearing that the Debtors limit their use of omnibus objections to claims held by U.S.-based creditors and/or equity or bondholder claims. Hearing Tr. (Oct. 20, 2020) 68:15-69:19.

[7] The Bar Date Order does not specify a currency in which claimants were required to file their claims and were permitted to file proofs of claim in any currency. The remedy sought herein only seeks to clarify the

7

enter an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing in full each of the Equity Interest Claims identified on <u>Exhibit 1</u> to the Proposed Order. Further, the Equity Interest Claims on <u>Exhibit 1</u> marked with an asterisk (the "<u>Late Filed Claims</u>") were filed after the General Bar Date and should also be expunged on that basis.

### Legal Bases for Objection

13. When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *See id.* A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

14. Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

15. Bankruptcy Rule 3007(d)(7) states that a debtor may object to claims on an omnibus basis if such purported claims are "interests, rather than claims." Fed. R. Bankr. P. 3007(d)(7). Holders of equity securities, such as shares of stock, do not have "claims" under Bankruptcy Code section 101(5), but rather equity interests. *See In re Motors Liquidation Co.*, Case No. 09-50026 (REG), 11 Civ. 8444 (RJS), 2012 WL 1886755, at *4 (S.D.N.Y. May 21, 2012) (internal quotations omitted) ("[S]imply put, an equity interest is not a claim against the debtor for which

---

appropriate currency of the Claims, as determined by the Debtors and their professionals, to the best of their ability, based on their review of the documentation provided by claimants and/or the Debtors' Books and Records.

8

the equity holder may assert a right to payment by filing a proof of claim."); *In re Insilco Techs., Inc.*, 480 F.3d 212, 218 (3rd Cir. 2007) ("[an] equity investment[] . . . is not a claim at all"); *In re Hedged-Invs. Assocs.*, 84 F.3d 1267, 1272 (10th Cir. 1996) ("Simply put, an equity interest is not a claim against the debtor").

16. The Bankruptcy Code defines an "equity security" as a:

(A) share in a corporation, whether or not transferable or denominated "stock", or similar security;

(B) interest of a limited partner in a limited partnership; or

(C) warrant or right, other than a right to convert, to purchase, sell or subscribe to a share, security or interest of a kind specified in subparagraph (A) or (B) of this paragraph.

11 U.S.C. § 101(16). Each of the claimants set forth on Exhibit 1 to the Proposed Order have filed proofs of claim that do not assert any claim at all, but rather assert ownership of equity interests. The Debtors, with the help of the Debtors' financial advisor, FTI Consulting, Inc. and its affiliates ("FTI"), were able to identify the claimants that have asserted these Equity Interest Claims because those claimants noted on the proof of claim form or in supporting documentation accompanying the form that the claim was filed on account of such an interest. *See* Ex. A., FTI Decl.

17. Because the equity interests asserted by holders of the Equity Interest Claims are not in fact claims against the Debtors, all such Equity Interest Claims addressed in this Objection do not meet the standards for *prima facie* validity and should be disallowed and expunged. Elimination of the Equity Interest Claims will enable the Debtors to maintain a more accurate Claims Register and will not prejudice parties holding equity interests in the Debtors. Accordingly, the Debtors object to the Equity Interest Claims listed on Exhibit 1 to the Proposed Order, and seek entry of an order disallowing and expunging each of the Equity Interest Claims in their entirety.

9

**Separate Contested Matters**

18. To the extent that a response is filed regarding any Claim listed in this Objection and the Debtors are unable to resolve the response, such Claim, and the objection by the Debtors to such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

**Responses to Omnibus Objection**

19. To contest this Objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m. (prevailing Eastern Time) on March 22, 2021 (the "Response Deadline")**. Every Response must be filed electronically with the Court on the docket of *In re LATAM Airlines Group, S.A., et al.*, Case No. 20-11254 (the "Docket") with two single-sided hard copies provided to:

>Chambers of Honorable Judge James L. Garrity Jr.
>United States Bankruptcy Court for the Southern District of New York
>One Bowling Green
>New York, NY 10004-1408

and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

>Cleary Gottlieb Steen & Hamilton LLP
>One Liberty Plaza
>New York, New York 10006
>Attn: Lisa M. Schweitzer, Esq. and Luke A. Barefoot, Esq.

>-and-

>Togut, Segal & Segal LLP
>One Penn Plaza
>Suite 3335
>New York, NY 10119
>Attn: Albert Togut, Esq. and Kyle Ortiz, Esq.

>-and-

>LATAM Airlines Group S.A.
>6500 NW 22nd Street
>Miami, FL 33131
>
>-and-
>
>Dechert LLP
>1095 Avenue of the Americas
>New York, NY 10036
>Attn: Allan S. Brilliant, Esq. and David A. Herman, Esq.
>
>-and-
>
>White & Case LLP
>1221 Avenue of the Americas
>New York, NY 10020
>Attn: John K. Cunningham, Esq.
>
>-and-
>
>U.S. Dept. of Justice
>Office of the U.S. Trustee
>201 Varick Street, Room 1006
>New York, NY 10014
>Attn: Brian Masumoto, Esq. and Serene Nakano, Esq.

20. Every Response to this Objection must contain, at a minimum, the following information:

   a. A caption setting forth the name of the Court, the name of the Debtors, the case number and the title of this Objection;

   b. The name of the Claimant, the Claim number and a description of the basis for the amount of the Claim;

   c. The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   d. Any supporting documentation, to the extent that it was not included in the Proof of Claim previously filed with the clerk or claims agent, upon which the Claimant intends to rely to support the basis for and amounts asserted in the Proof of Claim; and

   e. The name, address, telephone number and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel

11

        for the Debtors should communicate with respect to the Claim or this Objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the disputed claim on behalf of the Claimant.

21. If a Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing the claim, without further notice to the Claimant or a hearing.

### Replies to Responses

22. The Debtors may, at their option, file and serve a reply to any response so that it is received by the Claimant (or the Claimant's counsel, if represented) no later than three days prior to the Hearing.

### Adjournment of Hearing

23. The Debtors reserve the right to seek an adjournment of the Hearing on any Responses to this Objection. In the event that the Debtors seek such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimant by serving the person designated in the Response.

### Reservation of Rights

24. The Debtors expressly reserve the right to amend, modify or supplement this Objection. Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Claims on any other grounds that the Debtors discover or elect to pursue. This Objection sets out non-substantive objections to each of the Amended Claims identified on <u>Exhibit 1</u> to the Proposed Order. The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the Claims set forth on <u>Exhibit 1</u> at a later time.

25. Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a)

commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code Section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

## Notice

26.   Notice of this Objection has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Ad Hoc Group of Bondholders; (iv) counsel to the DIP Agent and the DIP Lenders; and (v) each of the parties listed in <u>Exhibit 1</u> to the Proposed Order. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order substantially in the form attached hereto as <u>Exhibit B</u> disallowing each of the Duplicate Claims identified on <u>Exhibit 1</u> attached thereto, and (ii) grant such other and further relief as is just and proper.

Dated: February 19, 2021
New York, New York

*/s/ Luke A. Barefoot*
Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*