**Objection Deadline: May 26, 2021 at 11:59 PM (ET)**

Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LATAM Airlines Group S.A., *et al.*, | : | Case No. 20-11254 (JLG) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |
| | : | **Related Docket No. 388, 861** |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

**NOTICE OF REJECTION
OF CERTAIN UNEXPIRED NONRESIDENTIAL
REAL PROPERTY LEASES AND EXECUTORY CONTRACTS
AND THE ABANDONMENT OF CERTAIN RELATED ASSETS**

**THIS NOTICE AFFECTS YOUR RIGHTS
IN ACCORDANCE WITH RULE 6006 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND RULES 6006-1 AND 6007-1 OF THE
LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK
LOCATE YOUR NAME AND THE AFFECTED AGREEMENT IN THIS NOTICE**

**PLEASE TAKE NOTICE** that on May 26, 2020 (the "Petition Date"), LATAM Airlines Group S.A. ("LATAM Parent") and certain of its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Initial Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On July 7 and July 9 (as applicable), certain affiliates of the Initial Debtors each filed voluntary petitions under the Bankruptcy Code with the Bankruptcy Court (collectively, the "Subsequent Debtors" and together with the Initial Debtors, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that on June 28, 2020, with respect to the Initial Debtors, the Court entered the *Order Authorizing Procedures for the Rejection of Certain Executory Contracts and Unexpired Leases and the Abandonment of Certain Related Assets* (ECF No. 388) (the "Order"), which (i) approved procedures (the "Rejection Procedures") for the rejection of certain executory contracts ("Contracts") and unexpired leases ("Leases") (each an "Agreement" and collectively the "Agreements"), (ii) authorized the abandonment of certain related property and (iii) granted related relief. The Court made the Order applicable to the Subsequent Debtors on a final basis on August 13, 2020 (ECF No. 861).

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Order, the Debtors hereby provide notice of their intent to reject the below-referenced Agreement. Pursuant to the terms of the Order, unless a written objection is filed and served in accordance with the terms of the Order, the below-referenced Agreement will be rejected pursuant to 11 U.S.C. § 365(a), effective as of the effective date set forth below, with each counterparty to such Agreement being bound by such rejection in accordance with these Rejection Procedures; provided however that if the Agreement is a Lease for nonresidential real property, the effective date of the rejection of such Lease shall not occur until the later of: (i) the date of this notice (the "Rejection Notice" or "Notice"); (ii) the date the Debtors relinquish control of the premises by notifying the landlord in writing of the Debtors' surrender of the premises and turning over keys or key codes to the affected landlord; and (iii) in the case of a Lease concerning premises containing personal property that the Debtors hold subject to a true lease and which the Debtors intend to abandon, seven days from the date of this Notice.

---

[2] LATAM Parent and its Debtor and non-Debtor subsidiaries and affiliates are collectively referred to as "LATAM".

2

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Bankruptcy Court and actually received by the following parties no later than fourteen days after the date of this Notice: (a) the Debtors' counsel, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Richard J. Cooper, Esq., Lisa M Schweitzer, Esq. and Luke A. Barefoot, Esq. (email: rcooper@cgsh.com; lschweitzer@cgsh.com; and lbarefoot@cgsh.com); (b) the non-debtor counterparty or counterparties to such Agreement and any counsel of record; (c) the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Brian Masumoto, Esq. (email: brian.masumoto@usdoj.gov); and (d) counsel to the UCC, Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, New York, 10036-6797, Attn: Allan Brilliant, Esq. and Craig Druehl, Esq. (email: allan.brilliant@dechert.com and craig.druehl@dechert.com) (collectively, the "Objection Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtors shall seek a hearing on such objection, file their reply on or before three calendar days prior to the date of the applicable hearing and provide at least five days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Court or withdrawn, the rejection of the Agreement shall be deemed effective: (a) as of the Rejection Date; (b) as of such other date to which the Debtors and the counterparty to such Agreement have agreed; or (c) as otherwise determined by the Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with the Agreement counterparty as a security deposit or otherwise, the Agreement counterparty may not set off or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, for any claim that you may assert against the Debtors as a result of the rejection of any Agreement, you must submit a proof of claim for damages arising from such rejection on or before the later of (i) thirty-five days from the applicable Rejection Date (if determined in accordance with paragraph 1(e) of the Order if no objection is timely filed) or (ii) thirty days from entry of the applicable order, if an objection is timely filed and resolved pursuant to paragraph 1(f). Any non-debtor party to a rejected Agreement who fails to file a proof of claim in compliance with the procedures detailed in this paragraph shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

*[The remainder of this page has been left intentionally blank]*

**Agreements to be Rejected**[3]

| Agreement Type | Counterparty to Agreement | Address of Counterparty | Debtor-party to Agreement | Title of Agreement | For Lease, Address of Property Subject to the Lease | For Lease, Personal Property, if any, at the Leased Premises | Effective Date of Rejection |
|---|---|---|---|---|---|---|---|
| Lease for Nonresidential Real Property | Rentas Sura 3 SpA | Cerro Colorado 5240 14th Floor Las Condes (Torre 1 Parque Arauco) Santiago, Chile | LATAM Airlines Group, S.A. | Contrato de Arrendamiento Rentas Sura 3 Spa a LATAM Airlines Group S.A., Reportorio numero 26.024.-2019 (Ote: 55359). | Estado 10, Santiago Centro | | May 12, 2021 |

---

[3] The inclusion of a lease or contract on this list does not constitute an admission as to the executory or non-executory nature of the contract or as to the existence or validity of any claims held by the counterparty or counterparties to such contract

|  |  |
|---|---|
| Dated: May 12, 2021<br>New York, New York | */s/ Luke A. Barefoot*<br>Richard J. Cooper<br>Lisa M. Schweitzer<br>Luke A. Barefoot<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

5