KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Rachael L. Ringer
David E. Blabey Jr.
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to the Parent Ad Hoc Claimant Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No. 20-11254 (JLG) |
| Debtors.[1] | Jointly Administered |

**STATEMENT OF THE PARENT AD HOC CLAIMANT GROUP IN SUPPORT OF THE DEBTORS' FOURTH MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605 885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98- 0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30- 1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

The Parent Ad Hoc Claimant Group (the "**Parent Ad Hoc Group**"), by and through its undersigned counsel, hereby submits this statement (the "**Statement**") in support of the *Debtors' Fourth Motion for Entry of an Order Further Extending the Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "**Exclusivity Motion**") [ECF No. 3169] and respectfully states as follows:[2]

## STATEMENT

1. The Parent Ad Hoc Group supports the Debtors' current request for a limited extension of their exclusive periods by an additional 30 days. The Parent Ad Hoc Group is hopeful that this extension will afford the Debtors the additional time needed to reach agreement with their key creditor stakeholders on a consensual plan of reorganization. Any such plan must, of course, comply with the provisions of the Bankruptcy Code – including the absolute priority rule. The Parent Ad Hoc Group is confident that a Code-compliant and consensual plan is achievable in these cases, and welcomes the opportunity to work with the Debtors towards that outcome.

2. As recounted in the Exclusivity Motion, the Debtors have spent the past two months engaging with certain of their key stakeholders in an effort to formulate a consensual plan of reorganization with ample sources of exit financing. *See* Exclusivity Motion ¶ 1. The Parent Ad Hoc Group is among the stakeholders with whom the Debtors have engaged. The members of the Parent Ad Hoc Group collectively hold more than $4 billion in allowed or asserted unsecured claims; an amount well in excess of one-third (and likely a majority) of unsecured claims against the parent entity, LATAM Airlines Group, S.A., in addition to its holdings of nearly one-third of the LATAM Finance bonds. Over eight weeks ago, the members of the Parent Ad Hoc Group executed non-disclosure agreements ("**NDAs**") with the Debtors, and began evaluating the

---

[2] Each member of the Parent Ad Hoc Claimant Group files this Statement exclusively on its own behalf and does not assume any fiduciary or other duties to any other member or to any other entity or individual.

2

Debtors' business plan and related diligence and negotiating with the Debtors regarding the terms of a plan and exit financing. While some progress has been made during this time, significant open issues remain.

3. In an effort to continue to facilitate productive discussions, and at the request of the Debtors, the Parent Ad Hoc Group agreed to extend by one month the period during which its members would remain subject to the terms of their respective NDAs with the Debtors. The Parent Ad Hoc Group agreed to support an extension of exclusivity for an equivalent period. In addition, the Parent Ad Hoc Group's extension of its NDAs was premised on the Debtors' commitment to actively engage and make substantive progress on plan and exit financing negotiations during this 30-day period. While complete consensus remains the Parent Ad Hoc Group's ultimate goal, the Debtors' desire to construct a plan that is acceptable to existing shareholders cannot be a gating item to progressing these cases. The Debtors, as fiduciaries for unsecured creditors of an insolvent company, are duty bound to formulate and propose a confirmable chapter 11 plan that respects the rights of unsecured creditors. If the Debtors are unable to do so, other parties may need to do so in their place.

4. Most fundamentally, to develop a confirmable plan, that plan must provide for recoveries that comport with the absolute priority rule contained in section 1129 of the Bankruptcy Code. By contrast, the Illustrative Plan Term Sheet that launched the Debtors' plan process contemplated a plan structure that would dedicate recoveries (and/or opportunities for recovery) to existing shareholders solely on account of their status as such. *See* LATAM Airlines Group S.A., Report of Foreign Private Issuer Pursuant to Rule 13(a)-16 or 15d-16 under the Securities Exchange Act of 1934 (Form 6-K) dated September 9, 2021, Exhibit 99.2. Such a plan framework understandably was and is troubling to unsecured creditors. The imposition of such a plan over

3

the objections of a dissenting class of creditors would be an obvious violation of the absolute priority rule and cannot be confirmed over the objection of the Parent Ad Hoc Group.

5.     Moreover, Chilean corporate law cannot be relied upon as a basis to undermine the priority scheme laid out in the Bankruptcy Code. Indeed, there are plan structures available to this Company that can appropriately reconcile both the Bankruptcy Code and Chilean law. But perhaps more to the point, it does not ultimately matter what purported rights Chilean law may confer on shareholders of a Chilean company – those rights can only be exercised in a U.S. bankruptcy case in a manner consistent with the Bankruptcy Code. Specifically, unless unsecured creditors are being paid in full, pre-petition shareholders cannot receive a recovery under a plan without the consent of the impaired classes of unsecured creditors.

6.     If the Parent Ad Hoc Group is not successful in reaching resolution with the Debtors on a workable, confirmable plan during the extended exclusive period, it may need to advance a plan that provides the Company with the necessary capital to emerge successfully from chapter 11, and both complies with the laws of the United States and will be recognized and implemented in Chile. And, once confirmed, the Bankruptcy Court has broad authority to take steps necessary to ensure implementation of a confirmed plan even over the resistance of shareholders or directors. *See* 11 U.S.C. § 1142.

7.     It is important to remember, in this regard, that it was the Debtors that voluntarily availed themselves of the protections from and benefits of the United States bankruptcy process, including the ability to restructure their fleet, borrow money and reject burdensome contracts, among other things. The shareholders, too, have been active participants in the case. Indeed, the majority shareholders appointed 7 of the 9 current members of the Debtors' board of directors, and have participated in the Court-approved DIP Facilities and in the bankruptcy cases generally. In the face of this participation, the court clearly has jurisdiction to compel implementation of a plan

4

shareholders do not support. By the same token, a plan that favors out-of-the-money shareholders' alleged rights under Chilean corporate law over billions of dollars of unpaid, unsecured creditors would upset bedrock principles of bankruptcy law and permit the Debtors to enjoy the benefits of chapter 11 without respecting the priorities contained in the Code.

8.     Ultimately, these are not debates that the Court need address today. We remain hopeful that serious progress can be made over the next month, and that the Debtors will have put themselves in a position to file a confirmable plan at that point supported by the Parent Ad Hoc Group. To the extent that cannot be achieved, or there no longer appears to be a constructive dialogue between the parties, however, the Parent Ad Hoc Group may be forced to take necessary steps towards proposing a creditor-supported confirmable plan of reorganization at the expiration of the Debtors' current exclusivity period.

[*Remainder of page intentionally left blank*]

Dated: September 20, 2021
      New York, New York

                                  KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                  */s/ Rachael L. Ringer*
                                  Kenneth H. Eckstein
                                  Douglas H. Mannal
                                  Rachael L. Ringer
                                  David E. Blabey Jr.
                                  Kramer Levin Naftalis & Frankel LLP
                                  1177 Avenue of the Americas
                                  New York, New York 10036
                                  Telephone: (212) 715-9100
                                  Facsimile:  (212) 715-8000
                                  Email: keckstein@kramerlevin.com
                                                dmannal@kramerlevin.com
                                                rringer@kramerlevin.com

                                  *Counsel to the Parent Ad Hoc Claimant Group*

**Certificate of Service**

The undersigned hereby certifies that on this 20th day of September 2021, a true and correct copy of the foregoing Statement was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-caption case.

/s/ *Rachael L. Ringer*
Rachael L. Ringer