**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 20-11254 (JLG) |
| LATAM Airlines Group, S.A., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket Nos. 3363, 3392, 3394** |

**STATEMENT OF COSTA VERDE AERONÁUTICA S.A. AND LOZUY S.A.**
**REGARDING DEBTORS' FIFTH MOTION FOR ENTRY OF AN**
**ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS IN**
**WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT**
**ACCEPTANCES THEREOF AND CERTAIN RESPONSES THERETO**

Costa Verde Aeronáutica S.A. ("Costa Verde") and Lozuy S.A. ("Lozuy") hereby submit

this statement concerning the *Debtors' Fifth Motion for Entry of an Order Extending the*

*Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Acceptances Thereof*

[ECF No. 3363] (the "Motion") and the *Statement of the Official Committee of Unsecured*

*Creditors Regarding Debtors' Fifth Motion for Entry of an Order Extending the Debtors'*

*Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Acceptances Thereof* [ECF No.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are:  LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); LATAM Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

3392] (the "UCC Statement") and *Parent Ad Hoc Claimant Group's Limited Objection to Debtors' Fifth Motion for Entry of an Order Extending the Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Acceptances Thereof* [ECF No. 3394] (the "Parent Ad Hoc Claimant Group Objection") filed in response thereto:

1.      Costa Verde, together with its affiliates, beneficially owns 16.39% of the outstanding common stock issued by LATAM Airlines Group S.A. ("LATAM Parent").[2]  Lozuy is beneficially owned by members of the Eblen family, who also collectively indirectly beneficially own 4.56% of the outstanding common stock issued by LATAM Parent.  Costa Verde and Lozuy have advanced a portion of the Tranche C debtor-in-possession financing approved by the Court on September 19, 2020.  *See* ECF No. 1091.

2.      Costa Verde and Lozuy support the Debtors' request for an extension of their exclusive chapter 11 plan filing and solicitation periods.

3.      Costa Verde and Lozuy disagree with many of the characterizations and arguments raised in the Parent Ad Hoc Claimant Group Objection and the UCC Statement, including with respect to issues arising under Chilean law and the appropriate treatment of LATAM's shareholders under a potential plan of reorganization.  However, the Court need not resolve those disputes at this time, as Costa Verde and Lozuy agree with the Parent Ad Hoc Claimant Group that mediation is appropriate and may be helpful to materially advance the discussions that have already been underway among major stakeholders but, as noted, have not yet resulted in a consensual plan.

4.      Having recognized the likelihood that mediation of conflicts between shareholders and creditors may eventually become necessary, the Court has already put a

---

[2] *See* LATAM Airlines Group S.A., Annual Report (Form 20-F) (Mar. 9, 2021).

framework for this mediation in place with the *Order Appointing Hon. Allan L. Gropper (Ret.) as Mediator* [ECF No. 3060] (the "Mediation Order").  Costa Verde is named as a Designated Party under the Mediation Order.  Because Lozuy and its affiliates have been engaged in discussions alongside Costa Verde for several weeks, Lozuy submits that its participation would also be appropriate.  Costa Verde and Lozuy stand ready to begin mediation promptly and to engage constructively with the Debtors, the Parent Ad Hoc Claimant Group, the Creditors' Committee, and any other parties that participate in such mediation.

5.      The Court should reject the Creditors' Committee's alternate proposal that the Debtors engage in mediation only with "the Committee and its principal creditor groups."  UCC Statement ¶ 9.  This construct ignores the mediation structure already in place, assumes the conclusion that shareholders are not relevant, and will do nothing to resolve the possible conflicts that the Court and many parties have identified.

6.      Finally, the Parent Ad Hoc Claimant Group Objection states that, in the alternative, the Court should terminate exclusivity solely to permit that group to file a competing plan.  Parent Ad Hoc Claimant Group Objection ¶ 3 n.4. If the Court is inclined to terminate exclusivity, it should not be limited to one party:  As the Debtors have stated, they have already received varying proposals from different stakeholders.  Motion ¶ 1.  In an open process, proposals from the Debtors' major shareholders and other stakeholders should be permitted. However, for the reasons set forth above, the Court need not reach this issue because the extension of exclusivity combined with mediation is the appropriate next step.

Dated: October 25, 2021
      New York, New York

Respectfully submitted,

*/s/ Richard G. Mason*
Richard G. Mason
John R. Sobolewski
Angela K. Herring
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  RGMason@wlrk.com
       JRSobolewski@wlrk.com
       AKHerring@wlrk.com

*Counsel for Costa Verde Aeronáutica S.A.*
*and Lozuy S.A.*