**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LATAM Airlines Group S.A., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 20-11254 (JLG)<br><br>Jointly Administered<br><br>**Related Docket No.: 274, 3508** |

**STIPULATION AND ORDER BY AND BETWEEN
THE DEBTORS AND ARAUCARIA LEASING LIMITED**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among LATAM Airlines Group S.A. ("LATAM Parent" and, together with its affiliated debtors and debtors-in-possession, the "Debtors") and Araucaria Leasing Limited, as Lessor ("Araucaria" or the "Claimant") (together with the Debtors, the "Parties"), with respect to certain proofs of claim filed by the Claimant, by and through their respective undersigned counsel.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); LATAM Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

**Recitals**

A. On May 26, 2020 (the "Initial Petition Date"), LATAM Parent[1] and certain of the Debtors (collectively, the "Initial Debtors") each filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On July 7 and 9, 2020 (together with the Initial Petition Date, as applicable to each Debtor, the "Petition Date"), additional LATAM affiliates (the "Subsequent Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. The bankruptcy proceedings commenced by the Debtors are being jointly administered under Case No. 20-11254 (the "Chapter 11 Cases").

B. Prior to the Petition Date, LATAM Parent as lessee leased one Airbus A320-200 model aircraft bearing manufacturer's serial number 2513 (the "Aircraft") pursuant to an aircraft lease agreement with Araucaria dated August 22, 2005, as assigned, assumed, novated, amended, restated and supplemented from time to time (the "Aircraft Lease").

C. Prior to the Petition Date, LATAM Parent as lessee, Araucaria as borrower, DVB Bank SE as senior lender, Intlaero Gamma Corporation as junior lender and junior agent and Natixis as senior lender, senior agent and security agent entered into a Trust Deed dated August 25, 2005 with respect to the Aircraft, as novated, amended and restated from time to time (the "Trust Deed").

D. Prior to the Petition Date, Araucaria as borrower, DVB Bank SE as senior lender and Natixis as senior lender, senior agent and security agent entered into a Senior Loan Agreement dated August 25, 2005 with respect to the Aircraft, as novated, amended, and restated from time to time (the "Senior Loan Agreement").

---

[1] LATAM Parent, and its debtor and non-debtor subsidiaries and affiliates are collectively referred to as "LATAM".

2

E.     Prior to the Petition Date, Araucaria as borrower, Intlaero Gamma Corporation as junior lender and junior agent and Natixis as security agent entered into a Junior Loan Agreement on August 25, 2005 with respect to the Aircraft, as novated, amended, and restated from time to time (the "Junior Loan Agreement").

F.     Prior to the Petition Date, LATAM Parent as sublessor entered into a sublease agreement with TAM Linhas Aéreas S.A. ("TAM") dated October 31, 2019 in connection with the Aircraft (the "Aircraft Sublease" and together with the Aircraft Lease, the Trust Deed, the Senior Loan Agreement and the Junior Loan Agreement, the "Transaction Documents").

G.     On June 24, 2020, the Court entered the *Order (I) Authorizing Debtors to Reject Certain Aircraft Leases and Abandon Certain Aircraft, Effective* Nunc Pro Tunc *to the Petition Date, and (II) Approving Return Procedures* (ECF No. 274) (the "Rejection Order") rejecting the Aircraft Lease (the "Rejection").

H.     On July 13, 2020, LATAM Parent, Intlaero Gamma Corporation as junior agent and junior lender, Natixis as security agent, and Araucaria entered into the Side Letter to Aircraft Lease (the "Rejection Side Letter").

I.     On July 17, 2020, LATAM Parent and Araucaria entered into the Aircraft Lease Termination Agreement (MSN 2513) in connection with the Aircraft Lease (the "Aircraft Lease Termination Agreement").

J.     On July 17, 2020, LATAM Parent and TAM entered into the Lease Termination Agreement in connection with the Aircraft Sublease (the "Aircraft Sublease Termination Agreement" and together with the Aircraft Lease Termination Agreement, the "Termination Agreements").

K.     On September 24, 2020, the Court entered the *Order (I) Establishing Bar Dates*

*for Filing Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 1106) (the "Bar Date Order"), which established December 18, 2020 as the general date by which most creditors must submit their proofs of claim (the "Bar Date").

