UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LATAM Airlines Group S.A., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 20-11254<br><br>Jointly Administered<br><br>**Related Docket Nos. 142, 791, 1166, 1548 & 2242** |

**FOURTH SUPPLEMENTAL DECLARATION OF
LUKE A. BAREFOOT IN SUPPORT OF APPLICATIONS
FOR ENTRY OF ORDERS AUTHORIZING EMPLOYMENT AND
RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP
AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

I, Luke A. Barefoot, do hereby declare as follows:

1. I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm"),[2] which maintains an office for the practice of law at, among other places, One Liberty Plaza, New York, New York 10006.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); LATAM Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33122.

[2] Capitalized terms not defined herein shall have the meaning ascribed to the them in the Initial Debtors' Application or the Subsequent Debtors' Application.

2. I am an attorney at law admitted to practice before the courts of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeal for the Second and Ninth Circuits.

3. I submit this declaration (the "Fourth Supplemental Declaration") in connection with (i) the *Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Initial Debtors' Application") (ECF No. 142); (ii) my declaration attached as Exhibit A to the Initial Debtors' Application (the "Initial Declaration"); (iii) the *Debtors' Application for an Order Authorizing Employment and Retention of Certain Professionals* Nunc Pro Tunc *to the Subsequent Petition Date* (the "Subsequent Debtors' Application") (ECF No. 791); (iv) my declaration attached as Exhibit A-1 to the Subsequent Debtors' Application (the "Subsequent Declaration"); (v) the *Supplemental Declaration of Luke A. Barefoot in Support of Applications for Entry of Orders Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* (the "First Supplemental Declaration") (ECF No. 1166); (vi) the *Second Supplemental Declaration of Luke A. Barefoot in Support of Applications for Entry of Orders Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* (the "Second Supplemental Declaration") (ECF No. 1548); and (vii) the *Third Supplemental Declaration of Luke A. Barefoot in Support of Applications for Entry of Orders Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* (the "Second Supplemental Declaration") (ECF No. 2242). This Court approved the Initial Debtors' Application on June 30, 2020, (ECF No. 417) and the Subsequent Debtors' Application on

September 13, 2020 (ECF No. 1064). Unless otherwise stated in this Fourth Supplemental Declaration, I have personal knowledge of the facts set forth herein.

        4.      In the Initial Declaration and the Subsequent Declaration, Cleary Gottlieb represented that it would file supplemental disclosures with this Court as it became aware of any new material relationship with any potential parties-in-interest. Initial Declaration ¶ 18; Subsequent Declaration ¶ 3. Through the course of the Chapter 11 Cases, Cleary Gottlieb has identified certain potential parties-in-interest not previously reflected in Exhibit I to the Initial Declaration, Exhibit D the Subsequent Debtors' Application, Exhibit A to the First Supplemental Declaration, Exhibit A to the Second Supplemental Declaration, or Exhibit A to the Third Supplemental Declaration (collectively, the "Additional Parties"). A list of the Additional Parties is attached hereto as Exhibit A (the "Additional Parties List").[3]

        5.      Cleary Gottlieb's records department has run a computerized check of each of those persons or entities included in the Additional Parties List. A list of Additional Parties that are Current Clients is attached hereto as Exhibit B.

        6.      Cleary Gottlieb has represented, currently represents, or may represent in the future, certain of the persons or entities listed in the Additional Parties List (or their affiliates)[4] in matters totally unrelated to the Debtors. For the avoidance of doubt, Cleary Gottlieb going forward will not represent any such persons or entities with respect to the matters involving the Debtors or the Chapter 11 Cases. To the best of my knowledge, none of the

---

[3]     For the avoidance of doubt, none of the Additional Parties are Former Clients of Cleary Gottlieb.

[4]     Cleary Gottlieb may not directly represent or may not have directly represented certain specific entities listed in Exhibit B. Where an applicable engagement letter requires Cleary Gottlieb to treat corporate affiliates as clients for the purposes of conflicts, Cleary Gottlieb has included such non-client parties-in-interest out of an abundance of caution.

3

Current Clients set forth in Exhibit B attached hereto represented 1% or more of Cleary Gottlieb's gross revenue from November 2020 to October 2021.[5]

7. To the best of my knowledge and information, after a review of the Additional Parties List and the Firm's records conducted at my direction, Cleary Gottlieb's connections with the Additional Parties, currently and during the past two years, are as follows:

(a) ***Professionals Representing the Debtors***. As part of its practice, Cleary Gottlieb appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants and investment banks, including other professionals representing the Debtors. In certain instances, professionals representing the Debtors may be clients of, or opposing counsel to, Cleary Gottlieb in matters unrelated to the Chapter 11 Cases. In addition, Cleary Gottlieb has represented, and may continue to represent, clients that are adverse to clients of the Debtors' professionals in various matters unrelated to the Chapter 11 Cases.[6]

(b) ***Creditors of the Debtors***. In matters unrelated to the Chapter 11 Cases, Cleary Gottlieb has represented, and may continue to represent, various creditors of the Debtors (or their affiliates) identified on Exhibit B. Cleary Gottlieb will not represent any of these entities in any matters related to these Chapter 11 Cases.

(c) ***Professionals Representing Creditors of the Debtors***. As part of its practice, Cleary Gottlieb appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment banks, including other professionals representing creditors or other parties-in-interest.

---

[5] Out of an abundance of caution, Cleary Gottlieb is choosing to disclose that matters billed to corporate affiliates of J. Aron & Company LLC and Banco Citibank S.A. in the aggregate represent more than 1% of Cleary Gottlieb's gross revenue from November 2020 to October 2021. For the avoidance of doubt, Cleary Gottlieb does not and will not represent any affiliates of J. Aron & Company LLC and Banco Citibank S.A. in any matters related to the Chapter 11 Cases.

[6] As noted in Exhibit II to the Initial Declaration, Morgan Stanley and certain of its affiliates (together, "MS") and JPMorgan Chase & Co. and certain of its affiliates ("JPM") are Current Clients of Cleary Gottlieb. Out of an abundance of caution, Cleary Gottlieb is choosing to disclose that it has received waivers from each of MS and JPM with respect to Cleary Gottlieb's representation of the Debtors in negotiation and documentation of certain postpetition derivatives transactions with MS and JPM. Separately, as noted in Exhibit II to the Initial Declaration, Qatar Airways Q.C.S.C. ("Qatar Air") is a current Client of Cleary Gottlieb. Beginning in June 2021, Cleary Gottlieb was engaged by Qatar Air in an additional matter unrelated to the Chapter 11 Cases. For the avoidance of doubt, Cleary Gottlieb does not and will not represent Qatar Air in any matters related to the Chapter 11 Cases and, in the event that any dispute, contested matter or adversary proceeding should arise between Qatar Air and the Debtors, the Togut Firm shall represent the Debtors in any such matters.

Cleary Gottlieb does not and will not represent such professionals in relation to the Chapter 11 Cases.[7]

(d) **Other Parties-in-Interest**. In matters unrelated to the Chapter 11 Cases, Cleary Gottlieb has represented, and may continue to represent, various other parties in interest (or their affiliates) identified on Exhibit B. Cleary Gottlieb does not and will not represent any of these entities in any matters related to these Chapter 11 Cases. In addition, Cleary Gottlieb may currently represent, or may have previously represented, certain of the Debtors' customers or parties who may be affiliated with such customers in matters wholly unrelated to the Debtors and the Chapter 11 Cases. Cleary Gottlieb does not and will not represent such customers or affiliated parties in relation to the Chapter 11 Cases.

9. Cleary Gottlieb has fully informed the Debtors of its ongoing representation of the entities identified in Exhibit B, and the Debtors have agreed both to the Firm's continued representation of these entities in matters unrelated to these proceedings and to the Firm's representation of the Debtors in the Chapter 11 Cases. In the event that Cleary Gottlieb's representation of the Debtors requires that Cleary Gottlieb be adverse to any of the entities identified in Exhibit B or any other then active client of the Firm, the Togut Firm will handle such matters unless appropriate waivers are obtained.

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 24, 2021
New York, New York

/s/ *Luke A. Barefoot*
Luke A. Barefoot

---

[7] Out of an abundance of caution, Cleary Gottlieb is choosing to disclose that Christian Ribeiro, a former Cleary Gottlieb associate who departed Cleary Gottlieb in September 2021, currently works as a law clerk for Judge Garrity, Jr. At the October 18, 2021 hearing before the Court, Judge Garrity disclosed Mr. Ribeiro's employment, and indicated that Mr. Ribeiro will have no involvement whatsoever with the Chapter 11 Cases or be involved in any discussions related to or arising from the Chapter 11 Cases. *See Hr'g Tr. Oct. 18, 2021, In re LATAM Airlines* at 10:6–10:13. Cleary Gottlieb has also taken steps, consistent with its ordinary practice, to ensure that Mr. Ribeiro does not have access to any firm materials that he may have had access to while employed by Cleary Gottlieb.

5