**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LATAM Airlines Group S.A., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 20-11254 (JLG)<br><br>Jointly Administered<br><br>Related Docket No. 5798 |

**STIPULATION AND ORDER BY AND**
**BETWEEN THE DEBTORS, RRPF ENGINE LEASING**
**LIMITED AND ROLLS-ROYCE & PARTNERS FINANCE LIMITED**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among LATAM Airlines Group S.A. ("LATAM Parent")[2] and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), RRPF Engine Leasing Limited ("RRPF" or the "Claimant"), and Rolls-Royce & Partners Finance Limited ("Rolls-Royce" together with the Claimant and the Debtors, the "Parties") with respect to certain proofs of claim filed by the Claimant.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); LATAM Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348) and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33122.

[2] LATAM Parent, and its debtor and non-debtor subsidiaries and affiliates are collectively referred to as "LATAM".

**Recitals**

A.     On May 26, 2020 (the "Initial Petition Date"), LATAM and certain of the Debtors (collectively, the "Initial Debtors") each filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On July 7 and 9, 2020 (together with the Initial Petition Date, as applicable to each Debtor, the "Petition Date"), additional LATAM affiliates (the "Subsequent Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. The bankruptcy proceedings commenced by the Debtors are being jointly administered under Case No. 20-11254 (the "Chapter 11 Cases").

B.     Prior to the Petition Date, LATAM Parent as lessee entered into that certain Master Engine Lease Agreement dated March 31, 2002, as assigned, assumed, novated, amended, restated and supplemented from time to time (the "MELA"), with RRPF as lessor and Rolls-Royce, whereby the Parties agreed to general terms regarding the leasing of certain aircraft engines to the Debtors.

C.     Prior to the Petition Date, LATAM Parent as lessee, RRPF as lessor and Rolls-Royce entered into that certain Engine Lease Agreement dated July 10, 2018, as assigned, assumed, novated, amended, restated and supplemented from time to time (the "V12286 Engine Lease Agreement"), pursuant to which RRPF and Rolls-Royce agreed to lease one International Aero Engines AG V2527M-A5 aircraft engine bearing engine serial number ("ESN") V12286 (the "V12286 Engine") to LATAM Parent.

D.     Prior to the Petition Date, LATAM Parent as lessee, RRPF as lessor and Rolls-Royce entered into that certain Engine Lease Agreement dated December 23, 2016, as assigned, assumed, novated, amended, restated and supplemented from time to time (the "21214 Engine Lease Agreement" and together with the V12286 Engine Lease Agreement, the "Engine Lease

2

Agreements"), pursuant to which RRPF and Rolls-Royce agreed to lease one Rolls-Royce plc Trent XWB-84K aircraft engine bearing ESN 21214 (the "21214 Engine," and together with the V12286 Engine, the "Engines") to LATAM Parent.

E. On August 13, 2020, the Court entered the *Final Order Granting Debtors' Motion for Entry of an Order Directing Certain Orders in the Chapter 11 Cases of LATAM Airlines Group S.A. et al., Be Made Applicable to Subsequent Debtors* (ECF No. 861) (the "Setoff Order"), authorizing the Debtors and the Claimant to exercise undisputed setoff rights without further order from the Court.

F. Pursuant to the Setoff Order, LATAM Parent and the Claimant agreed that the Claimant has an undisputed setoff right with respect to $357,448.00 (the "Setoff Amount") in security deposits held by the Claimant in connection with the Engine Lease Agreements and that the Claimant has full and complete authorization from the Debtors to apply such security deposits against the Claimant's claims against the Debtors.

G. On September 24, 2020, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 1106) (the "Bar Date Order"), which established December 18, 2020 as the general date by which most creditors must submit their proofs of claim (the "Bar Date").

H. Prior to the Bar Date, RRPF filed one proof of claim against LATAM Parent, represented by proof of claim 1979 (the "Original Claim").

I. On September 27, 2020, the Court entered the *Order Authorizing Procedures for the Rejection of Certain Unexpired Aircraft Lease Agreements, Aircraft Engine Agreements, and*

3

*the Abandonment of Certain Related Assets* (ECF No. 1109) (the "Rejection Order"), which, among other things, approved procedures for the rejection of certain aircraft and engine lease agreements (the "Rejection Procedures").

      J.      On June 9, 2021, the Court approved that certain *First Stipulation and Order Between Debtors and Aircraft Engine Counterparties Concerning Certain Equipment* (ECF No. 2498) (the "V12286 Stipulation").

      K.      On June 10, 2021, the Court approved that certain *First Stipulation and Order Between Debtors and Aircraft Engine Counterparties Concerning Certain Equipment* (ECF No. 2506) (the "21214 Stipulation," and together with the V12286 Stipulation, the "Engine Stipulations").

      L.      On October 15, 2021, the Debtors filed and served the *First Notice of Rejection of Certain Unexpired Aircraft Engine Agreements and the Abandonment of Certain Related Assets* (ECF No. 3366) noticing the intended rejection of the Engine Lease Agreements (the "Rejection Notice") in accordance with the Rejection Procedures.

      M.      On November 3, 2021, the Debtors filed and served the *First Notice of Confirmation of Rejection of Certain Aircraft Engine Agreements and the Abandonment of Certain Related Assets* (ECF No. 3497) confirming the rejection of the Engine Lease Agreements (the "Confirmation Notice") in accordance with the Rejection Procedures.

      N.      In accordance with the Rejection Procedures and the deadlines set forth in the Rejection Order, the Rejection Notice and the Confirmation Notice, on December 8, 2021, the Claimant timely filed an additional proof of claim in connection with the rejection of the Engine Lease Agreements, represented by proof of claim 6452 (the "Rejection Damages Claim" and together with the Original Claim, the "Claims").

O. On December 22, 2021, the Debtors, RRPF and Rolls-Royce entered into the Side Letter to Engine Lease Agreements concerning, among other things, the redelivery of the Engines (the "Rejection Side Letter").

P. On January 5, 2022, the Debtors, RRPF and Rolls-Royce executed the Aircraft Engine Lease Termination Agreement with respect to the V12286 Engine (the "V12286 Termination Agreement").

Q. On March 1, 2022, the Debtors, RRPF and Rolls-Royce executed the Aircraft Engine Lease Termination Agreement with respect to the 21214 Engine (the "21214 Termination Agreement," and together with the V12286 Termination Agreement, the "Termination Agreements").

R. Subsequent to the filing of the Confirmation Notice, the Parties have engaged in good faith arms-length discussions concerning the Claims. To fully resolve the issues discussed, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDER THAT**:

1. The above recitals are incorporated herein in their entirety.

2. Upon the approval of this Stipulation and Order by the Court, and after setoff of the applicable security deposits under the Engine Lease Agreements, the Claimant shall have (i) a single allowed general unsecured pre-petition claim against LATAM Parent in the Chapter 11 Cases (or any subsequent chapter 7 case in the event of a conversion) as set forth in Table 1 below (the "Allowed General Unsecured Claim"), and (ii) a single allowed administrative priority claim against LATAM Parent in the Chapter 11 Cases (or any subsequent chapter 7 case in the event of a conversion) as set forth in Table 1 below (the "Allowed Administrative Priority

5

Claim" and together with the Allowed General Unsecured Claim, the "Allowed Claim"). The Allowed Claim shall not be subject to any setoff, reduction, defense, recoupment or withholding (except as may be required by law).

**Table 1 – Allowed Claim**

| Claim No. | Priority | Claimant | Debtor | Allowed Claim Amount |
|---|---|---|---|---|
| 6452 | General Unsecured Claim | RRPF Engine Leasing Limited | LATAM Airlines Group S.A. | $13,709,854.52 |
|  | Administrative Priority Claim | RRPF Engine Leasing Limited | LATAM Airlines Group S.A. | $108,748.65 |

3. The Allowed Claim shall be allowed in full and final satisfaction of any and all claims the Claimant or Rolls-Royce has or may assert against LATAM Parent, its directors, officers, affiliates, agents, advisors or insurers in connection with the Engine Lease Agreements, the MELA, the Engine Stipulations, the Rejection Side Letter, the Termination Agreements, or the Engines, including any claims associated with the redelivery of the Engines.

4. The Allowed General Unsecured Claim constitutes the Claimant's general unsecured prepetition claim after the application of the Claimant's setoff rights under the Setoff Order. For the avoidance of doubt, the Setoff Amount has already been applied to the Allowed General Unsecured Claim, and the Allowed General Unsecured Claim shall not be reduced further by the Setoff Amount.

5. For accounting purposes, the Claimant shall provide LATAM Parent with an invoice in the amount of the Allowed General Unsecured Claim within 10 calendar days of the Court approving this Stipulation and Order.

6. For accounting purposes, the Claimant shall provide LATAM Parent with an invoice in the amount of the Allowed Administrative Priority Claim within 10 calendar days of the Court approving this Stipulation and Order, as well as reasonable written documentation

6

substantiating the out-of-pocket costs associated with the Allowed Administrative Priority Claim. LATAM Parent shall pay the Administrative Priority Claim within 10 business days after receiving such invoice and documentation of costs.

7.  The Claimant and Rolls-Royce agree that all other claims in connection with the Engine Lease Agreements against the Debtors are hereby withdrawn, as set forth in Table 2 below (the "Withdrawn Claim").

**Table 2 – Withdrawn Claim**

| Claim No. | Claimant | Debtor |
|---|---|---|
| 1979 | RRPF Engine Leasing Limited | LATAM Airlines Group S.A. |

8.  This Stipulation and Order shall be binding upon and inure to the benefit of the Debtors, their estates, the Claimant and Rolls-Royce, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be.  This Stipulation and Order shall be binding on any official committee, trustee or examiner appointed in the Debtors' Chapter 11 Cases and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases. This Stipulation and Order shall remain binding on the Debtors' estates and any chapter 7 trustee in the event that the Debtors' Chapter 11 Cases are converted to chapter 7 cases.

9.  Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order unless such claim or right is specifically addressed in this Stipulation and Order.

10. This Stipulation and Order may be signed in counterpart originals or electronically and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

A facsimile or email signature delivered by portable data format (.pdf) or signed electronically shall be deemed an original.

11. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

12. Each of the undersigned counsel represent that he or she is authorized to execute this Stipulation and Order on behalf of his or her respective client.

13. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, that they have full knowledge of and have consented to this Stipulation and Order.

14. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

15. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

16. The Debtors' claims agent, Kroll, LLC, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order, including by amending the claims register in this case to reflect the allowance of the Allowed Claim and withdrawal of the Withdrawn Claim.

17. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained.

*[Remainder of Page Left Blank Intentionally]*

Stipulated and agreed to by:

Dated: New York, New York
June 28, 2022

| | |
|---|---|
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **BARNES & THORNBURG LLP** |
| By: /s/ Lisa M. Schweitzer<br>Richard J. Cooper<br>Lisa M. Schweitzer<br>Luke A. Barefoot<br>Thomas S. Kessler<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000 | By: /s/ Jonathan Sundheimer<br>Jonathan Sundheimer<br>11 S. Meridian Street<br>Indianapolis, Indiana 46204<br>Telephone: (317) 231-7319<br><br>*Counsel to RRPF Engine Leasing Limited and Rolls-Royce & Partners Finance Limited* |
| *Counsel to the Debtors and Debtors-in-Possession* | |

SO ORDERED THIS 28th DAY OF JULY, 2022

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE