UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------- x

In re:

LATAM Airlines Group S.A., et al.,

Debtors.[1]

------------------------------------------------------- x

Case No. 20-11254 (JLG)

Chapter 11

(Jointly Administered)

## MEMORANDUM DECISION AND ORDER GRANTING GE ENGINES SERVICES, LLC's MOTION TO REQUIRE DEBTORS' CLAIMS AND NOTICING AGENT TO RECOGNIZE TRANSFER OF CLAIM PURSUANT TO <u>RULE 3001(e) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

<u>A P P E A R A N C E S</u> :

SIDLEY AUSTIN LLP
*Counsel for GE Engines*
*Services, LLC*
787 Seventh Avenue
New York, New York 10019
<u>By:</u>    Michael G. Burke, Esq.

---

[1]     The Debtors in these chapter 11 cases, along each Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348); and Multiplus Corredora de Seguros Ltda. (N/A).

LAW OFFICES OF MARTIN
EISENBERG
*Counsel for Invictus Global
Management, LLC*
50 Main Street Suite 1000
White Plains, New York 10606
<u>By:</u>     Martin Eisenberg, Esq.

**<u>HON. JAMES L. GARRITY, JR.</u>**
**<u>U.S. BANKRUPTCY JUDGE</u>**

## **<u>Introduction</u>[2]**

The matter before the Court is the motion (the "Motion")[3] of GE Engines Services, LLC ("GE"), for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3001(e) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and the S.D.N.Y. Claims Transfer Guidance[4] requiring Kroll Restructuring Administration LLC (formerly known as Prime Clerk LLC and hereafter referred to as "Kroll"), the Claims and Noticing Agent appointed in these Chapter 11 Cases, to recognize and record on the official claims register in the Chapter 11 Cases, the transfer of the GE Rejection Damages Claim from GE to Seaport Loan Products, LLC ("Seaport"), evidenced by the Seaport Evidence of Transfer that was filed by Seaport on the Court's docket on June 30, 2021, and substitute Seaport for GE as holder of the GE Rejection Damages Claim.

---

[2]     Capitalized terms shall have the meanings ascribed to them herein. References to "ECF No __" are to documents filed on the electronic docket in these jointly administered Chapter 11 Cases -- No. 20-11254, unless otherwise indicated.

[3]     Motion to Require Debtors' Claims and Noticing Agent to Recognize Transfer of Claim Pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure [ECF No. 5750].

[4]     *Claims Transfers – Importance of Compliance with the Federal Rules of Bankruptcy Procedure*, United States Bankruptcy Court Southern District of New York, https://www.nysb.uscourts.gov/sites/default/files/pdf/claimstradecompliance.pdf (the "S.D.N.Y Claims Transfer Guidance") (last visited September 8, 2022).

The Debtors did not take a position on the Motion. Kroll and Seaport did not take positions on the Motion but, in response to the Motion, submitted the statement of Benjamin J. Steele, Managing Director of Kroll (the "Kroll Statement"),[5] and the declaration of Jonathan Silverman, General Counsel and Senior Managing Director of Seaport Loan Products LLC (the "Seaport Declaration"),[6] respectively. Invictus Global Management, LLC ("Invictus") submitted a response (the "Invictus Response")[7] and a memorandum of law (the "Invictus Memo of Law)[8] in opposition to the Motion. GE submitted a reply in further support of the Motion (the "Reply").[9]  The Court heard argument on the Motion.

For the reasons set forth below, the Court GRANTS the Motion.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[5]    Statement of Benjamin J. Steele with Respect to (i) Motion to Require Claims and Noticing Agent to Recognize Transfer of Claim Pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure; and (ii) Related Pleadings. [ECF No. 6223].

[6]     Declaration of Jonathan Silverman Regarding Motion to Require Debtors' Claims and Noticing Agent to Recognize Transfer of Claim Pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure [ECF No. 6133].

[7]    Invictus Response in Opposition to the Motion of GE Engine Services, LLC to Transfer Claim [ECF No. 6134].

[8]    Invictus Memorandum of Law in Opposition to GE Engine Services, Inc.'s Motion to Transfer Claim [ECF No. 6135].

[9]    Reply in Further Support of Motion to Require Debtors' Claims and Noticing Agent to Recognize Transfer of Claim Pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure [ECF No. 6221].

## Facts

On May 26, 2020 (the "Initial Petition Date"), LATAM Airlines Group, S.A. ("LATAM Parent") and twenty-eight affiliates (collectively with LATAM Parent the "Initial Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code in this Court (the "Initial Chapter 11 Cases"). On July 7 and 9, 2020 (the "Subsequent Petition Dates" and, together with the Initial Petition Date, as applicable to each Debtor, the "Petition Date"), nine additional LATAM affiliates (the "Subsequent Debtors" and together with the Initial Debtors, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Subsequent Chapter 11 Cases" and together with the Initial Chapter 11 Cases, the "Chapter 11 Cases"). Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only.[10] By order dated June 18, 2022, the Court confirmed the Debtors' Joint Plan of Reorganization.[11]

On May 26, 2020, the Debtors filed an application to appoint Kroll as claims and noticing agent in the Chapter 11 Cases (the "Claims and Noticing Agent"), pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code and Rule 5075-1 of the Local Bankruptcy Rule for the Southern District of New York effective *nunc pro tunc* to the Petition Date (the "Kroll Retention Application").[12] On June 5, 2020, the Court entered an order granting that motion and authorizing the retention of Kroll as Claims and Noticing Agent (the

---

[10]    *See* Order Granting Motion for Joint Administration [ECF No. 34].

[11]    Errata Order Signed on 7/7//2022 Re: Order Signed on 6/18/2022 Confirming Chapter 11 Plan, Ex. A (Corrected Memorandum Decision on Confirmation of the Joint Plan of Reorganization of LATAM Airlines Group, S.A. et al. Under Chapter 11 of the Bankruptcy Code) [ECF No. 5900]; *see also* Seventh Revised Joint Plan of Reorganization of LATAM Airlines Group S.A. et al. Under Chapter 11 of the Bankruptcy Code [ECF No. 5331].

[12]    Debtors' Application for Appointment of [Kroll] as Claims and Noticing Agent [ECF No. 6].

4

"Kroll Retention Order").[13] Without limitation, the Kroll Retention Application, as given effect

by the Kroll Retention Order, authorizes Kroll to "[p]repare and serve required notices and

documents in the Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy

Rules in the form and manner directed by the Debtors and/or the Court, including . . . notice of

transfers of claims" and to "[r]ecord all transfers of claims and provide any notice of such

transfers as required by Bankruptcy Rule 3001(e)." Kroll Retention Application ¶ 11.

On June 9, 2021, the Debtors filed a motion (the "GE Executory Contract Motion")[14]

seeking in part, Court authorization to reject a certain executory contract with GE (the "GE90

Agreement") and to establish the amount of GE's unsecured claim against LATAM Parent for

damages in the sum of $15,526,825.90 on account of the rejection of the GE90 Agreement (the

"GE Rejection Damages Claim").

On June 29, 2021, GE, as assignor, entered into an Assignment of Claim Agreement with

Seaport, as assignee (the "GE-Seaport Assignment Agreement")[15] pursuant to which GE sold,

assigned and transferred to Seaport all of its right, title and interest in the GE Rejection Damages

Claim, in consideration for a purchase price of $10,791,144 (the "GE Claim Purchase Price").

Pursuant to that agreement, GE absolutely and unconditionally transferred all of its right, title

and interest in the GE Rejection Damages Claim to Seaport. Among other things, the GE-Seaport

Assignment Agreement states that a proof of claim in respect of the GE Rejection Damages

Claim has not been filed in the Chapter 11 Cases. GE-Seaport Assignment Agreement ¶ 3.

---

[13]    Order Authorizing Retention and Appointment of [Kroll] as Claims and Noticing Agent [ECF No. 117].

[14]    Debtors' Motion for an Order Authorizing the Debtors to Implement Certain Transactions, Including Amendments to Engine Maintenance Service Agreements with General Electric Affiliated Engine Servicers [ECF No. 2505].

[15]    A copy of the GE-Seaport Claim Assignment Agreement is annexed as Exhibit B to the Motion.

On June 29, 2022, Seaport, as assignor, entered into an Assignment of Claim Agreement

with Invictus, as assignee (the "Seaport-Invictus Assignment Agreement")[16] pursuant to which

Seaport sold, assigned and transferred to Invictus all of Seaport's right, title and interest in the

GE Rejection Damages Claim and the GE-Seaport Assignment Agreement in consideration for

the payment of an amount equal to the GE Claim Purchase Price plus a brokerage fee of

$155,268.26.

On June 30, 2021, the Court held a hearing on the GE Executory Contract Motion and

granted the motion.[17]

On June 30, 2021, Seaport filed evidence of the transfer of the GE Rejection Damages

Claim (the "Seaport Evidence of Transfer") on the official docket of the Chapter 11 Cases.[18] The

entry on the case docket associated with the transfer (ECF No. 2635) labels the Seaport Evidence

of Transfer as "Transfer Agreement 3001 (e) 1." [19] On July 1, 2021, Invictus docketed evidence

of the transfer of the GE Rejection Damages Claim (the "Invictus Evidence of Transfer")[20] on

the official docket of the Chapter 11 Cases.

On July 15, 2021, the Court entered an order granting the GE Executory Contract Motion

(the "GE Executory Contract Order").[21] Among other things, that order allows the "GE Rejection

---

[16]    A copy of the Seaport-Invictus Assignment Agreement is annexed as Exhibit 2 to the Invictus Response.

[17]    *See* June 30, 2021 Hr'g Tr. 64:13-65:24 [ECF No. 2660].

[18]    Evidence of Transfer of Claim [ECF No. 2635].

[19]    The entry on the case docket sheet states:

> Transfer Agreement FRBP. Transfer Agreement 3001 (e) 1 Transferors: GE Engine Services, LLC
> (Amount $15,526,825.90) To Seaport Loan Products, LLC filed by Ronald Scott Beacher on
> behalf of Seaport Loan Products, LLC. (Beacher, Ronald) (Entered: 06/30/2021).

[20]    Evidence of Transfer of Claim [ECF No. 2650].

[21]    Order Authorizing the Debtors to Implement Certain Transactions, Including Amendments to Engine
Maintenance Service Agreements with General Electric Affiliated Servicers [ECF No. 2727].

Damages Claim" as a "general unsecured claim against LATAM Parent in the amount of

$15,526,825.90," and directs that

> [the GE Rejection Damages Claim] shall be binding on the applicable Debtors'
> estates, including any chapter 7 trustee in the event these Chapter 11 Cases are
> converted to chapter 7 cases, and all parties in interest, and shall not be subject to
> any defense, objection, subordination, setoff, recharacterization, or other challenge,
> in these Chapter 11 Cases and in the event these Chapter 11 Cases are converted to
> chapter 7 cases.

GE Executory Contract Order ¶¶ 5-6.

After the Court entered the GE Executory Contract Order, Debtors' counsel informed

Kroll that the Debtors would be amending that order which would impact the GE Rejection

Damages Claim. *See* Kroll Statement ¶ 8. Therefore, pending entry of the expected amended

order, Kroll "paused" the processing of the Seaport Evidence of Transfer and the Invictus

Evidence of Transfer. *See id.* On September 7, 2021, the Court entered an order that amended the

GE Executory Contract Order (the "Amended GE Executory Contract Order").[22] As it relates to

the GE Rejection Damages Claim, the amended order is essentially identical to the GE

Executory Contract Order—with one difference. In addition to providing that "GE shall have an

allowed general unsecured claim against LATAM Parent in the amount of $15,526,825.90 (the

'GE Rejection Damages Claim')", the amended order directs that "GE shall file the GE

Rejection Damages Claim against LATAM Parent within thirty (30) days after entry of this

Order." Amended GE Executory Contract Order ¶ 5. GE filed proof of the GE Rejection

Damages Claim (as filed, the "GE Claim") but did not do so within that 30-day period set forth

in the Amended GE Executory Contract Order. *See* Kroll Statement ¶ 10.

---

[22] Amended Order Authorizing the Debtors to Implement Certain Transactions, Including Amendments to Engine
Maintenance Service Agreement with General Electric Affiliated Servicers [ECF No. 3150].

In late December 2021 and early January 2022, in advance of the solicitation of the Debtors' Joint Plan of Reorganization, Kroll, as the Debtors' Claims and Noticing Agent, reviewed all notices of transfers of claims that had been filed to date in the Chapter 11 Cases to ensure that all filed transfers had been processed (or not processed if defective) and the claims register reflected the most current holders of all claims. *See id.* ¶ 11. As part of this exercise, Kroll reviewed the Seaport Evidence of Transfer and the Invictus Evidence of Transfer**,** the processing of which it had paused in August 2021. *See id.*

By January 2022, GE had not filed proof of the GE Rejection Damages Claim. Kroll explains that since proof of the claim was not then filed, based on the information contained on the face of the Seaport Evidence of Transfer**,** Kroll was unable to reconcile the Seaport Evidence of Transfer against any claim on the claims register. *See id.* ¶ 12. On January 7, 2022, Kroll determined it could not process the Seaport Evidence of Transfer (and, correspondingly, the Invictus Evidence of Transfer). *See id.* Kroll says that when a claims agent determines that it cannot process a claim transfer, it is customary in the industry for the agent to send the transferor and transferee a courtesy notice of the defective transfer. *See id.* On January 7, 2022, Kroll served Notice of Defective Transfer of Claim identifying the transfer of the GE Rejection Damages Claim from GE to Seaport (evidenced by the Seaport Evidence of Transfer) as defective (the "GE Notice of Defective Transfer of Claim"). Kroll annexed a copy of the Seaport Evidence of Transfer to that notice.[23] *See id.* Kroll also sent a Notice of Defective Transfer of Claim identifying the transfer of the GE Rejection Damages Claim from Seaport to Invictus as defective (the "Seaport Notice of Defective Transfer of Claim", and together with the GE Notice of Defective Transfer of Claim, the "Notices of Defective Transfer of Claim").

---

[23]    A copy of the GE Notice of Defective Transfer of Claim is annexed as Exhibit 7 to the Invictus Response.

The GE Notice of Defective Transfer states that the "Notice of Transfer, Docket No. 2635, is defective" because "[t]ransferor does not hold a filed claim/scheduled liability as indicated in the Notice of Transfer." GE Notice of Defective Transfer of Claim. GE asserts that upon receipt of the GE Notice of Defective Transfer of Claim, its counsel contacted Kroll and requested that Kroll record the transfer of the GE Rejection Damages Claim to Seaport and substitute Seaport as the holder of the GE Rejection Damages Claim as it had previously been transferred and assigned (as described in the Seaport Evidence of Transfer). GE says that its counsel noted, among other things, that even though there was no "filed claim", the GE Rejection Damages Claim was an "allowed claim" against LATAM Parent in the amount $15,526,825.90, pursuant to the GE Executory Contract Order and that it already had been assigned and transferred. *See* Motion ¶¶ 13, 35.

On February 10, 2022, Kroll received a proof of claim from the General Electric Company asserting a claim for lease rejection damages against LATAM Parent, in an amount equal to the GE Rejection Damages Claim (the "General Electric Company Claim"). Kroll Statement ¶ 13. On March 7, 2022, counsel for GE contacted Kroll and the Debtors' counsel and financial advisor by email and requested that the claims register be updated to reflect that the General Electric Company Claim had been transferred from GE to Seaport as evidenced by the Seaport Evidence of Transfer. *See id.* ¶ 14. On March 8, 2022, a Kroll employee informed GE's counsel by email that Kroll could not process the Seaport Evidence of Transfer because that document does not refer to a claim filed by the General Electric Company but instead refers to a claim filed by GE. *See id.* ¶ 15. The Kroll employee suggested to GE's counsel that GE could remedy the defect by having Seaport file a new evidence of transfer with General Electric Company as the transferor. *See id.* After discussions with GE's counsel and Debtors' counsel,

9

Kroll informed GE's counsel that if GE filed proof of the GE Rejection Damages Claim, Kroll would be able to process the earlier filed Seaport Evidence of Transfer and Invictus Evidence of Transfer for administrative convenience of all of the parties involved, including Seaport and Invictus, which, at the time, Kroll says that it "had no reason to believe would not be supportive of such action." *Id.*

Invictus asserts that under clear and unambiguous terms of paragraph 5(e) of the GE-Seaport Assignment Agreement,[24] the issuance of the Notices of Defective Transfers of Claims by Kroll triggered its rights, as Seaport's assignee of the GE Rejection Damages Claim, to demand repayment by GE of the GE Claim Purchase Price plus interest. *See* Invictus Response ¶ 27. On March 2, 2022, based on the issuance of the Notices of Defective Transfer of Claims, Invictus invoked its alleged rights under paragraph 5(e) and allegedly made a demand to GE for an immediate repayment of the GE Claim Purchase Price plus interest (the "Repayment Demand") based upon the failure of the assignee of the GE Rejection Damages Claim to be substituted for GE as the holder of the GE Rejection Damages Claim. *See id.* ¶ 29.

On March 17, 2022, GE filed the GE Claim against LATAM Parent. Kroll Statement ¶ 16.  On March 23, 2022, General Electric Company withdrew the General Electric Company Claim. *Id.* ¶ 16 n.5. Kroll asserts that on March 25, 2022, after consultation with and approval

---

[24]    Paragraph 5 of the GE-Seaport Agreement states, as follows:

5. Disallowances. If (a) the Proposed Order in its current form or such other form as agreed to by Assignee is not entered by the Bankruptcy Court in the Case within thirty (30) days after the Effective Date, (b) the GE90 Agreement is not rejected under Section 365 of the US Bankruptcy Code within thirty (30) days after the Effective Date, (c) the Order is vacated or modified on appeal, (d) the Assignee or its assignees(s)receives distributions on the Transferred Rights which are, per dollar of claim, less in amount or different in nature or timing than distributions payable to general unsecured creditors of the Debtor generally, or (e) Assignee fails to be substituted for the Assignor in respect of the Claim (each (a)-(e), a "Disallowance"), on demand of Assignee (the "Demand"), Assignor agrees to immediately repay to Assignee the Purchase Price together with interest at the rate equal to eight percent (8%) per annum, from the date of this Assignment until the date of such repayment by Assignor to Assignee.

from Debtors' counsel, Kroll processed the Seaport Evidence of Transfer and the Invictus

Evidence of Transfer, and served GE, Seaport, and Invictus with the applicable notices in

accordance with Bankruptcy Rule 3002(e)(2). *See id.* ¶ 17.

As part of Kroll's claim transfer procedures, when processing a claim transfer, Kroll first

updates the claims register to reflect the transfer, and this update triggers service of the notices of

transfer on the transferor and transferee in accordance with the Bankruptcy Rules. *See id.* ¶ 18. If

there is an objection to the transfer, Kroll revises the claims register to unwind the transfer. *See*

*id.*

On March 25, 2022, Kroll sent a "Notice of Transfer of Claim" to GE, as transferor, and

Seaport, as transferee, which attaches a copy of the Seaport Evidence of Transfer that Seaport

filed June 30, 2021 (the "March 2022 GE Notice of Transfer of Claim").[25] *See id.* ¶ 17; Motion ¶

14. In part, the notice advises that "[t]he agreement purports to transfer certain of your claims

against the Debtors to the transferee listed above", and that "[i]f no objection is timely received

by the Bankruptcy Court, the transferee will be substituted as the original claimant on the official

claims register maintained by [Kroll] without further order of the Court." Motion ¶ 15. No

objections to the March 2022 GE Notice of Transfer of Claim were filed with the Court. *See id.* ¶

16. Still, as of the date hereof, the official claims register maintained by Kroll reflects that GE is

the holder of the GE Rejection Damages Claim.  *See id.* ¶ 17.

On March 25, 2022, Kroll sent a "Notice of Transfer of Claim" to Seaport, as transferor,

and Invictus, as transferee, which attaches a copy of the Invictus Evidence of Transfer that

---

[25]    A copy of the March 2022 GE Notice of Transfer of Claim is annexed as Exhibit C to the Motion. That notice is
substantially in the form of the Official Form 2100B Notice of Transfer.

Invictus filed on June 30, 2021 (the "March 2022 Seaport Notice of Transfer of Claim",[26] and

together with the March 2022 GE Notice of Transfer of Claim, the "March 2022 Notices of

Transfer of Claim"). On March 30, 2022, Cindy Chen Delano, a partner at Invictus and the

signatory on the Invictus Evidence of Transfer, contacted Kroll and informed it that Invictus did

not consent to the March 25, 2022 processing of the Invictus Evidence of Transfer, as it

considered the document to be no longer effective after Kroll sent the Notices of Defective

Transfer. *See* Kroll Statement ¶ 19. Kroll asserts that Ms. Chen Delano also informed certain

Kroll employees, and Debtors' counsel, for the first time that Invictus had made the Repayment

Demand to GE arising out of an alleged breach by GE of its transfer agreement with Invictus.

*See id.*

Kroll says that as a result of this objection and its receipt of new information, on March

30, 2022, it reversed the processing of the Seaport Evidence of Transfer and the Invictus

Evidence of Transfer on the claims register and informed GE's counsel of this reversal. *See* Kroll

Statement ¶ 19. Kroll asserts that since March 30, 2022, counsel for GE has contacted Kroll

several times and requested that the GE Rejection Damages Claim be transferred from GE to

Seaport. *See id.* ¶ 20.

On May 5, 2022, Invictus commenced an action (the "New York Action") against GE in

the Supreme Court of the State of New York, County of New York (the "NYS Court"),[27] seeking

immediate repayment of the GE Claim Purchase Price, plus interest. Invictus Response ¶ 34; *see

also id.*, Ex. 16 (New York Action - Complaint). The New York Action is pending.

---

[26]    A copy of the March 2022 Seaport Notice of Transfer of Claim is annexed as Exhibit 13 to the Invictus
Response.

[27]    *Invictus Glob. Mgmt, LLC v. GE Engine Serv., LLC*, Index No. 652103 (N.Y. Sup. Ct. May 5, 2022). A copy of
Invictus' complaint in the NYS Action is attached as Exhibit 16 to the Invictus Response.

**The Motion**

Bankruptcy Rule 3001 applies to proofs of claims. Bankruptcy Rule 3001(e) speaks to "Transferred Claims." It provides a means "by which assignees of debts are able to assert their claims in bankruptcy." *In re Taranto*, No. 10-76041, 2012 WL 1066300, at *20 (Bankr. E.D.N.Y. Mar. 27, 2012). To that end, it "provides a mechanism for notice of the transfer [of a claim], providing benefits for each of the claim transferor (giving the transferor notice and opportunity to be heard in the event that it disagrees with the assertion that there was an assignment) and transferee (helping ensure that the transferee will receive the distributions on account of the claim)." *In re NutriPlus, LLC,* No. 99–44743, 2002 WL 31254797, at *8 (Bankr. S.D.N.Y. Sept. 20, 2002) (internal citations omitted). Bankruptcy Rule 3001(e)(1) applies to a claim that is transferred before proof of such claim is filed. *See* Fed. R. Bankr. P. Rule 3001(e)(1). In contrast, Bankruptcy Rule 3001(e)(2) applies to a claim that is transferred after proof of such claim has been filed. *See* Fed. R. Bankr. P. 3001(e)(2).[28]

In the Motion, GE purports to seek "limited and discrete relief" under Bankruptcy Rule 3001(e)—*i.e.*, an order requiring Kroll, as the Claims and Noticing Agent in the Chapter 11 Cases, to recognize and record the transfer of the GE Rejection Damages Claim from GE to Seaport evidenced by the Seaport Evidence of Transfer filed by Seaport on June 30, 2021, and to substitute Seaport for GE as the holder of the GE Rejection Damages Claim on the claims register of the Chapter 11 Cases. Motion ¶¶ 1, 18-19; Reply ¶¶ 1-2. It argues that the Court should grant the Motion and, in doing so, overrule Invictus' objection to the Motion.

---

[28]    Bankruptcy Rules 3001(e)(1)-(2) apply to transfers of claims other than for security purposes. *See* Fed. R. Bankr. P. 3001(e)(1) (applies to "a claim [that] has been transferred other than for security"); Fed. R. Bankr. P. 3001(e)(2) (applies to "a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security . . ."). GE did not transfer the GE Rejection Damages Claim to Seaport for security purposes.

First, GE maintains that it is entitled to such relief pursuant to Bankruptcy Rule 3001(e)(1), because the GE Rejection Damages Claim is an allowed general unsecured claim that it transferred to Seaport before it filed proof of that claim (i.e., the GE Claim), Seaport filed the Seaport Notice of Transfer pursuant to Bankruptcy Rule 3001(e)(1) and Kroll exceeded its authority under the Kroll Retention Order and Bankruptcy Rule 3001(e) in issuing the GE Notice of Defective Transfer of Claim and in failing to record the claim transfer and to substitute Seaport as the holder of the GE Rejection Damages Claim. *See* Reply ¶¶ 7-8. Moreover, GE argues that even if Kroll properly issued the GE Notice of Defective Transfer of Claim, Kroll nonetheless must recognize and give effect to the transfer of the GE Rejection Damages Claim by GE to Seaport and substitute Seaport for GE as the holder of the GE Rejection Damages Claim on the claims register of the Chapter 11 Cases pursuant to Bankruptcy Rule 3001(e)(2), because GE filed proof of the GE Rejection Damages Claim (i.e., the GE Claim), Kroll filed the March 2022 GE Notice of Transfer of Claim, and no party filed an objection with this Court in response to that notice. *See* Motion ¶¶ 31, 36; Reply ¶¶ 28-29. In any event, GE asserts that since Invictus is not the transferor under the March 2022 GE Notice of Transfer of Claim, it lacks standing to contest the claim transfer. *See* Reply ¶ 29.

Invictus says that its dispute with GE over the ownership of the GE Rejection Damages Claim is central to the Motion. *See* Invictus Response ¶ 2 ("The Motion seeks to substitute Seaport as the sole owner of the GE Rejection Damages Claim."); *id.* ¶ 35 ("The filing of Notices of Transfer of Claim[] cannot alter substantive claim ownership rights. The Motion seeks to compel the transfer of the GE Rejection Damages Claim from GE to Seaport."). It contends that Seaport does not own the GE Rejection Damages Claim and has not owned it since June 29, 2021, when it assigned both the claim and its rights under the GE-Seaport Assignment

Agreement to Invictus. Invictus Response ¶ 2; *see also* Seaport Declaration ¶ 3. It contends that

the Motion addresses a contract dispute between two non-debtors that is governed by state law

and that must be resolved in the New York Action. It asserts that the relief GE is seeking in the

Motion is beyond the reach of Bankruptcy Rule 3001(e) because it is a procedural rule that

cannot be employed to override contract rights under state law. *See* Invictus Memo of Law at 1-

2.  In short, it maintains that GE filed the Motion to forestall and circumvent the New York

Action to avoid GE's obligation to repay the GE Claim Purchase Price to Invictus. *See* Invictus

Response ¶ 1; Invictus Memo of Law at 5.

In this context, Invictus argues that the Court must deny the Motion because**:** (i) the issue

of the ownership rights of a bankruptcy claim (as set forth in a series of purchase and sale

agreements between non-debtors) is governed by state law and based upon the express terms of

these agreements neither Seaport nor Invictus owns the GE Rejection Damages Claim; (ii) the

"unauthorized" March 2022 GE Notice of Transfer is invalid and, in any event, is a procedural

filing that cannot substantively alter contractual ownership rights; (iii) Invictus did object to the

March 2022 GE Notice of Transfer of Claim; and (iv) as per the Repayment Demand, the GE

Rejection Damages Claim was put back to GE who is the claim owner. Invictus Response ¶ 10.

Invictus also asserts that the Court should deny the Motion because the March 2022 GE Notice

of Transfer of Claims was not prepared, authorized or known to Seaport or Invictus and was

"clandestinely caused to be issued by GE, after Invictus' Repayment Demand, in an attempt by

GE to secretly and improperly override the January 7, 2022 Notices of Defective Transfer of

Claims so that GE could avoid its contractual obligation to repay the [GE Claim] Purchase Price

to Invictus." *Id.* ¶ 35.

The Court considers those matters below.

## Discussion

Invictus misconstrues the Motion. GE is not asking the Court to determine the ownership of the GE Rejection Damages Claim, and, in any event, the Court is not empowered to make that determination. The role of the bankruptcy court in the adjudication of disputes regarding the transfer of claims is narrow. *See* Fed. R. Bankr. P. 3001(e) advisory committee's note to 1991 amendment. "The [Bankruptcy] Code does not speak to the validity of claim transfers, and the Bankruptcy Rules provide only procedures for the filing of notice required for a transferee to be recognized as the holder of the claim." *In re Destileria Nacional, Inc*., No. 20-01247 (ESL), 2021 WL 820178, *2 (Bankr. D.P.R. Mar. 3, 2021) (citing Bankruptcy Rule 3001(e); *In re Odd Lot Trading, Inc*. 115 B.R. 97, 100 (Bankr. N.D. Ohio 1990); Chaim J. Fortgang & Thomas Moers Mayer, *Trading Claims and Taking Control of Corporations in Chapter 11*, 12 Cardozo L. Rev. 1, 19-25 (1990)). In that way, the Court's role is limited to "the adjudication of disputes regarding transfers of claims," and if a timely objection is made, "to determine[ing] whether a transfer has been made that is enforceable under nonbankruptcy law." *In re SPM Mfg. Corp.,* 984 F.2d 1305, 1319 n.9 (1ˢᵗ Cir. 1992) (quoting Bankruptcy Rule 3001(e) advisory committee's note to 1991 amendment). *Cf. In re Nw. Airlines Corp*., No. 05-17930 (ALG), 2007 WL 498285, at *2 (Bankr. S.D.N.Y. Feb. 9, 2007) (the purpose of Bankruptcy Rule 3001(e)(2) is "to limit the court's role to the adjudication of disputes regarding transfers of claims . . . [but not to] affect any remedies otherwise available outside of bankruptcy.") (quoting *Viking Assocs., L.L.C. v. Drewes (In re Olson)*, 120 F.3d 98, 102 (8th Cir. 1997)).

The transfer at issue here is GE's transfer of the GE Rejection Damages Claim to Seaport under the GE-Seaport Assignment Agreement.[29] GE is not asking the Court to determine the ownership of the GE Rejection Damages Claim. Invictus' rights and remedies under the GE-Seaport Assignment Agreement and the Seaport-Invictus Assignment Agreement will be addressed by the NYS Court in the New York Action—not by this Court. The Court overrules the Invictus objections to the Motion that are predicated on matters relating to the ownership rights to the GE Rejection Damages Claim.

GE is asking the Court to determine whether the assignment and transfer of the GE Rejection Damages Claim from GE to Seaport, as reflected in the Seaport Evidence of Transfer filed by Seaport on June 30, 2021, was valid under Bankruptcy Rule 3001(e), and whether Kroll, as the Claims and Noticing Agent appointed by this Court pursuant to 28 U.S.C. § 156(c)[30] and Local Rule 5075-1,[31] should be required to recognize and record that transfer. Reply ¶ 2. In its capacity as Claims and Noticing Agent in the Chapter 11 Cases, Kroll is acting as an agent of the Clerk of the Court under section 156(c). *See In re Madison Square Boys & Girls Club, Inc.*, __ B.R. __, No. 22-10910, 2022 WL 3568407, at *1 (Bankr. S.D.N.Y. Aug. 18, 2022). Its "authority to act is derivative of the Clerk's authority." *Id.* at *6. Accordingly, only this Court can resolve that issue and provide such relief.

There is no dispute that under the GE-Seaport Assignment Agreement, GE unconditionally transferred the GE Rejection Damages Claim to Seaport and that the transfer

---

[29]    Invictus describes the GE-Seaport Assignment Agreement and the Seaport-Invictus Assignment Agreement as "simultaneous back-to-back purchase and sale agreements [among GE, Seaport and Invictus] providing for the sale of the GE Rejection Damages Claim to Invictus." Invictus Response ¶ 12. That misses the mark. GE is not a party to the Seaport-Invictus Assignment Agreement. The rights and obligations of the parties to the Seaport-Invictus Assignment Agreement are not relevant to the resolution of the Motion and are not before the Court.

[30]    The Clerk of the Court is the "official custodian of the records and dockets of the bankruptcy court." 28 U.S.C. § 156(e). Section 156(c) state that:

conformed with nonbankruptcy law and Bankruptcy Rule 3001(e).[32] Kroll explains that it issued

the GE Notice of Defective Transfer of Claim in January 2022, because Kroll could not reconcile

the Seaport Evidence of Transfer against any claim on the claim register, and because GE "d[id]

not hold a filed claim/scheduled liability as indicated in the Notice of Transfer." Kroll Statement

¶ 12. GE contends and the Court agrees that Kroll erred in so acting and that its actions are not

well founded in fact or law since Kroll misapplied Bankruptcy Rule 3001(e)(1)—the rule under

which the GE Rejection Damages Claim was transferred. *See* Motion ¶¶ 20-30.

First, in issuing the GE Notice of Defective Transfer of Claim, Kroll mistakenly relied on

a "Notice of Transfer." The GE-Seaport Assignment Agreement does not include a Notice of

Transfer, and Seaport has not filed a Notice of Transfer in connection with the GE Rejection

Damages Claim. Nor was it required to do so because the official Notice of Transfer Form B

---

> Any court may utilize . . . services . . . off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in [bankruptcy cases], where the costs of such . . . services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such . . . services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

[31] Local Rule 5075-1(a), states:

> The Court may direct, subject to the supervision of the Clerk, the use of agents either on or off the Court's premises to file Court records, either by paper or electronic means, to issue notices, to maintain case dockets, to maintain Judges' calendars, and to maintain and disseminate other administrative information where the costs of such facilities or services are paid for by the estate.

Bankr. S.D.N.Y.R. 5075-1(a).

[32]  Seaport does not object to the Motion or challenge the validity of the GE-Seaport Assignment Agreement. In the Seaport Declaration, Seaport implicitly acknowledges that it took a valid assignment and transfer of the GE Rejection Damages Claim. *See* Seaport Declaration ¶ 3 ("Seaport does not own the GE Rejection Damages Claim" because "the GE Rejection Damages Claim and all of Seaport's rights under the [GE-]Seaport Assignment [Agreement] were assigned to Invictus . . .").

2100A only references Bankruptcy Rule 3001(e)(2);[33] it does not apply to claim transfers under Bankruptcy Rule 3001(e)(1).

Moreover, GE holds an allowed general unsecured claim in the sum of $15,526,825.90 against LATAM Parent that was agreed to by the Debtors. *See* Amended GE Executory Contract Order ¶ 5. The Seaport Evidence of Transfer reflects that the claim that was being transferred was not a "filed claim," but instead a "claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against the Debtor in the amount of $15,526,825.90" and referenced the docket number for the GE Executory Contract Motion. *See* Seaport Evidence of Transfer at 1. Bankruptcy Rule 3001(e)(1) addresses the transfer of a claim before a proof of claim is filed. It does not mandate the filing of a proof of claim in order to fully effectuate such a transfer. *See* 9 Collier on Bankruptcy ¶ 3001.08 (16th ed. 2022) (noting that a notice of transfer is not required if the transfer occurs prior to the filing of the proof of claim) (citing *Southern Pac. Transp. Co. v. Voluntary Purchasing Grps., Inc*., 229 B.R. 119 (E.D. Tex. 1989)); *see also In re Samson*, 392 B.R. 724, 729 (Bankr. N.D. Ohio 2008) ("Bankruptcy Rule 3001(e)(1) obviates the need for a creditor to file any proof of the assignment so long as there do not exist any competing claims.") (citing *In re Gonzalez*, 356 B.R. 905, 906–07 (Bankr. S.D. Fla. 2006); *In re Relford,* 323 B.R. 669, 680–81 (Bankr. S.D. Ind. 2004)). The fact that the proof of the GE Rejection Damages Claim was not filed when GE transferred the claim to Seaport is not grounds for Kroll's issuance of the GE Notice of Defective Transfer.

---

[33] Official Form B 2100A requests the filing party identify the claim number, the amount of the claim, and the date the claim was filed, and further provides, in pertinent part:

> A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

> *See* Official Form B 2100A, *Transfer of Claim Other Than for Security*, https://www.uscourts.gov/sites/default/files/form_b2100ab.pdf (last visited September 8, 2022).

In part, the Kroll Retention Order states that Kroll "is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in the Chapter 11 Cases, and all related tasks, all described in the [Kroll Retention Application]." Kroll Retention Order ¶ 2. The order authorizes Kroll to record the transfers of claims pursuant to Bankruptcy Rule 3001(e); it does not authorize Kroll to adjudge the validity of the transfer of claims under Bankruptcy Rule 3001(e)(1).

Based on the foregoing, the Court finds that Kroll erred when it "paused" the processing of the Seaport Evidence of Transfer, and when it issued the GE Notice of Defective Transfer, because in doing so, it misapplied Bankruptcy Rule 3001(e)(2) to a claim that was transferred under Bankruptcy Rule 3001(e)(1). The Court directs Kroll, as the Claims and Noticing Agent in the Chapter 11 Cases, to recognize and record the transfer of the allowed GE Rejection Damages Claim from GE to Seaport evidenced by the Seaport Evidence of Transfer filed by Seaport on June 30, 2021, and substitute Seaport for GE as the holder of the GE Rejection Damages Claim on the claims register of the Chapter 11 Cases. In issuing this directive, the Court is not determining ownership of the GE Rejection Damages Claim. This order is without prejudice to the contractual rights and remedies of any party under the GE-Seaport Assignment Agreement, the Seaport-Invictus Assignment, or any other agreement relevant to the GE Rejection Damages Claim, as well as to the rights and remedies of the parties in the New York Action.

In reaching this conclusion, the Court agrees with GE that even if Kroll properly issued the GE Notice of Defective Transfer of Claim, the claim transfer from GE to Seaport should be recognized and recorded on the claims register under Bankruptcy Rule 3001(e)(2). *See* Motion ¶ 31. That rule states, as follows:

> If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed,

20

> evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 21 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

Fed. Bankr. R. 3001(e)(2). In March 2022, GE filed the GE Claim in an amount equal to the GE Rejection Damages Claim. *See* Motion ¶ 36; Reply ¶¶ 28-29. If Kroll properly issued the GE Notice of Defective Transfer of Claim, then under Bankruptcy Rule 3001(e)(2), the claim transfer from GE to Seaport would be recognized on the claims register based upon the filed GE Claim, the March 2022 GE Notice of Transfer of Claim, and the fact that the transferor (*i.e.*, GE) did not object to the transfer. Thus, by application of Bankruptcy Rule 3001(e)(2), it would be incumbent upon Kroll to substitute Seaport for GE as the owner of the claim. *See In re Olsen*, 120 F.3d at 102 ("The language of the Rule is mandatory and directs the court to substitute the name of the transferee for that of the transferor in the absence of a timely objection from the transferor."); *In re Nw. Airlines Corp.*, 2007 WL 498285, at *2 ("Rule 3001(e)(2) instructs the Bankruptcy Court to recognize a transferee as claim holder in place of the transferor if a timely objection has not been filed[.]"); *In re Lynn,* 285 B.R. 858, 862 (Bankr. S.D.N.Y. 2002) ("The language of [] Rule [3001(e)(2)] is mandatory and directs a court to substitute the name of a transferee for that of a transferor in the absence of a timely objection from the transferor.").

As noted, Invictus complains that the March 2022 GE Notice of Transfer of Claims was not prepared, known to, or authorized by Seaport or Invictus and was not filed with the Bankruptcy Court as required by Bankruptcy Rule 3001(e). Invictus Response ¶ 32. Invictus also asserts that Kroll's issuance of the March 2022 GE Notice of Transfer of Claim is the product of improper ex parte communications among GE and Kroll at a time when GE knew that Seaport no

longer owned the GE Rejection Damages Claim that Invictus put the GE Rejection Damages

Claim back to GE and that Invictus demanded repayment of the Purchase Price. *See id.* ¶ 33.

Finally, it contends that it timely objected to the transfer. *See id.* ¶ 10. The Court finds no merit

in those contentions.

The March 2022 GE Notice of Transfer of Claim does not reflect a "new" or independent

transfer. Kroll issued the March 2022 GE Notice of Transfer of Claim pursuant to and in

connection with the Seaport Evidence of Transfer, and a copy of that document is annexed to the

March 2022 Notice. Kroll was not required to consult with Invictus or Seaport in issuing the

Notice of Transfer. Bankruptcy Rule 3001(e)(2) and the U.S. Bankruptcy Court's Form 2100A/B

Instructions (the "Form 2100 Instructions"),[34] direct that upon the filing of the notice of transfer

by the transferee, the clerk (here, Kroll as the Claims and Noticing Agent) must give notice of

the alleged transfer to the seller/transferor. In that way, the clerk is not acting at the behest of any

party. Rather it acts in response to the filed notice of transfer. Moreover, the filing of the March

2022 GE Notice of Transfer of Claim is not the product of ex parte communications among Kroll

and GE. Under the rule, the clerk is not required to provide notice to any party beyond the

transferor and transferee (here, GE and Seaport). And the clerk does not file the Form 2100B

notice with the Bankruptcy Court.[35] Finally, Invictus did not file an objection to the March 2022

---

[34]    *See* Form 2100A/B Instructions, *Transfer of Claim Other than For Security and Notice* (Feb. 2020), https://www.uscourts.gov/sites/default/files/form_b2100ab_instructions.pdf (last visited September 8, 2022).

[35]    The Form 2100A/B Instructions provide:

> The transferee completes Form 2100A and signs it under penalty of perjury. The court's CM/ECF computer system will assemble the information needed to prepare the Form 2100B notice from the docket entry for Form 2100A and information in the case records in the clerk's office. The notice will be mailed by the Bankruptcy Noticing Center to the alleged transferor or, if the alleged transferor has agreed to receive notices electronically, it will be transmitted electronically.

> *Id.*

GE Notice of Transfer of Claim with this Court as the Official Form 2100B and Bankruptcy Rule 3001(e) provides. Rather it sent emails to Kroll dated March 30, 2022, in which it informed Kroll that the GE Rejection Damages Claim was put back to GE in accordance with the GE-Seaport Assignment Agreement and the Seaport-Invictus Assignment Agreement and that the March 2022 Notices of Transfer of Claim were not authorized or known to Invictus. *See* Invictus Response ¶ 32. Moreover, and in any event, under the plain language of the statute, only the transferor has standing to object to the transfer of a filed proof of claim under Bankruptcy Rule 3001(e)(2). Third parties, like Invictus, do not have standing to object to a claim assignment itself. *See In re Lynn*, 285 B.R. at 861-63; *In re Enron*, No. 01-16034 (AJG), 2005 WL 3873890, at *9 n.13 (Bankr. S.D.N.Y. June 16, 2005).

## Conclusion

Based on the foregoing, the Court GRANTS the Motion. The Court directs Kroll, as the Claims and Noticing Agent in the Chapter 11 Cases, to recognize and record the transfer of the allowed GE Rejection Damages Claim from GE to Seaport evidenced by the Seaport Evidence of Transfer filed by Seaport on June 30, 2021, and substitute Seaport for GE as the holder of the GE Rejection Damages Claim on the claims register of the Chapter 11 Cases.

IT IS SO ORDERED.

Dated:  New York, New York
          September 13, 2022

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge