**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No.: 20-11254 (JLG) |
| Reorganized Debtors.[1] | Jointly Administered |
| | **Related Docket No. 7092** |

**STIPULATION AND ORDER BY AND AMONG THE**
**REORGANIZED DEBTORS AND BANCO DEL ESTADO DE CHILE**

This stipulation and order (the "Stipulation and Order") is entered into on the date hereof, by and among LATAM Airlines Group S.A. ("LATAM Parent") and certain of its affiliates (collectively, the "Reorganized Debtors"), and Banco del Estado de Chile ("BancoEstado" or the "Claimant," and together with the Reorganized Debtors, the "Parties") with respect to a proof of claim filed by BancoEstado, by and through their respective undersigned counsel.

---

[1] The "Reorganized Debtors" in these Chapter 11 Cases, along with each Reorganized Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); LATAM Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348); and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Reorganized Debtors is: 6500 NW 22nd Street Miami, FL 33122.

**Recitals**

A.  On May 26, 2020, LATAM Parent and certain of its affiliates each filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On July 7 and 9, 2020, additional LATAM Parent affiliates filed voluntary petitions under chapter 11 of the Bankruptcy Code. The bankruptcy proceedings commenced by the Reorganized Debtors are being jointly administered under Case No. 20-11254 (the "Chapter 11 Cases").

B.  On September 24, 2020, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 1106), which established December 18, 2020 as the general date by which most creditors must submit their proofs of claim.

C.  On November 27, 2020, BancoEstado filed proof of claim bearing number 1564 ("Claim 1564" or the "Claim") in the Chapter 11 Cases against LATAM Parent.

D.  On May 11, 2022 and May 16, 2022, the Reorganized Debtors filed an amendment and joinders (ECF Nos. 5370, 5402) to the Restructuring Support Agreement (as defined in and attached in draft form as Exhibit E to the *Disclosure Statement with Respect to the Joint Plan of Reorganization of LATAM Airlines Group S.A., et al., Under Chapter 11 of the Bankruptcy Code* (ECF No. 3667)) memorializing an agreement between the Parties in which the Reorganized Debtors agreed to, among other things, satisfy certain expenses incurred by Claimant arising out of or relating to the Chapter 11 Cases (the "Settlement Agreement").

E.  Subsequent to the filing of the Claim and execution of the Settlement Agreement, the Parties have engaged in good faith discussions concerning the liability of the Reorganized

Debtors for the Claim. To fully resolves the issues discussed concerning Claim 1564 and to avoid unnecessary motion practice, the Parties have agreed to enter into and now joint submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1. The above recitals are incorporated herein in their entirety.

2. BancoEstado shall have an allowed general unsecured prepetition claim (the "Allowed Claim") against LATAM Parent in the amount set forth in Table 1 below:

**Table 1 – Allowed Claim**

| Claimant Name | Claim Number | Debtor | Allowed Amount (USD) |
|---|---|---|---|
| Banco del Estado de Chile | 1564 | LATAM Airlines Group S.A. | $15,506 |

3. The Allowed Claim shall not be subject to adjustment, reconsideration, reduction, set-off, adverse claim, objection or dispute, for all purposes of the Chapter 11 Cases and any subsequent chapter 7 case(s).

4. This Stipulation and Order shall be binding upon and inure to the benefit of the Reorganized Debtors, their estates and the Claimant, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be. This Stipulation and Order shall be binding on any official committee, trustee or examiner appointed in the Reorganized Debtors' Chapter 11 Cases and on all other creditors and parties in interest in the Reorganized Debtors' Chapter 11 Cases. This Stipulation and Order shall remain binding on the Reorganized Debtors' estates and any chapter 7 trustee in the event that the Reorganized Debtors' Chapter 11 Cases are converted to chapter 7 cases. Upon the approval of this Stipulation and Order by the Court, the Allowed Claim shall not be subject to any challenge, objection, reduction, counterclaim

or offset for any reason.

5. Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order unless such claim or right is specifically addressed in this Stipulation and Order.

6. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

7. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by all Parties or their duly appointed agents.

8. Each of the undersigned counsel represent that he or she is authorized to execute this Stipulation and Order on behalf of his or her respective client.

9. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, and that they have full knowledge of and have consented to this Stipulation and Order.

10. Except as otherwise expressly agreed herein, the Parties reserve all their respective rights and defenses with respect to any claims not resolved through this Stipulation and Order. The Parties expressly agree to abide by any existing agreements, as of the date hereof, with respect to any claims not resolved through this Stipulation and Order.

11. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

12. The Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

13. The Reorganized Debtors' claims agent, Kroll Restructuring Administration (f/k/a Prime Clerk LLC), and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order.

14. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained. This Stipulation and Order shall be effective immediately upon approval by the Court.

Dated: New York, New York
November 22, 2022

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: */s/ Luke A. Barefoot*
Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000

*Counsel to the Reorganized Debtors*

**PAUL HASTINGS LLP**

By: */s/ Pedro A. Jimenez*
Pedro A. Jimenez
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000

*Counsel to Banco del Estado de Chile*

SO ORDERED THIS 5th DAY OF December, 2022

/s/ *James L. Garrity, Jr.*

HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE