**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LATAM Airlines Group S.A., *et al*., | Case No.: 20-11254 (JLG) |
| Debtors.[1] | Jointly Administered |
| | **Related Docket No. 7083** |

**ORDER (I) CONSOLIDATING THE ADMINISTRATION OF REMAINING MATTERS AT THE LEAD CASE; (II) ENTERING A FINAL DECREE CLOSING THE AFFILIATE CASES; AND (III) GRANTING RELATED RELIEF**

Upon the Motion[2] of LATAM Airlines Group S.A., and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors", or as reorganized pursuant to the Plan, the "Reorganized Debtors"), for entry of an order (this "Order") pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of

[1] The Reorganized Debtors in these Chapter 11 Cases, along with each Reorganized Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486) ; Professional Airline Maintenance Services LLC (37-1910216) ; Connecta Corporation (20-5157324) ; Peuco Finance Ltd. (N/A) ; LATAM Airlines Perú S.A. (52-2195500) ; Inversiones Aéreas S.A. (N/A) ; Holdco Colombia II SpA (76-9310053) ; Holdco Colombia I SpA (76-9336885) ; Holdco Ecuador S.A. (76-3884082) ; Lan Cargo Inversiones S.A. (96-9696908) ; Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348); and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Reorganized Debtors is: 6500 NW 22nd Street Miami, FL 33122.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") (i) consolidating the administration of (a) the Disputed Claims, (b) the Fee Applications, and (c) certain other miscellaneous administrative tasks that may arise from time to time in respect of the Chapter 11 Cases (together with the Disputed Claims and Fee Applications, the "Remaining Matters"), at the lead debtor of LATAM Parent (the "Lead Debtor") and under the lead case of *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (JLG) (the "Lead Case,"), (ii) entering a final decree closing the Affiliate Cases, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the *Declaration of Ramiro Alfonsín Balza in Support of First Day Motions and Applications in Compliance With Local Rule 1007-2* (ECF No. 3) and the *Second Declaration of Ramiro Alfonsín Balza in Support of the Subsequent Chapter 11 Cases* (ECF No. 483); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all

objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is GRANTED to the extent set forth herein.

1. The Remaining Matters, including the Disputed Claims, shall be consolidated and transferred to the Lead Case for the limited purpose of administration and resolution by the Reorganized Debtors in accordance with the Plan;

2. All bar dates and other deadlines applicable in the Chapter 11 Cases to the Remaining Matters shall continue to apply to the Remaining Matters as if the Remaining Matters had not been consolidated at the Lead Debtor or in the Lead Case and are unaffected by this Order;

3. Pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the Chapter 11 Cases listed on Schedule 1 attached hereto (the "Affiliate Cases") are hereby closed effective as of the date of entry of this Order;

4. The Court retains jurisdiction as provided in the Plan, and the entry of the final decrees as provided herein is without prejudice to the rights of any party in interest to seek to reopen the Affiliate Cases for cause shown;

5. Upon entry of this Order, the Lead Case shall be the only Chapter 11 Case open for any remaining administration, distribution and claims reconciliation purposes, and the other Remaining Matters, under the Plan;

6. To the extent not already paid, the fees required to be paid to the United States Trustee pursuant to 28 U.S.C. § 1930(a) with respect to the Affiliate Cases shall be paid by the Reorganized Debtors as soon as reasonably practicable after the date of entry of this Order;

7. The Reorganized Debtors shall reserve sufficient funds to pay the Office of the United States Trustee the amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid within twenty (20) days after the entry of this Order. The Reorganized Debtor will file the remaining post confirmation reports for all the cases to be closed and within ten (10) days after the entry of the Order, the Reorganized Debtors will provide the United States Trustee with an affidavit indicating the cash disbursements for the fourth quarter of 2022.

8. The Clerk shall enter this Order individually on each of the dockets of the Affiliate Cases and thereafter such dockets shall be marked as "Closed";

9. The terms and conditions of this Order will be immediately effective and enforceable upon its entry;

10. The Reorganized Debtors are authorized to take all actions necessary to carry out the relief granted in this Order in accordance with the Motion; and

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 14, 2022
New York, New York

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE