| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | NOT FOR PUBLICATION |
| ------------------------------------------------------------x | |
| In re: : | Chapter 11 |
| : | |
| LATAM Airlines Group S.A., *et al.*, : | Case No. 20-11254 (JLG) |
| : | |
| Reorganized Debtors.[1] : | (Jointly Administered) |
| ------------------------------------------------------------x | |

# MEMORANDUM DECISION AND ORDER SUSTAINING THE REORGANIZED DEBTOR'S HUNDREDTH OMNIBUS OBJECTION AND DISALLOWING AND EXPUNGING CLAIM 6566

**A P P E A R A N C E S:**[2]

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Counsel to the Reorganized Debtor*
One Liberty Plaza
New York, New York 10006

By:  Richard J. Cooper, Esq.
     Lisa M. Schweitzer, Esq.
     Luke A. Barefoot, Esq.
     Thomas S. Kessler, Esq.

---

[1] The "Reorganized Debtors" in these Chapter 11 Cases, along with each Reorganized Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); LATAM Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348); and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Reorganized Debtors is: 6500 NW 22nd Street Miami, FL 33122. On December 14, 2022, the Court entered the Order (I) Consolidating the Administration of Remaining Matters at the Lead Case; (II) Entering a Final Decree Closing the Affiliate Cases; and (III) Granting Related Relief (ECF No. 7162), consolidating the remaining claims resolution and other matters of the Reorganized Debtors into the instant case of LATAM Airlines Group S.A. ("LATAM Parent") and closing the cases of all other Reorganized Debtors. Where applicable, the Reorganized Debtors' predecessors-in-interest are referred to as the "Debtors," and each a "Debtor."

[2] Mr. Orozco is acting pro se herein and, in that capacity, filed a Response to the Objection to his claim. As explained below, the Court held a telephonic sufficiency hearing on the Objection, which Mr. Orozco did not attend.

TOGUT, SEGAL & SEGAL LLP
*Co-Counsel to the Reorganized Debtor*
One Penn Plaza, Suite 3335
New York, New York 10119

By:  Albert Togut, Esq.
     Kyle J. Ortiz, Esq.
     Amy M. Oden, Esq.

Mr. Jose Manuel Orozco, Jr.
*Appearing Pro Se*
California Rehabilitation Center
CDCR No. BU0585
Facility D, Dorm # 401, Bed #31L
P.O. Box 3535
Norco, CA 92860-0999

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[3]

Mr. Jose Manuel Orozco, Jr., filed Proof of Clam No. 6566 ("Claim 6566") in these Chapter 11 Cases. In it, he seeks to recover approximately 50,000 frequent flier miles in either flights or monetary value. The matter before the Court is the Reorganized Debtor's objection to Claim 6566 (the "Objection").[4] The Reorganized Debtor contends that it has performed thorough searches of its records, and it has determined that Mr. Orozco does not have a frequent flier account with LATAM (though he appears to have one with another airline, Aeroméxico). Because of this, the Reorganized Debtor objects to Mr. Orozco's claim on the ground that there is no liability. Additionally, because Mr. Orozco filed the claim approximately two years after the applicable bar

---

[3]  Capitalized terms not defined herein have the meanings ascribed to them in the *Joint Plan of Reorganization of LATAM Airlines Group, S.A. et al Under Chapter 11 of the Bankruptcy Code*, ECF No. 5753 (the "Plan"). References to "ECF No.__" are to documents filed on the electronic docket in the main chapter 11 case, No. 20-11254.

[4]  *Reorganized Debtor's Hundredth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied, Duplicate, No Liability and Late Filed)*, ECF No. 7364.

2

date, the Reorganized Debtor asserts its objection on the additional ground that the claim was late filed. Mr. Orozco filed a response to the Objection (the "Response").[5] The Reorganized Debtor filed a reply in support of the Objection (the "Reply").[6] On May 11, 2023, the Court conducted a telephonic hearing on the Objection. Mr. Orozco is currently incarcerated and did not participate at the hearing.[7]

The Reorganized Debtor's books and records do not reflect a frequent flier account in Mr. Orozco's name. For the reasons stated herein, the Court sustains the Objection and expunges and disallows Claim 6566. In so ruling, the Court notes that pursuant to the Customer Programs Order, as reflected in Section 8.7 of the confirmed Plan, the expungement of Claim 6566 does not affect the status of any frequent flier mileage that Mr. Orozco has with LATAM.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and under the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

On May 26, 2020 (the "Initial Petition Date"), certain of the Debtors (the "Initial Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Initial Chapter 11 Cases"). On July 7 and 9, 2020 (as applicable to each Subsequent Debtor, the "Subsequent Petition Date"

---

[5]  *Response*, ECF No. 7434.

[6]  *Reorganized Debtor's Reply in Support of the Hundredth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied, Duplicate, No Liability and Late Filed) with Respect to Claim Number 6566*, ECF No. 7462.

[7]  *See* Response at 2. Notably, Mr. Orozco did not make any formal request to attend the hearing. *Id.* Rather, he advised the Court that he would not attend the hearing. *Id.*

3

and, together with the Initial Petition Date, as applicable to each Debtor, the "Petition Date"), additional LATAM affiliates (the "Subsequent Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Subsequent Chapter 11 Cases" and together with the Initial Chapter 11 Cases, the "Chapter 11 Cases"). The Debtors were authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. On June 30, 2020, the Court entered an order authorizing the Debtors to continue certain prepetition customer programs, including their frequent flier miles programs (the "Customer Programs Order").[8] On September 24, 2020, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief*, ECF No. 1106 (the "Bar Date Order"). Pursuant to the Bar Date Order, the Court set December 18, 2020, at 4:00 p.m., Eastern Time (the "General Bar Date") as the deadline for each person or entity, not including governmental units as defined in section 101(27) of the Bankruptcy Code, to file its proofs of claim in the Chapter 11 Cases. On December 17, 2020, the Court entered an order establishing a supplemental bar date of February 5, 2021 (the "Supplemental Bar Date"),[9] for certain specific, potential foreign claimants not otherwise subject to the General Bar Date.

On June 18, 2022, the Court entered the *Order (I) Confirming Debtors' Joint Plan of Reorganization of LATAM Airlines Group S.A. et. al. Under Chapter 11 of the Bankruptcy Code and (II) Granting Related Relief*, as modified, ECF No. 5900. As relevant, Section 8.7 of the Plan

---

[8] *Final Order (I) Authorizing the Debtors to Honor Prepetition Obligations Associated with, and to Continue, Customer Programs in the Ordinary Course of Business and (II) Granting Related Relief*, ECF No. 415.

[9] *Order Establishing Supplemental Bar Date for Filing Proofs of Claim Applicable Only to Those Claimants Listed on Exhibit I*, ECF No. 1503.

4

provides that the Reorganized Debtor will be deemed to have assumed all "frequent flyer program agreements . . . pursuant to sections 365 and 1123 of the Bankruptcy Code." Plan § 8.7.

On November 3, 2022, the Reorganized Debtor filed the *Notice of (I) Occurrence of Effective Date and (II) Final Deadlines for Filing Certain Claims*, ECF No. 7008, confirming that all conditions precedent to the Effective Date set forth in Section 10.2 of the Plan have been satisfied or waived pursuant to Section 10.3 of the Plan, such that the Plan was substantially consummated, and the Effective Date occurred on November 3, 2022.

On December 14, 2022, the Court entered the *Order (I) Consolidating the Administration of Remaining Matters at the Lead Case; (II) Entering a Final Decree Closing the Affiliate Cases; and (III) Granting Related Relief*, ECF No. 7162, consolidating the remaining claims resolution and other matters of the Reorganized Debtors into the instant case of the Reorganized Debtor, LATAM Parent, and closing the cases of all other Reorganized Debtors.

**Claim 6566**

Claim 6566 is dated November 21, 2022, and it was received by the claims agent on December 1, 2022.[10] In support of the claim, Mr. Orozco states that he has accumulated approximately 50,000 frequent flier miles, and that the Reorganized Debtor owes him the equivalent of those accumulated miles in either "flights or monetary value." Claim 6566 at 1. Mr. Orozco states that, over an unspecified "period of approx. 11 months," he "flew with LATAM and LAN every month from Mexico City to Lima and from Lima to Arequipa." *Id.* He did so in connection with his former employment at a copper mine in Arequipa, Peru, and his tickets were all purchased by his then-employer. *Id.* The envelope accompanying Mr. Orozco's proof of claim

---

[10] The proof of claim is dated November 21, 2022, and the attached envelope bears a postmark dated November 23, 2022.

5

reflects that he sent it while incarcerated in a California state prison. Both the proof of claim and the return address on the envelope identify the claimant as "Jose Manuel Orozco Jr."

**Objection**

On March 1, 2023, the Reorganized Debtor filed the Objection. In it, the Reorganized Debtor objects to Claim 6566 on two grounds: that the Reorganized Debtor is not liable for the claim, and that the claim was late filed. Objection ¶¶ 30–39. As to liability, the Reorganized Debtor reviewed its records and determined that "although Claim 6566 asserts liability based on purported frequent flier miles owed, the Reorganized Debtor has found no evidence in its Books and Records of such frequent flier miles or that the passenger even flew on the flights alleged." *Id.* ¶ 31. Accordingly, the Reorganized Debtor asserts that it is not liable for Claim 6566. *Id.*

As to timeliness, the Court fixed the General Bar Date and Supplemental Bar Date in these Chapter 11 Cases as December 18, 2020, and February 15, 2021, respectively. The Reorganized Debtor asserts that Mr. Orozco filed Claim 6566 "after the General Bar Date or the Supplemental Bar Date, as applicable," and so it should also be disallowed as late filed. *Id.* ¶ 33.

Mr. Christán Carrizo is the Frequent Flyer Program Director at LATAM Parent. The Reorganized Debtor submitted his declaration (the "Carrizo Declaration") in support of the Objection.[11] He avers that the Reorganized Debtor reviewed Mr. Orozco's letter and looked for a frequent flier program associated with his name, but it did not find an account in his name. Carrizo Declaration ¶ 4. As relevant, Mr. Carrizo states that the Reorganized Debtor:

> identified certain accounts corresponding to names that were similar to, but did not match, Mr. Orozco's name; however, these accounts did not have any frequent flyer miles and/or the associated flight records were not consistent with the flights Mr. Orozco's letter indicates he may have flown. Similarly, we reviewed flight records

---

[11] *Declaration of Cristián Carrizo in Support of Reorganized Debtor's Hundredth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied, Duplicate, No Liability and Late Filed*, ECF No. 7364, Ex. C.

6

for the flights Mr. Orozco's letter indicates he may have flown and found no passenger matching Mr. Orozco's name that earned frequent flyer miles.

*Id.*

**Response**

In his response, Mr. Orozco asserts that the Reorganized Debtor searched for his frequent flier miles under the name "Jose Manuel Orozco Jr.," when the relevant account was actually under the name "Jose Manuel Orozco Valencia." Response at 1. He says that "Mr. Cristian Carrizo[,] Frequent Flyer Director at LATAM Airlines[,] admits in [ECF No.] 7364-4 Exhibit C [page 4] that he identified certain accounts corresponding to names that are similar but did not have frequent flyer miles." *Id.* He says for the first time that his frequent flier account is under the name "Jose Manuel Orozco Valencia." *Id.* Mr. Orozco also represents that he has limited "file access and internet access," presumably due to his incarceration, and he represents that his ex-girlfriend, whom he identified, accompanied him on certain flights in January 2020, and so "she should have documents to prove [Orozco's] claims." *Id.* Mr. Orozco includes contact information for his ex-girlfriend. *Id.* Finally, Mr. Orozco states that he "can not attend hearing due to my incarceration." *Id.* at 2.[12]

**Reply**

After receipt of the Response, the Reorganized Debtor (i) conducted another search of its frequent flier records for an account under "Jose Manuel Orozco Valencia," and (ii) contacted Mr. Orozco in an effort to resolve the Objection. In a supplemental declaration from Mr. Carrizo (the

---

[12] In April 2022, Mr. Orozco objected to the Plan. *Plan Objection*, ECF No. 5103. That objection is written on stationery from the San Diego County Sherriff's Department, and it reflects that Mr. Orozco was incarcerated at the San Diego County Jail as of April 2022.

7

"Supp. Carrizo Declaration")[13] that the Reorganized Debtor submitted with the Reply, Mr. Carrizo explains that the Reorganized Debtor reviewed Mr. Orozco's Response, including the assertions that:

> (i) he booked flights using the name "Jose Manuel Orozco Valencia," that (ii) he booked flights with AeroMexico from Tijuana, Mexico to Mexico City, Mexico and from Mexico City to Lima, Peru, that he flew with LATAM or an affiliate from Lima to Arequipa, Peru, and (iii) that an individual [with the name of Orozco's ex-girlfriend] flew with him in January 2020.

Supp. Carrizo Declaration ¶ 5. Based on this information, the Reorganized Debtor identified a person named "Jose Orozco," who flew from Arequipa to Lima on February 17, 2020, and who made a reservation with a person with the name of his ex-girlfriend, who in turn was also a passenger on that flight. *Id.* ¶ 6. The "Jose Orozco" and "ex-girlfriend" passengers both used a frequent flier program belonging to Aeroméxico, not LATAM. *Id.* ¶ 6.

Mr. Drew Kramer is counsel to the Reorganized Debtor. In the Reply, the Reorganized Debtor also supplied the declaration of Mr. Kramer, which attaches correspondence that reflects that the Reorganized Debtor has communicated the results of its renewed search to Mr. Orozco.[14] First, Mr. Kramer attaches a letter dated April 4, 2023, from the Reorganized Debtor to Mr. Orozco, in which the Reorganized Debtor explained the results of its search, informed Mr. Orozco that he may have frequent flier miles with Aeroméxico, and advised Mr. Orozco that any frequent flier miles he may actually have with LATAM would be unaffected by the Objection because this Court's Customer Programs Order authorizes the Reorganized Debtor to continue its frequent flier

---

[13] *Supplemental Declaration of Cristián Carrizo in Support of Reorganized Debtor's Hundredth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied, Duplicate, No Liability and Late Filed)*, ECF No. 7462, Ex. A.

[14] *Declaration of Drew Kramer in Support of the Reorganized Debtor's Reply in Support of the Hundredth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied, Duplicate, No Liability and Late Filed) with Respect to Claim Number 6566*, ECF No. 7462, Ex. B ("Kramer Declaration").

program. Kramer Declaration, Ex. 1. As a result, the Reorganized Debtor asked Mr. Orozco to withdraw his claim. *Id.* at 2. Next, the Reorganized Debtor submits a letter Mr. Orozco sent in response, in which Mr. Orozco declined to withdraw his claim on the basis that the Reorganized Debtor failed to acknowledge that it owed Mr. Orozco 50,000 frequent flier miles.[15] Kramer Declaration, Ex. 2. Finally, the Reorganized Debtor includes a letter it sent to Mr. Orozco on April 20, 2023, in which it reiterated that withdrawing a claim "**based on any frequent flier miles will not affect the status of any miles you may have with LATAM**, as those programs were preserved and continued notwithstanding the bankruptcy proceedings." Kramer Declaration, Ex. 3.

In the Reply, the Reorganized Debtor reiterates its arguments that it is not liable for Claim 6566 and that, in any event, Claim 6566 was late filed. Reply ¶¶ 10–17. Consistent with the representations it made to Mr. Orozco, the Reorganized Debtor states that the Customer Programs Order "preserves any frequent flyer miles Mr. Orozco may have with LATAM in the same manner and on the same basis as before the commencement of these proceedings and § 8.7 of the Plan, pursuant to which the Debtors assumed all frequent flyer program agreements." *Id.* ¶ 12.

Additionally, the Reorganized Debtor expands on its argument that Claim 6566 was late filed, explaining that Mr. Orozco was an unknown creditor who received constructive notice. *Id.* ¶¶ 14–15. The Reorganized Debtor concedes that Mr. Orozco did not receive actual notice of the bar date,[16] and it explains that this was because Mr. Orozco was an unknown creditor. *Id.* ¶ 14 (citing *In re Chemtura Corp.*, No. 09-11233, 2016 WL 11651714, at *12 (Bankr. S.D.N.Y.

---

[15] In this letter, Mr. Orozco states that he has had a change of address. The new address is still within the California state prison system, reflecting that Mr. Orozco remains incarcerated.

[16] The Reorganized Debtor does not mention the April 2022 objection to confirmation of the Plan.

Nov. 23, 2016) (observing that a known creditor "is either known or reasonably ascertainable by the debtor")). There was "no question" that Mr. Orozco was not reasonably ascertainable because "the extremely thorough search undertaken in response to his Claim and his Objection indicated that he does not appear in the Reorganized Debtor's books and records." *Id.* Accordingly, as an unknown creditor, Mr. Orozco "received constructive notice of the Bar Date." *Id.* ¶ 15 (citing *In re BGI, Inc.*, 476 B.R. 812, 823 (Bankr. S.D.N.Y. 2012); *In re XO Commc'ns, Inc.*, 301 B.R. 782, 792 (Bankr. S.D.N.Y. 2003)). The Reorganized Debtor specifies that Mr. Orozco received constructive notice of the applicable bar date through its publication of notice in thirteen publications, noting that it also "used commercially reasonable efforts to place electronic banner advertisements on the websites of the forgoing publications," and it further published notice on its official website and various social media outlets. *Id.*

## Legal Standard

Under section 502(a) of the Bankruptcy Code, "a claim . . . proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of a claim." Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See, e.g.*, *Rozier v. Rescap Borrower Claims Tr. (In re Residential Cap., LLC)*, 15-cv-3248, 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 11-cv-8444, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012). Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11 U.S.C. § 502(b); *see also Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 449 (2007).

Federal pleading standards, such as Federal Rule of Civil Procedure 12(b)(6), apply when assessing the validity of a proof of claim. *See, e.g.*, *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure."). For a claim to survive an objection, the claimant must allege "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim that pleads only facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir.2008); *In re Residential Cap., LLC*, 518 B.R. 720, 731–32 (Bankr. S.D.N.Y. 2014).

Section 502(b)(9) of the Bankruptcy Code dictates that a claim may not be allowed if "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). A bar date allows "the parties in interest to ascertain with reasonable promptness the identity of those making claims against the estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *In re AMR Corp.*, 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013) (quoting *In re Best Prods. Co., Inc.*, 140 B.R. 353, 357 (Bankr. S.D.N.Y. 1992)). Under Rule 9006(b)(1) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), when the Bankruptcy Rules require an act to be performed or when a court order requires that notice be provided at or within a specified period,

> the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). "A person who wishes to obtain relief on grounds of excusable neglect ought to act promptly in seeking that relief." *In re Manhattan Jeep Chrysler Dodge, Inc.*, 599 B.R. 247, 255 (Bankr. S.D.N.Y. 2019).

### Discussion

The Reorganized Debtor has advanced evidence, in the form of the Carrizo Declaration, that Mr. Orozco did not have an account that contained frequent flier miles. Accordingly, the Reorganized Debtor has rebutted the presumption that Mr. Orozco's claim is valid, and it has shifted the burden to Mr. Orozco to demonstrate the validity of his claim by a preponderance of the evidence. *See In re Residential Cap., LLC*, 2016 WL 796860, at *9. Mr. Orozco has provided no evidence in support of his claim. Instead, in his Response he only alleges, for the first time, that the account is under a different version of his name. This is insufficient to meet his evidentiary burden. *See id.* In any event, the allegation that frequent flier miles are associated with an account under a similar version of Mr. Orozco's name is consistent with the Carrizo Declaration, in which Mr. Carrizo states that he searched the Reorganized Debtor's records and located frequent flier accounts under similar names, but none of them had any frequent flier miles associated with those accounts. Mr. Orozco's assertion that the Reorganized Debtor's search of its records was defective because it was executed under a different version of his name ignores this fact and is speculative at best. *See Spool*, 520 F.3d at 183. Moreover, even if Mr. Orozco were correct in his assertion

Pg 13 of 15

that he possesses a frequent flier account with LATAM, under section 8.7 of the Plan, as well as the Customer Programs Order, he would still be entitled to use of those miles. Thus, there is no prejudice to Mr. Orozco in sustaining the Objection. Accordingly, the Court determines that, based on the Carrizo Declaration and the Objection, sufficient grounds exist to sustain the objection insofar as Claim 6566 gives rise to no liability on behalf of the Reorganized Debtor.

As an additional basis for its Objection, the Reorganized Debtor asserts that the Claim was late filed. The proof of claim is dated November 21, 2022.[17] Accordingly, the proof of claim was filed nearly two years after the December 2020 General Bar Date. On the face of his Response, Mr. Orozco does not assert that he should have been permitted to file a late proof of claim under Bankruptcy Rule 9006(b)(1) for excusable neglect. To the extent that, liberally construed, Mr. Orozco's filings suggest an argument that he should be permitted to file a late proof of claim because of his incarceration, such an argument would be unavailing. As the Reorganized Debtor observed, because Mr. Orozco's identity was not readily ascertainable because it was not contained in the Reorganized Debtor's books and records, he was an unknown creditor who had constructive

---

[17] While not dispositive, it is worth noting that there is a question as to whether the proof of claim was filed when it was received by the claims agent on December 1, 2022, or when it was mailed on November 21, 2022. The prison mailbox rule generally provides that an incarcerated litigant who files a notice of appeal is deemed to have filed it on the day it was deposited into the carceral facility's mail system. *See generally Houston v. Lack*, 487 U.S. 266, 270 (1988). Bankruptcy Rule 8002(c) specifically provides that the prison mailbox rule applies to notices of appeals from the judgments, orders, and decrees of a bankruptcy court. The Second Circuit has not ruled on whether the benefit of the prison mailbox rule extends to an incarcerated person who submits filings other than a notice of appeal in a bankruptcy case, e.g., a proof of claim. However, the prison mailbox rule has been extended to a wide array of circumstances. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (collecting cases on the increased scope of the prison mailbox rule in this Circuit). This includes circumstances arising in the civil context, such as administrative filings. *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam). Moreover, several courts have applied the prison mailbox rule to bankruptcy-court filings other than notices of appeal. *See, e.g., Phillips v. Tow (In re Phillips)*, No. H.-15-2706, 2016 WL 3269713, at *4 (S.D. Tex. June 15, 2016) ("[A] pro se prisoner's written objection to a bankruptcy court order must be deemed filed and served at the moment it is forwarded to prison officials for delivery to the district court."); *In re Looper*, 334 B.R. 596, 600–01 (Bankr. E.D. Tenn. 2005) (applying the prison mailbox rule to the filing of an incarcerated debtor's voluntary petition for bankruptcy); *Cole v. Strauss*, No. 16-cv-4143, 2017 WL 26906, at *6–7 (W.D. Mo. Jan. 3, 2017) (applying the rule to motions under Bankruptcy Rule 9023). Accordingly, the Court refers to November 21, 2022, the earlier of the two dates. In any event, the proof of claim should be deemed untimely using either date.

notice of the applicable General Bar Date by reason of the extensive publication of notice in this case. *See In re XO Commc'ns, Inc.*, 301 B.R. at 792 ("Constructive notice can be satisfied through publication notice since 'in the case of persons missing or unknown, employment of an indirect and even probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.'" (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950))). Even more compellingly, Mr. Orozco's April 2022 objection to the plan confirmation reflects that he was actually aware of this bankruptcy seven months before he submitted his proof of claim and that he was able to contact this Court notwithstanding his incarceration. *See In re Avaya Inc.*, No. 17-10089, 2018 WL 4381524, at *6 (Bankr. S.D.N.Y. Sept. 11, 2018) (requiring a trial to determine whether a claimant who filed her claim late had actual knowledge of the bar date, inter alia, since such actual knowledge would make a finding of excusable neglect less likely); *In re Dazic Controls Corp.*, 178 B.R. 328, 332 (Bankr. D. Conn. 1995) (holding that, where two officers and sole stockholders of a debtor caused the debtor to file chapter 11 bankruptcy, those officers were charged with knowledge of the debtor's bar date) (citing *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428 (9th Cir. 1990) (charging a creditor with knowledge of the bar date where that creditor had actual knowledge of the bankruptcy proceedings, despite never having received actual notice of the bar date)). Thus, there is no apparent justification as to why Mr. Orozco could not have filed the proof of claim in April 2022, if not sooner. *In re Manhattan Jeep Chrysler Dodge, Inc.*, 599 B.R. at 255. Accordingly, the Court disallows Claim 6566 for the additional reason that it was not timely filed.

**Conclusion**

For the foregoing reasons, the Court sustains the Objection and disallows and expunges Claim 6566.

IT IS SO ORDERED.

Dated: New York, New York
       May 12, 2023

                                        /s/ *James L. Garrity, Jr.*
                                        Hon. James L. Garrity, Jr.
                                        U.S. Bankruptcy Judge