Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LATAM Airlines Group S.A., *et al*., | Case No.: 20-11254 (JLG) |
| Reorganized Debtors.[1] | (Confirmed) |
| | **Related Docket No. 7478** |

[1] The "Reorganized Debtors" in these Chapter 11 Cases, along with each Reorganized Debtor's tax identification number (as applicable), are: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM-Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services LLC (30-1133972); Maintenance Service Experts LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services, Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); LATAM Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014); Piquero Leasing Limited (N/A); TAM S.A. (N/A); TAM Linhas Aéreas S.A. (65-0773334); ABSA Aerolinhas Brasileiras S.A. (98-0177579); Prismah Fidelidade Ltda. (N/A); Fidelidade Viagens e Turismo S.A. (27-2563952); TP Franchising Ltda. (N/A); Holdco I S.A. (76-1530348); and Multiplus Corretora de Seguros Ltda. (N/A). For the purpose of these Chapter 11 Cases, the service address for the Reorganized Debtors is: 6500 NW 22nd Street Miami, FL 33122. On December 14, 2022, the Court entered the *Order (I) Consolidating the Administration of Remaining Matters at the Lead Case; (II) Entering a Final Decree Closing the Affiliate Cases; and (III) Granting Related Relief* (ECF No. 7162), consolidating the remaining claims resolution and other matters of the Reorganized Debtors into the instant case of LATAM Airlines Group S.A. (the "Reorganized Debtor") and closing the cases of all other Reorganized Debtors. Where applicable, the Reorganized Debtors' predecessors-in-interest are referred to as "Debtors," and each a "Debtor."

# CLOSING REPORT
# PURSUANT TO LOCAL BANKRUPTCY RULE 3022-1

To the best of my knowledge and belief, the following is a breakdown of the disbursements made in this case:[2]

FEES AND EXPENSES (from case inception):

**See Schedule 1 attached** FEE for ATTORNEY for DEBTOR

**See Schedule 1 attached** OTHER PROFESSIONAL FEES and ALL EXPENSES

---

**N/A** TRUSTEE FEE (if applicable)

**N/A** FEE for ATTORNEY for TRUSTEE (if applicable)

---

**N/A** % DIVIDEND PAID/TO BE PAID

☐ **N/A** FUTURE DIVIDENDS (check if % of future dividend under plan not yet able to be determined)

---

☒ **See Schedule 2 attached**. INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED

________________ OTHER: (explain)

---

[2] Pursuant to the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* [ECF No. 511], disbursements and other reporting obligations of the Reorganized Debtors will be reported on a consolidated basis in the Lead Case, *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (JLG), and are reported on such basis herein. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Joint Plan of Reorganization of LATAM Airlines Group, S.A. et al. Under Chapter 11 of the Bankruptcy Code* [ECF No. 5753] (the "Plan") or the *Motion of the Reorganized Debtor for Entry of an Order (I) Entering a Final Decree Closing the Lead Case and (II) Granting Related Relief* [ECF No. 7478].

Dated: June 7, 2023
New York, New York

*<u>/s/ Luke A. Barefoot</u>*

Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Reorganized Debtor*

## Schedule 1

### Professional Fees and Expenses

| Professional | Fees | Expenses | Total | Period Covered |
|---|---|---|---|---|
| **Debtor Counsel** | | | | |
| **Brigard & Urritia Abogados SAS (“Brigard”)**<br>Special Counsel to the Debtors | $1,085,902.96 | $274,116.23 | $1,360,019.19 | 5/26/2020 - 11/03/2022 |
| **Lee Brock Camargo Advogados**<br>Local Brazilian Lit. Counsel to the Debtors | $21,835,968.30 | $73,485.85 | $21,909,454.15 | 7/9/2022 - 11/03/2022 |
| **Demarest Advogados**<br>Special Brazilian Counsel to the Debtors | $890,826.48 | $16,597.80 | $907,424.28 | 7/9/2022 - 11/03/2022 |
| **Claro & Co. (“Claro”)**<br>Special Chilean Counsel to the Debtors | $8,888,376.81 | $311,311.15 | $9,199,687.96 | 5/26/2020 - 11/03/2022 |
| **Cleary Gottlieb Steen & Hamilton LLP (“Cleary”)**<br>Counsel to the Debtors | $91,893,194.90 | $2,063,116.88 | $93,956,311.78 | 5/26/2020 - 11/03/2022 |
| **Togut, Segal & Segal LLP**<br>Co-Counsel to the Debtors | $12,213,605.50 | $121,347.56 | $12,334,953.06 | 5/26/2020 - 11/03/2022 |
| **Norton Rose Fulbright LLP (US) (“NRF US”)**<br>Special Aviation Counsel to the Debtors | $3,434,201.90 | $138,400.89 | $3,572,602.79 | 7/15/2022 - 11/03/2022 |
| **Norton Rose Fulbright LLP (London) (“NRF London”)**<br>Special Aviation Counsel to the Debtors | $3,377,979.10 | $1,252.14 | $3,379,231.24 | 7/15/2022 - 11/03/2022 |

| Professional | Fees | Expenses | Total | Period Covered |
|---|---|---|---|---|
| **Debtor Professionals** | | | | |
| **Kroll Restructuring Administration LLC (“Kroll”)** As Administrative Advisor for the Debtors (fka Prime Clerk) | $1,016,030.80 | $1,162.73 | $1,017,193.53 | 5/26/2020 - 11/03/2022 |
| **FTI Consulting, Inc. (“FTI”)** Financial Advisors to the Debtors | $34,808,000.93 | $15,793.97 | $34,823,794.90 | 5/26/2020 - 11/03/2022 |
| **The Boston Consulting Group, Inc and the Boston Consulting Group UK LLP (“BCG”)** Strategic Advisor for the Debtors | $500,000.00 | $0.00 | $500,000.00 | 3/9/2022 - 11/03/2022 |
| **Deloitte Impuestos y Servicios Legales, S.C. (“Deloitte Mexico”)** Tax Consultants to the Debtors | $114,130.00 | $0.00 | $114,130.00 | 5/26/2020 - 11/03/2022 |
| **PricewatershouseCoopers Consultores Auditores SpA (“PwC Chile”)** As External Auditors to the Debtors | $3,636,874.77 | $580,003.06 | $4,216,877.83 | 5/26/2020 - 11/03/2022 |
| **Deloitte Tax LLP** Tax Service provider for the Debtors | $1,635,737.20 | $0.00 | $1,635,737.20 | 5/26/2020 - 11/03/2022 |
| **Gaveglio Aparico Y Asociados S. Civil De R. L. (“PwC Peru”)** Independent Auditors for the Debtors | $104,219.00 | $0.00 | $104,219.00 | 5/26/2020 - 11/03/2022 |
| **PwC Contadores y Auditores S.A.S. (“PwC Colombia”)** Independent Auditors for the Debtors | $133,105.80 | $43,175.58 | $176,281.38 | 8/6/2021 - 11/03/2022 |
| **Deloitte Adv. SpA (“Deloitte Chile”)** Tax Services Provider to the Debtors | $6,169,012.00 | $0.00 | $6,169,012.00 | 5/26/2020 - 11/03/2022 |
| **Deloitte & Touche S.R.L. (“Deloitte Peru”)** As Outsourcing Service Providers to the Debtors | $651,887.34 | $0.00 | $651,887.34 | 5/26/2020 - 11/03/2022 |
| **Pricewaterhousecoopers Auditores Independentes LTDA (“PwC Brazil”)** As External Auditors to the Debtors | $601,557.80 | $3,943.30 | $605,501.10 | 7/29/2021 - 11/03/2022 |
| **PJT Partners LP** Investment Banker to the Debtors | $24,816,129.04 | $225,063.76 | $25,041,192.80 | 5/26/2020 - 11/03/2022 |
| **Larrain Vial Servicios Profesionales Limitada Latin American** Investment Banker to the Debtors | $150,000.00 | $0.00 | $150,000.00 | 5/26/2020 - 11/03/2022 |
| **RPC Abogados** Tax Service Provider for the Debtors | $578,383.68 | $157.00 | $578,540.68 | 5/26/2020 - 11/03/2022 |
| **Deloitte Colombia** Tax Outsourcing Service Provider for the Debtors | $594,627.34 | $0.00 | $594,627.34 | 5/26/2020 - 11/03/2022 |
| **Deloitte Brazil** Tax Service Provider for the Debtors | $925,459.20 | $0.00 | $925,459.20 | 5/26/2020 - 04/30/2022 |
| **PWC Ecuador** Independent Auditors for the Debtors | $76,393.60 | $9,167.24 | $85,560.84 | 7/1/2021 - 5/31/2022 |

| Professional | Fees | Expenses | Total | Period Covered |
|---|---|---|---|---|
| **UCC Professionals** | | | | |
| **UBS Securities LLC** Investment Banker to the Official Committee of Unsecured Creditors | $14,659,663.83 | $21,890.02 | $14,681,553.85 | 6/09/2020 - 11/03/2022 |
| **Riveron RTS, LLC ("Riveron")** Financial Advisor to Official Committee of Unsecured Creditors | $7,830,289.55 | $49,959.16 | $7,880,248.71 | 5/26/2020 - 11/03/2022 |
| **Morales & Besa LTDA** Chilean Counsel to the Official Committee of Unsecured Creditors | $354,196.00 | $0.00 | $354,196.00 | 8/19/2020 - 11/03/2022 |
| **Ferro, Castro Neves, Daltro & Gomide Advogados ("FCDG")** Brazilian Counsel to the Official Committee of Unsecured Creditors | $363,670.00 | $0.00 | $363,670.00 | 8/04/2020 - 11/03/2022 |
| **Dechert LLP ("Dechert")** Counsel to the Official Committee of Unsecured Creditors | $35,919,350.00 | $724,999.27 | $36,644,349.27 | 5/26/2020 - 11/03/2022 |
| **Klestadt Winters Jureller Southard & Stevens, LLP ("Klestadt")** Conflicts Counsel to the Official Committee of the Official Committee of Unsecured Creditors | $442,294.00 | $2,229.49 | $444,523.49 | 5/26/2020 - 11/03/2022 |

## Schedule 2

**Distributions Made Pursuant to the Plan**

On or after the Effective Date, the following distributions were made to, or provided for, the various classes of Allowed Claims pursuant to the Plan and the Confirmation Order.

| Class | Treatment |
|---|---|
| Class 1: RCF Claims | On the Effective Date, each Holder of an Allowed Class 1 Claim shall receive in full satisfaction, settlement, discharge, and release of its Allowed Class 1 Claim a distribution pursuant to Class 1b Treatment described below, unless (x) such Holder elects Class 1a Treatment or (y) agrees to such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 1 Claim shall have agreed upon in writing.<br><br>*Class 1a Treatment*. If a Holder of an Allowed Class 1 Claim elects to receive Class 1a Treatment pursuant to the procedures set forth in the Disclosure Statement Supplemental Order, such Holder of such Allowed Class 1 Claim(s) shall receive (a) a distribution in Cash equal to the Allowed amount of such Claim(s) (solely to the extent not otherwise paid by the Debtors prior to the Effective Date) and (b) its Pro Rata share of the RCF Tranche A Exit Loans.<br><br>*Class 1b Treatment*. If a Holder of an Allowed Class 1 Claim elects to receive Class 1b Treatment pursuant to the procedures set forth in the Disclosure Statement Supplemental Order or does not make any election regarding Class 1a Treatment or Class 1b Treatment, such Holder of such Allowed Class 1 Claim(s) shall receive (a) a distribution in Cash equal to the amount of all interest, fees, costs, and expenses that have been Allowed on account of such Allowed Claim(s) (solely to the extent not otherwise paid by the Debtors prior to the Effective Date) and (b) its Pro Rata share of the RCF Tranche B Exit Loans. |
| Class 2: Spare Engine Facility Claims | On the Effective Date, each Holder of an Allowed Class 2 Claim shall receive in full satisfaction, settlement, discharge, and release of its Allowed Class 2 Claim (x) Cash equal to the amount of such Allowed Class 2 Claim in connection with the refinancing of the Spare Engine Facility Claims pursuant to the terms of the Revised Spare Engine Facility Agreement or (y) such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 2 Claim shall have agreed upon in writing. |
| Class 3: Other Secured Claims | Effective as of the later of (i) the Effective Date or (ii) the date such Class 3 Claim becomes Allowed or as soon as reasonably practicable thereafter, at the discretion of the Debtors or the Reorganized Debtors, (x) each Allowed Class 3 Claim shall be Reinstated (as amended and extended to the extent agreed to in writing by the Holder of such Allowed Class 3 |

| | |
|---|---|
| | Claim); (y) each Holder of an Allowed Class 3 Claim shall receive such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 3 Claim shall have agreed upon in writing; or (z) each Holder of an Allowed Class 3 Claim shall receive such other treatment such that the applicable Allowed Class 3 Claim will be rendered Unimpaired pursuant to section 1124 of the Bankruptcy Code. |
| Class 4: LATAM 2024/2026 Bond Claims Against LATAM Finance and LATAM Parent | Effective as of the later of (i) the Effective Date or (ii) the date such Class 4 Claim becomes Allowed or as soon as reasonably practicable thereafter, at the discretion of the Debtors or Reorganized Debtors, each Holder of an Allowed LATAM 2024 Bond Claim and LATAM 2026 Bond Claim shall receive, in full satisfaction, settlement, discharge and release of its Allowed Class 4 Claim, (x) a distribution in Cash of its Pro Rata share of the LATAM International Bond Claim Amount; (y) such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 4 Claim shall have agreed upon in writing or (z) such other treatment that the applicable Allowed Class 4 Claim will be rendered Unimpaired pursuant to section 1124 of the Bankruptcy Code. |
| Class 5: General Unsecured Claims Against LATAM Parent | On the Effective Date or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed General Unsecured Claim against LATAM Parent shall receive in full satisfaction, settlement, discharge and release of its Allowed Class 5 Claim a distribution pursuant to Class 5a Treatment described below, unless such Holder (excluding any Ineligible Holders) opts into Class 5b Treatment or Class 5c Treatment. For the avoidance of doubt, such election into Class 5b Treatment shall apply to all of such Holder's General Unsecured Allowed Claims against LATAM Parent, consistent with the provisions below. For the further avoidance of doubt, a Holder who elects into Class 5c Treatment is not required to elect into Class 5c all of such Holder's General Unsecured Allowed Claims against LATAM Parent.<br><br>*Class 5a Treatment*. Effective as of the Effective Date, on the Effective Date or as soon as reasonably practicable after the Effective Date, each Holder of Allowed General Unsecured Claims against LATAM Parent (excluding Participating Holders of General Unsecured Claims and Ineligible Holders) shall receive, in full satisfaction, settlement, discharge and release of its Allowed Class 5 Claim (x) (A) its Pro Rata share of New Convertible Notes Class A, subject to reduction by the subscription and purchase of New Convertible Notes Class A by Eligible Equity Holders during the New Convertible Notes Preemptive Rights Offering Period, (B) its Pro Rata share of the New Convertible Notes Class A Preemptive Rights Proceeds (if any) in an amount up to the Allowed Class 5a Treatment Cash Amount, (C) its Pro Rata share of the Total Allocation Amount, and (D) its Pro Rata share of the Total Allocation Amount Gross Up (if any); or (y) such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 5 Claim shall have agreed upon in writing. Each Holder of an Allowed General Unsecured Claim |

| | |
|---|---|
| | against LATAM Parent that is an Ineligible Holder shall receive, in lieu of the distribution in clause (x)(A) above, a distribution of Cash in respect of their Allowed Class 5 Claim equal to (A) their Pro Rata share of the Net Sale Proceeds in respect of the New Convertible Notes Class A such Ineligible Holder would be entitled to receive under the Plan if it were not an Ineligible Holder. No more than ninety (90) days after the Effective Date, New Convertible Notes Class A that would otherwise be distributed to Ineligible Holders will be sold by the Sales Agent in one or more block trades or otherwise in a manner intended to maximize the sale proceeds from such sale and such sale proceeds shall be distributed for Ineligible Holders Pro Rata as soon as practical thereafter. For the avoidance of doubt, any costs associated with the Sales Agent's sale of such Convertible Notes Class A as provided for herein shall be borne by the Reorganized Debtors.<br><br>*Class 5b Treatment*. Effective as of the Effective Date, on, or as soon as reasonably practicable after, the Initial Distribution Date, each Participating Holder of General Unsecured Claims (including New Convertible Notes Class C Unsecured Creditors and the New Convertible Notes Class C Backstop Parties) shall receive, in full satisfaction, settlement, discharge and release of its Allowed Class 5 Claim, (x) (A) its Pro Rata share of the GUC New Convertible Notes Class C Distribution, and (B) its Pro Rata share of the Total Allocation Amount; or (y) such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 5 Claim shall have agreed upon in writing, provided that in accordance with the Commitment Creditors Backstop Agreement, the New Convertible Notes Class C Backstop Parties shall also be allocated To the extent of any Allowed Class 5 Claims held by Participating Holders of General Unsecured Claims which have not been settled in connection with the GUC New Convertible Notes Class C Distribution or the Direct Allocation Amount (including with respect to the New Convertible Notes Class C backstop commitment) (the "Unused Allowed 5b Claims"), each such affected Holder shall receive in settlement of such Unused Allowed 5b Claims: (x) (1) its Pro Rata share of Convertible Notes Class A, (2) its Pro Rata share of New Convertible Notes Class A Preemptive Rights Proceeds up to the Allowed Class 5a Treatment Cash Amount, (3) its Pro Rata Share of the Total Allocation Amount and (4) such Holder's Pro Rata share of the Total Allocation Amount Unused Allowed 5b Claim Gross Up (if any), in each case to the extent of any of its Unused Allowed 5b Claims; or (y) such other less favorable treatment as to which the Debtors and the Holder of such Unused Allowed 5b Claim shall have agreed upon in writing. For the avoidance of doubt, the treatment of such Unused Allowed 5b Claims shall be on the same terms and Conversion Ratio applicable to Holders of General Unsecured Claims who do not elect Class 5b or 5c Treatment. |

| | |
|---|---|
| | For the avoidance of doubt, no Ineligible Holder shall be able to become a Participating Holder of a General Unsecured Claim.<br><br>*Class 5c Treatment*. Effective as of the Effective Date, on, or as soon as reasonably practicable after, the Initial Distribution Date, each New Local Notes Unsecured Creditor (and, in the case of New Local Notes Unsecured Creditors who are Holders of Local Bonds, Holders of Eligible Local Bonds) shall receive, in full satisfaction, settlement, discharge and release of its Allowed Class 5 Claim (x) its Pro Rata share of the New Local Notes or (y) such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 5 Claim shall have agreed upon in writing.<br><br>To the extent of any Allowed Class 5 Claims held by New Local Notes Unsecured Creditors which have not been settled in connection with the distribution of the New Local Notes (the "Unused Allowed 5c Claims"), each such affected Holder shall receive in settlement of such Unused Allowed 5c Claims: (x) (1) its Pro Rata share of Convertible Notes Class A, (2) its Pro Rata share of New Convertible Notes Class A Preemptive Rights Proceeds up to the Allowed Class 5a Treatment Cash Amount, (3) its Pro Rata share of the Total Allocation Amount, and (4) its Pro Rata share of the Total Allocation Amount Gross Up (if any), in each case to the extent of any of its Unused Allowed 5c Claims; or (y) such other less favorable treatment as to which the Debtors and the Holder of such Unused Allowed 5c Clam shall have agreed upon in writing. For the avoidance of doubt, the treatment of such Unused Allowed 5c Claims shall be on the same terms and Conversion Ratio applicable to Holders of General Unsecured Claims who do not elect Class 5b or 5c Treatment. For the avoidance of doubt, no Ineligible Holder shall be able to become a New Local Notes Unsecured Creditor.<br><br>For the avoidance of doubt, (i) each Allowed General Unsecured Claim against LATAM Parent receiving Class 5a Treatment under the Plan (and Unused Allowed Class 5c Claims) shall receive a Pro Rata share of the Total Allocation Amount Gross Up in the event such Claim's Pro Rata share of the Total Allocation Amount is less than 4.875% of the face amount of such Allowed Claim and (ii) each Unused Allowed Class 5b Claims shall receive a Pro Rata share of the Total Allocation Amount Unused Allowed 5b Claim Gross Up in the event such Claim's Pro Rata share of the Total Allocation Amount is less than 2.4375% of the face amount of such Unused Allowed 5b Claim.<br><br>For the avoidance of doubt, the IRS will be deemed to be an Ineligible Holder and accordingly, any Allowed Class 5 Claims held by the IRS shall be paid in Cash in accordance with the procedures for distributions to Ineligible Holders provided for in the Plan. |

| | |
|---|---|
| Class 6: General Unsecured Claims Against Debtors Other Than LATAM Parent, Piquero Leasing Limited and LATAM Finance | On the Effective Date or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed General Unsecured Claim against a Debtor other than LATAM Parent, Piquero Leasing Limited or LATAM Finance shall receive, in full satisfaction, settlement, discharge and release of its Allowed Class 6 Claim, (x) Cash equal to the amount of such Allowed Class 6 Claim; (y) such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 6 Claim shall have agreed upon in writing or (z) such other treatment such that the applicable Allowed Class 6 Claim will be rendered Unimpaired pursuant to section 1124 of the Bankruptcy Code. |
| Class 7: General Unsecured Claim Against Piquero | On the Effective Date or as soon as reasonably practicable after the Effective Date, the Holder of the Allowed General Unsecured Claim against Piquero shall receive, in full satisfaction, settlement, discharge and release of such Claim, (x) the Piquero Consideration or (y) such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 7 Claim shall have agreed upon in writing. |
| Class 8: Litigation Claims Against All Debtors | On the Effective Date or as soon as reasonably practicable after the Effective Date, (i) each Allowed Class 8 Claim shall be Reinstated and paid in the ordinary course if and when finally resolved under applicable local law or (ii) each Holder of an Allowed Class 8 Claim shall receive such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 8 Claim shall have agreed upon in writing. For the avoidance of doubt, the Reinstatement of Allowed Class 8 Claims shall be without prejudice to the rights, claims and defenses of the Debtors and/or Reorganized Debtors pursuant to all applicable non-bankruptcy law. |
| Class 9: Intercompany Claims | On the Effective Date or, if a Class 9 Claim is subsequently Allowed, then the date such Class 9 Claim becomes Allowed or as soon as reasonably practicable thereafter, each Allowed Class 9 Claim shall be Reinstated. |
| Class 10: Existing Equity Interests in LATAM Parent | Existing Equity Interests in LATAM Parent shall be retained and reinstated subject to the dilution referred to below. No distribution shall be made under the Plan in respect of Existing Equity Interests in LATAM Parent. On the Effective Date, Holders of Existing Equity Interests in LATAM Parent shall be substantially diluted by the issuance of ERO New Common Stock and the New Convertible Notes Back-Up Shares pursuant to the Plan, including upon any conversion of the New Convertible Notes into equity, such that they hold no more than 0.1% of the common stock in LATAM Parent in respect of such interests. |
| Class 11: Equity Interests in Debtors Other Than LATAM Parent | On the Effective Date, (i) Equity Interests in Debtors other than LATAM Parent shall be preserved and Reinstated so as to maintain the organizational structure of the Debtors as such structure exists on the Effective Date or (ii) each Holder of an Allowed Class 11 Claim shall receive such other less favorable treatment as to which the Debtors and the Holder of such Allowed Class 11 Interest shall have agreed upon in writing. |