L.     On or before the Bar Date, the Claimant filed two proofs of claim against certain of the Debtors in the above-captioned cases in connection with, among other things, the Rejection and the Transaction Documents, represented by proofs of claim 2410 and 2509 (collectively the "Claims").

M.     Subsequent to the Rejection and the filing of the Claims, the Parties have engaged in good faith discussions concerning the reconciliation of the Claims. To fully resolve the issues discussed concerning the Claims, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED** that:

1.     The above recitals are incorporated herein in their entirety.

2.     Claimant shall have a single allowed pre-petition general unsecured claim against LATAM Parent as set forth in Table 1 below (the "Allowed Claim").

**Table 1 – Allowed Claim**

| Claim No. | Claimant(s) | Debtor | Total Allowed Claim Amount |
|---|---|---|---|
| 2410 | Araucaria Leasing Limited | LATAM Airlines Group S.A. | $3,548,313 |

3.     The Allowed Claim shall be in full and final satisfaction of any and all claims the Claimant may have with respect to the Transaction Documents, the Rejection Order, the Rejection,

4

the Rejection Side Letter, the Termination Agreements, or the Aircraft. The Allowed Claim shall (i) be deemed "allowed" for all purposes in the Debtors' Chapter 11 Cases and any successor cases, and (ii) not be subject to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether contractual, equitable, or otherwise), counterclaims, cross-claims, defenses, disallowance, or any other challenges under any applicable law or regulation by any person or entity.

4.  The Claimant agrees that all other claims in connection with the Aircraft or Transaction Documents are hereby withdrawn, including the claim set forth in Table 2 below (the "Withdrawn Claim").

**Table 2 – Withdrawn Claim**

| Claim No. | Claimant(s) | Debtor |
|---|---|---|
| 2509 | Araucaria Leasing Limited | TAM Linhas Aéreas S.A. |

5.  This Stipulation and Order shall be binding upon and inure to the benefit of the Debtors, their estates and the Claimant, as well as their respective heirs, affiliates, representatives, predecessors, successors and assigns, and any affected third parties, as the case may be, notwithstanding (i) any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Stipulation and Order likewise shall be binding; (ii) dismissal of any of the Debtors' Chapter 11 Cases, or (iii) the entry of any order under which the Court abstains from hearing any of the Debtors' Chapter 11 Cases. This Stipulation and Order shall be binding on any official committee, trustee or examiner appointed in the Debtors' Chapter 11 Cases (or any successor cases) and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases (or any successor cases).

6.  Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and

Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order unless such claim or right is specifically addressed in this Stipulation and Order.  Nothing herein affects any other relationship arising under contract or at law between the Parties, except to the extent specifically provided herein, and any rights and remedies of the Parties (including, without limitation, under any contract, applicable law, or otherwise) with respect to all matters not addressed herein are expressly preserved.

7. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.  A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

8. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

9. Each of the undersigned counsel represent that he or she is authorized to execute this Stipulation and Order on behalf of the client identified in his or her signature block.

10. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, that they have full knowledge of and have consented to this Stipulation and Order.

11. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

12. The Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

13. The Debtors' claims agent, Prime Clerk LLC, and the Clerk of this Court are

authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order, including by amending the claims register in this case to reflect the withdrawal of the Withdrawn Claim and allowance of the Allowed Claim.

14. This Stipulation and Order shall be effective immediately upon approval by the Court. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained.

[*Remainder of Page Intentionally Left Blank*]

Stipulated and agreed to by:
Dated: New York, New York
        November 8, 2021

| | |
|---|---|
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **WINSTON & STRAWN LLP** |
| By:   */s/ Lisa M. Schweitzer*<br>       Richard J. Cooper<br>       Lisa M. Schweitzer<br>       Luke A. Barefoot<br>       Thomas S. Kessler<br>       One Liberty Plaza<br>       New York, NY 10006<br>       Telephone: (212) 225-2000 | By:   */s/ David Neier*<br>       David Neier<br>       200 Park Avenue<br>       New York, NY 10166<br>       Telephone: (212) 294-6700 |
| *Counsel to the Debtors and Debtors-in-Possession* | *Counsel to Araucaria Leasing Limited* |

SO ORDERED THIS 22nd

DAY OF NOVEMBER, 2021

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE